| | REPORTING OFFICER NARRATIVE | OCA |
|---|---|---|
| Windsor Police Department | | 2020-00188 |
| Victim | Offense | Date / Time Reported |
| Society | OBSTRUCTING JUSTICE WITH THREATS / | Sat 12/05/2020 18:45 |

THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

On December 5, 2020 at 1834 hours, in my marked patrol vehicle, I attempted a traffic stop utilizing blue lights and sirens on a Black Chevrolet SUV with dark tinted windows with no licenses plate displayed in the 11400 block of Windsor Blvd. The vehicle continued to travel westbound on E. Windsor Blvd, at a low rate of speed in the outside lane, blue lights and sirens were still activated. The driver willfully and wanton diregarded my patrol vehicle`s blue lights and sirens and continued to travel westbound on Route 460. I was unable to see inside of the vehicle due to the window tint on all the windows. Officer Gutierrez came up EB and turned around and followed behind me with his blue lights and sirens activated. The vehicle made a lane change in the 12 block of E. Windsor Blvd. The vehicle finally came to stop at 1 E. Windsor Blvd. A high risk traffic stop was conducted at 1 E. Windsor Blvd due to the driver eluding police, the dark window tint which did not allow officers to see inside, and no licenses plates displayed on the vehicle. When the vehicle came to a stop, the driver side window was still up. I gave commands to roll the window down at which time the driver did. The driver was given several commands to put his hands outside the window and he would not comply, however he did put his elbow out the window. The driver eventually put his hands outside the window however they were closely together. The driver then told myself he was the only occupant inside the vehicle when asked. The driver was given several command to open the door and step out of the vehicle and the driver failed to comply. Upon approach of the vehicle, Officer Gutierrez transitioned to his taser and I held cover. The driver was still failing to comply to get out of the vehicle. The driver stated he had not comitted any crime and he did not have to get out of the vehicle on a traffic stop. The driver had his hands outside of the vehicle, and Officer Gutierrez put his taser away and grabbed his arm, at which time I holstered my service weapon. The driver was actively resisting. When I attempted to unlock and open the driver`s door, the driver assaulted myself, by striking my hand away and pulled away from Officer Gutierrez`s grip. At this time, Officer Gutierrez advised myself to step back. Officer Gutierrez gave several more commands to comply with orders or he would by sprayed with his OC spray. The driver rufused to comply with orders, therefore, Officer Gutierrez deployed his OC spray. The driver was given several more commands to take his seatbelt off and get out the vehicle. The driver did not and only kept his hands in the air. Officer Gutierrez unlocked and opened the door. At this time, I requested medics to respond to assess the driver. The driver then unbuckled his seatbelt, and was instructed to get out of the car and lay on the ground. The driver was told to get on the ground several times and refused to do so, at which time, Officer Gutierrez attempted to take control and assist the driver to the ground. In attempt to get the driver on the ground, the driver was actively resisting, Officer Gutierrez delivered knee strikes to try to gain compliance. The driver went down on one knee however would not lay flat. Officer Gutierrez had control of the driver`s right arm and I took control of the left. At which time I was able to place one handcuff on the drivers left wrist. The driver was given several commands to lay down on the ground and he was actively resisting laying all the way down. The driver knowingly continued to obstruct the orders given to him by Officer Gutierrez and I, while we were acting in the performance of our duties and failed to cease the act of disobeying all orders. Eventually we were able to get the driver on the ground and was able to place the other handcuff on his right wrist. At which time the driver was detained. The driver was immediately rolled over and sat up, then assisted him in standing. The driver stated there was a weapon in the vehicle. The driver requested we roll his windows down due his dog in the back of the car at which time I did. He also requested water, therefore I went in the gas station and got a cup of water for him. Medics arrived and assessed the driver. A towel was provided by EMS to wipe the drivers face and I coached him on how to overcome the reaction from the oleorsin capsicum spray. The driver stated he did not comply because he was uncomfortable with it being dark in the area. At this time, I had dispatch notify the Lieutenant of the situation. The driver was coached more how to overcome the spray by EMS and myself. The driver requested his hands be readjusted in the handcuffs, and I uncuffed his left hand to make the readjustment. The driver told us his identification cards were in his pocket on his left sleeve, at which time Officer Gutierrez retrieved his military identification card and his Virginia operator licenses. I went back to my police car and ran his VA operator licenses through DMV and NCIC and was identified as CARON NAZARIO. NAZARIO came back licensed in VA and had

| REPORTING OFFICER NARRATIVE | | OCA |
|---|---|---|
| *Windsor Police Department* | | *2020-00188* |
| Victim | Offense | Date / Time Reported |
| *Society* | *OBSTRUCTING JUSTICE WITH THREATS /* | *Sat 12/05/2020 18:45* |

THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

a valid concealed handgun permit. After I ran his licenses, upon approaching the vehicle, I noticed the temporary NY licenses plate in the rear windshield, taped in the upper right side of the vehicle glass. NAZARIO stated he had a handgun "right there" while he was looking in the direction of his vehicle. I went over to the vehicle and recovered the OD green with black slide 9mm handgun out the center console in the area of the driver's right leg. The handgun was out of plain view from common observation. The handgun was made safe, and the serial number ▮▮▮▮▮▮ was given to dispatch to check NCIC for stolen. The handgun came back no record. The handgun was then placed back in the driver's seat in the safe position with the slide locked back and the magazine removed. NAZARIO denied any chest pain or shortness of breath. NAZARIO then requested I check on his dog at which time I did and opened the trunk and the dog seemed to be in good condition. NAZARIO stated he did not comply due to looking out of the window and saw guns drawn. At this time, Chief Riddle arrived on scene off duty and he was briefed on the incident. NAZARIO stated he no longer required any further assistance from EMS and they cleared. NAZARIO was explained in detail the circumstances and he stated he understood what we were thinking. NAZARIO was explained the two options on how we could proceed. NAZARIO was explained that he could be charged with improper display of license plates, obstruction of justice with force, misdemeanor elude, assault on a law enforcement officer or we could not charge him due to him be active duty military, a Lieutenant up for promotion, and the fact of the military could also discipline NAZARIO for the incident. I did not want to see NAZARIO's career be ruined by poor judgement. NAZARIO chose not be charged. NAZARIO was uncuffed. Officer Gutierrez and I stayed with NAZARIO and continue to offer support and coaching until all symptoms of the OC spray had dissipated and he had his vision back. I got NAZARIO a bottle of water and then cleaned his glasses off that he uses for night time driving. NAZARIO had his vision back and could read signs at distance and then he got back in his vehicle and left 1 E. Windsor Blvd traveling WB on route 460.