UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| CARON NAZARIO, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Civil Action No. 2:21-cv-00169 |
| ) | |
| JOE GUTIERREZ, ) | JURY DEMANDED BY |
| *In his personal capacity* ) | PLAINTIFF |
| ) | |
| and ) | |
| ) | |
| DANIEL CROCKER, ) | |
| *In his personal capacity*, ) | |
| ) | |
| *Defendants*. ) | |
| ) | |

**DEFENDANT JOE GUTIERREZ'S MEMORANDUM OF LAW IN SUPPORT OF PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT REGARDING CLAIM FOR FIRST AMENDMENT VIOLATION**

Now Comes Defendant Joe Gutierrez, by counsel, and states as follows in support of his Partial Motion to Dismiss Plaintiff's Complaint Regarding Claim for First Amendment Violation:

**I.   INTRODUCTION AND FACTUAL BACKGROUND**

This case involves claims by Plaintiff Caron Nazario ("Plaintiff" or "Nazario") against Defendants Joe Gutierrez (individually as "Defendant" or "Gutierrez") and Daniel Crocker (individually as "Crocker") (together as "Defendants"), both of whom were uniformed police officers employed by the Town of Windsor, Virginia at all times relevant to the Complaint. Nazario alleges various Constitutional and state law violations which he claims the Defendants committed during a December 5, 2020 traffic stop.

However, Nazario fails to state a claim upon which relief can be granted as to his claim for First Amendment Violation as he fails to assert facts to support his allegation that Defendants' conduct in any way discouraged or affected Plaintiff from engaging in an activity protected by the First Amendment, nor is there any reasonable allegation that Defendants' normal and routine conduct of completing reports that summarized their encounter with Plaintiff from the perspective of law enforcement resulted in the levying of criminal charges against him.

Normally, the determination as to whether Defendants' actions adversely affected Plaintiff's First Amendment rights is an objective one, in which a jury should determine whether a similarly situated person of ordinary firmness would reasonably be chilled by Defendants' conduct. *Balt. Sun Co. v. Ehrlich*, 437 F.3d 410, 416 (4th Cir. 2006). However, as is explained in more detail below, Defendants' conduct did not result in any such injury to even put before a jury for analysis, as Plaintiff was not arrested, cited, nor charged with any crime. Accordingly, due to the absence of any such facts to consider, Defendant respectfully requests that this Court grant his Partial Motion to Dismiss Plaintiff's Complaint Regarding Claim for First Amendment Violation.

## II.  STANDARD OF REVIEW – MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that in response to a pleading a defense of "failure to state a claim upon which relief can be granted" may be raised by motion. In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the factual allegations in the complaint are presumed to be true, all reasonable inferences are made in favor of the non-moving party, and a count should be dismissed only if it appears beyond a reasonable doubt that recovery would be impossible under any set of facts which could be proven. *Republican Party v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992). However, a plaintiff's unsupported conclusions and unwarranted inferences do not fall within this realm of consideration. *Jenkins v.*

*McKeithen*, 395 U.S. 411, 421, 89 S. Ct. 1843, 23 L. Ed. 2d 404 (1969). Further, while the court can liberally construe Plaintiff's complaint, it cannot supply essential elements or facts that were not initially plead. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

### III. ARGUMENT

    **a.** **Count IV (Violation of the First Amendment) Fails To State a Claim Upon Which Relief Can Be Granted Because (1) Plaintiff Does Not Allege Facts To Demonstrate That He Suffered An Injury That Adversely Affected His Decision to Engage in Protected Activity, And (2) Defendants' Post-Encounter Documentation Did Not Result In The Initiation of Criminal Proceedings.**

A First Amendment retaliation claim under Section 1983 consists of three elements: (1) the plaintiff engaged in constitutionally protected First Amendment activity such as speech, (2) the defendants' action caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in the protected activity, and (3) there was a causal relationship between the plaintiff's protected activity and the defendants' conduct." *Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 686 (4th Cir. 2000); See also, *Keenan v. Tejeda*, 290 F.3d 252, 258 (5th Cir. 2002). However, when the claimed retaliation for protected conduct is a criminal charge where the defendants are 'nonprosecutors', such as in the present matter, then the plaintiff must prove that the causal relationship required for the third element is actually "a chain of causation" that links the defendants' actions with the initiation of criminal proceedings. *Hartman v. Moore*, 547 U.S. 250, 262, 126 S. Ct. 1695 (2006), citing *Barts* v. *Joyner*, 865 F.2d 1187, 1195 (CA11 1989). "Thus, the causal connection required here is not merely between the retaliatory animus of one person and that person's own injurious action, but between the retaliatory animus of one person and the action of another. *Id*, 262-263.

As to the first element, it is widely accepted that a citizen's right to "petition the Government for a redress of grievances" is protected activity under the First Amendment. *Borough of Duryea v. Guarnieri*, 564 U.S. 379, 382 (2011). Defendant makes no argument to the contrary, and, as Plaintiff alleged, Defendant Gutierrez stated as much to Nazario during their encounter. *See* Plaintiff's Complaint, ¶ 56. However, Plaintiff fails to assert facts to support the second element as there is no allegation that Defendants' conduct resulted in any injury that could have discouraged or affected Plaintiff from engaging in the protected activity. *Id.*, ¶¶ 97-104. Plaintiff fails to assert facts to support the third element as there is no reasonable allegation to demonstrate a "chain of causation" linking the allegedly retaliatory animus of Defendants and the initiation of criminal proceedings against Plaintiff. *Id*. As such, Defendants' conduct should not be mischaracterized as retaliatory conduct sufficient to support a First Amendment violation, and Defendant respectfully requests that this Court grant his Partial Motion to Dismiss Plaintiff's Claim for First Amendment Violation.

> **1)** **Defendants' Actions by Declining to Charge Plaintiff With a Crime and Completing Routine Post-Encounter Documentation Did Not Result in an Injury That Adversely Affected Plaintiff's Decision to Engage in Protected Activity.**

The second element Plaintiff must establish is that Defendants' actions caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in the protected activity. *Suarez*, 686. However, "[n]ot every restriction is sufficient to chill the exercise of First Amendment rights, nor is every restriction actionable, even if retaliatory." *Id*, 685. "Rather, a § 1983 retaliation plaintiff must demonstrate that the defendant's actions had some adverse impact on the exercise of the plaintiff's constitutional rights." *Id*.

4

Naturally, for a defendant to be held liable for retaliating against a plaintiff for engaging in protected behavior, such retaliatory action must first have occurred for any injury whatsoever to have resulted from it. However, even Plaintiff concedes that Defendants took no adverse action that he was aware of as he was not arrested or cited at the time of the incident, nor did the content of any police reports prepared by Defendants, of which Plaintiff had no knowledge of, result in any subsequent prosecution. *See* Plaintiff's Complaint, ¶¶ 58-63; 97-104. Defendants' decision to decline to charge Plaintiff with any crime following their encounter on December 5, 2020, and subsequent completion of the normally required police reports to document the events of the evening, were completely legal and appropriate behaviors that did not result in the levying of any criminal charges. Plaintiff therefore presents no facts to support that he suffered any injury that would 'chill' or dissuade him from engaging in protected activity. *Id*. At best, Plaintiff attempts to satisfy this element by arguing that Defendants' completion of routine documents constitutes evidence of a concerted effort to commence an alleged retaliatory investigation, of which he had no knowledge of. *Id*. In sum, no retaliatory action existed that Plaintiff was aware of that could have possibly intimidated, swayed, or discouraged him from engaging in his protected conduct. Therefore, the facts alleged by Plaintiff are insufficient to justify the required element that Defendants' actions had an adverse effect upon his right to Free Speech, and his filing of the instant action is only further proof of that.

### 2) Defendants' Actions by Completing Routine Post-Encounter Documentation Was Not Causally Related to Plaintiff's Protected Activity Nor Did it Result in the Initiation of Criminal Proceedings.

As to the third element, Plaintiff presents no facts or allegations to demonstrate a "chain of causation" linking the allegedly retaliatory animus of Defendants and the initiation of criminal proceedings against him. *Hartman,* 262-263 (citing *Barts* v. *Joyner*, 865 F.2d 1187, 1195 (CA11

1989)); *Also see*, *Colson v. Grohman*, 174 F.3d 498, 512 (5th Cir. 1999).  Although "[i]t may be dishonorable to act with an unconstitutional motive and perhaps in some instances be unlawful, but action colored by some degree of bad motive does not amount to a constitutional tort if that action would have been taken anyway." *Id* at 262.  Despite the allegations of retaliatory animus of an investigator or law enforcement officer, such documents produced by nonprosecutors by themselves are insufficient to establish an injury in the absence of resulting criminal prosecution or arrest.  *Trueman v. United States*, No. 7:12-CV-73-F, 2015 U.S. Dist. LEXIS 40380 (E.D.N.C. Mar. 30, 2015).  Simply put, the absence of any arrest or levying of criminal charges would seem to make Plaintiff's establishment of the required causal link impossible.  *Hartman*, 262-263.

In *Trueman*, the *pro se* plaintiff based his First Amendment retaliation claim on an alleged pending criminal investigation involving the Office of the Inspector General for Veterans Affairs.  *Id*.  Specifically, "Trueman allege[d] that [defendant] informed him that he had committed fraud by filing for an Improved Pension in 2005 and that an indictment was coming Trueman's way because he plays baseball once or twice a week."  *Id.*  Because there had been no adverse action taken against Trueman apart from the suggestion of an investigation, the district court found that he had failed to state a First Amendment retaliation claim.  *Id.*  At most, the plaintiff could allege that the defendant conducted a retaliatory investigation against him, which falls short of influencing the prosecutorial decision of yet another party to actually initiate criminal charges.  *Id.*; *See also*, *Hartman v. Moore*, 547 U.S. 250, 262, 126 S. Ct. 1695 (2006).

Similar to *Trueman*, Plaintiff's allegations support, albeit barely, that he believes that he suffered the beginnings of a mere retaliatory investigation.  *See* Plaintiff's Complaint, ¶¶ 58-63; 97-104.  Although the completion of routine and required police incident reports would seem more in line with actually closing such an inquiry, especially given that they resulted in no further

investigation or charges, Plaintiff attempts to paint these acts as evidence of retaliatory behavior. *Id*. Because these documents did not result in the initiation of criminal proceedings against Plaintiff, it is therefore impossible for him to allege any facts to establish the necessary "chain of causation" linking the allegedly retaliatory animus of Defendants to any purported injury. *Hartman* at 262 (citing *Barts* v. *Joyner*, 865 F.2d 1187, 1195 (CA11 1989)).

In summary, even if Plaintiff were to successfully convince a jury that the Defendants' actions by failing to document their encounter on December 5, 2020 in a manner that reflected Mr. Nazario's opinions and perspective rather than their own, he cannot establish any evidence of retaliatory action by Defendants as he was not arrested nor later charged with any crime whatsoever. Plaintiff therefore fails to assert facts to support the third element of his First Amendment Violation claim as there is no allegation supporting a causal link between Defendants' conduct and the initiation of criminal proceedings, as no charges were ever brought relating to the encounter.

### III.   **CONCLUSION**

Wherefore, for the reasons set forth in this motion and memorandum of law, Defendant Daniel Joe Gutierrez respectfully moves this Court to GRANT his Partial Motion to Dismiss Plaintiff's Complaint Regarding Claim for First Amendment Violation.

Respectfully submitted this 14th day of May, 2021.

**JOE GUTIERREZ**

**By:** /s/ John B. Mumford, Jr.
**Counsel**

John B. Mumford, Jr. (VSB No. 38764)
Coreen A. Silverman (VSB No. 43873)
HANCOCK DANIEL & JOHNSON, P.C.
4701 Cox Road, Suite 400

Glen Allen, Virginia  23060
Tel:  (804) 967-9604
Fax: (804) 967-9888
jmumford@hancockdaniel.com
csilverman@hancockdaniel.com
*Counsel for Defendant Joe Gutierrez*

Case 2:21-cv-00169-RCY-LRL   Document 16   Filed 05/14/21   Page 8 of 9 PageID# 109

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that the foregoing was filed with the Court's CM/ECF system, which caused a Notice of Electronic Filing to be emailed to the following:

    Jonathan M. Arthur (VSB No. 86323)
    Thomas H. Roberts (VSB No. 26014)
    Andrew T. Bodoh (VSB No. 80143)
    THOMAS H. ROBERTS & ASSOCIATES, PC
    105 South First Street
    Richmond, Virginia  23219
    Tel: (804) 783-2000
    Fax: (804) 783-2105
    j.arthur@robertslaw.org
    tom.roberts@robertslaw.org
    andrew.bodoh@robertslaw.org
    *Counsel for Plaintiff*

    Robert L. Samuel, Jr. (VSB No. 18605)
    Richard H. Matthews (VSB No. 16318)
    Anne C. Lahren (VSB No. 73125)
    Bryan S. Peeples (VSB No. 93709)
    PENDER & COWARD
    222 Central Park Avenue, Suite 400
    Virginia Beach, Virginia  23462
    Tel: (757) 490-6293
    Fax: (757) 502-7370
    rsamuel@pendercoward.com
    rmatthew@pendercoward.com
    alahren@pendercoward.com
    bpeeples@pendercoward.com
    *Counsel for Defendant Daniel Crocker*

      This the 14th day of May, 2021.

                        /s/ John B. Mumford, Jr.
                        John B. Mumford, Jr. (VSB No. 38764)
                        Coreen A. Silverman (VSB No. 43873)
                        HANCOCK DANIEL & JOHNSON, P.C.
                        4701 Cox Road, Suite 400
                        Glen Allen, Virginia  23060
                        Tel:  (804) 967-9604
                        Fax: (804) 967-9888
                        jmumford@hancockdaniel.com
                        csilverman@hancockdaniel.com
                        *Counsel for Defendant Joe Gutierrez*