UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| CARON NAZARIO,<br><br>*Plaintiff*,<br><br>v.<br><br>JOE GUTIERREZ,<br>*In his personal capacity*<br><br>and<br><br>DANIEL CROCKER,<br>*In his personal capacity*,<br><br>*Defendants*. | Civil Action No. 2:21-cv-00169<br><br>JURY DEMANDED BY PLAINTIFF |

### DEFENDANT JOE GUTIERREZ'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant Joe Gutierrez ("This Defendant" or "Officer Gutierrez"), by counsel, and states as follows in his Answer and Affirmative Defenses to the Complaint filed by Plaintiff Caron Nazario against Defendant and Daniel Crocker ("Co-Defendant"):

### INTRODUCTION

1. Denied.

2. To the extent the factual allegations contained in paragraph 2 of the Complaint pertain to Officer Gutierrez, he admits only that he was a Windsor police officer when he interacted with the Plaintiff and the vehicle that was involved in the traffic stop was a Chevy Tahoe, and it did not have a license plate that was visible to him. This Defendant denies having knowledge of the remaining allegations at the time of the initiation of the stop, as alleged in paragraph 2. To the extent the allegations contained in paragraph 2 pertain to another defendant for whose conduct this

Defendant is not legally responsible, no response is required from him. This Defendant denies all allegation of paragraph 2 not specifically admitted above.

3. Denied.

4. To the extent the allegations contained in paragraph 4 of the Complaint are entirely consistent with the recordings, they are admitted. All inconsistencies, including ownership of the cellphone used to record the encounter, are denied.

5. Denied.

6. Denied.

## VENUE AND JURISDICTION

7. Paragraph 7 states a legal conclusion as to which not response is required. To the extent any response is required, this Defendant denies the allegations of paragraph 7.

8. Paragraph 8 states a legal conclusion as to which not response is required. To the extent any response is required, this Defendant denies the allegations of paragraph 8.

## PARTIES

9. Upon information and belief, this Defendant admits only that Plaintiff is a resident of Virginia as alleged in paragraph 9 of the Complaint. This Defendant lacks sufficient facts and information to form a belief as to the truth of the remaining allegations contained in paragraph 9 and cannot admit or deny them.

10. The allegations contained in paragraph 10 of the Complaint are admitted.

11. The allegations contained in paragraph 11 of the Complaint pertain to another defendant for whose conduct this Defendant is not legally responsible. As such, no response is required from him.

12. The statement contained in paragraph 12 of the Complaint is a conclusion of law, to which no response is required from this Defendant. To the extent any response is required, this Defendant denies the allegations of paragraph 12.

## FACTS

13. The allegations of paragraph 13 seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this defendant denies the allegations of paragraph 13 to the extent they misstate or mischaracterize the contents of such video recordings. With respect to the allegations regarding the newness of the vehicle to Lt. Nazario, and the timing of his receiving plates from DMV, this defendant lacks sufficient knowledge to form a belief as to the truth of the allegations contained in said paragraph and therefore denies the same. This defendant denies all allegations of paragraph 13 not specifically admitted above.

14. The allegations of paragraph 14 seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this defendant denies the allegations of paragraph 14 to the extent they misstate or mischaracterize the contents of such video recordings. This defendant denies all allegations of paragraph 14 not specifically admitted above.

15. The allegations of paragraph 15 seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this defendant denies the allegations of paragraph 15 to the extent they misstate or mischaracterize the contents of such video recordings. This defendant denies all allegations of paragraph 15 not specifically admitted above.

16. The allegations of paragraph 16 seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this defendant denies the allegations of paragraph 16 to the extent they misstate or mischaracterize the contents of such video recordings. With respect to the allegations of paragraph 16 regarding Lt. Nazario's state of mind, this defendant lacks sufficient knowledge to form a belief as to the truth of these allegations and therefore denies the same. This defendant denies all allegations of paragraph 16 not specifically admitted above.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. The allegations of paragraph 23 seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this defendant denies the allegations of paragraph 23 to the extent they misstate or mischaracterize the contents of such video recordings. This defendant denies all allegations of paragraph 23 not specifically admitted above.

24. The allegations of paragraph 24 seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this defendant denies the allegations of paragraph 24 to the extent they misstate or mischaracterize the contents of such video recordings. This defendant denies all allegations of paragraph 24 not specifically admitted above.

25. The allegations of paragraph 25 seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this defendant denies the allegations of paragraph 25 to the extent they misstate or mischaracterize the contents of such video recordings. This defendant denies all allegations of paragraph 25 not specifically admitted above.

26. The allegations of paragraph 26 seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this defendant denies the allegations of paragraph 26 to the extent they misstate or mischaracterize the contents of such video recordings. This defendant denies all allegations of paragraph 26 not specifically admitted above.

27. The allegations of paragraph 27 seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this defendant denies the allegations of paragraph 27 to the extent they misstate or mischaracterize the contents of such video recordings. With respect to the allegations of paragraph 27 regarding Lt. Nazario's state of mind, this defendant lacks sufficient knowledge to form a belief as to the truth of these allegations and therefore denies the same. This defendant denies all allegations of paragraph 27 not specifically admitted above.

28. The allegations of paragraph 28 seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this defendant denies the allegations of paragraph 28 to the extent they misstate or mischaracterize the contents of such video recordings. This defendant denies all allegations of paragraph 28 not specifically admitted above.

29. Denied.

30. The allegations of paragraph 30 seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this defendant denies the allegations of paragraph 30 to the extent they misstate or mischaracterize the contents of such video recordings. This defendant denies all allegations of paragraph 30 not specifically admitted above.

31. The allegations of paragraph 31 seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this defendant denies the allegations of paragraph 31 to the extent they misstate or mischaracterize the contents of such video recordings. This defendant denies all allegations of paragraph 31 not specifically admitted above.

32. The allegations of paragraph 32 seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this defendant denies the allegations of paragraph 32 to the extent they misstate or mischaracterize the contents of such video recordings. This defendant denies all allegations of paragraph 32 not specifically admitted above.

33. The allegations of paragraph 33 seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this defendant denies the allegations of paragraph 33 to the extent they misstate or mischaracterize the contents of such video recordings. This defendant denies all allegations of paragraph 33 not specifically admitted above.

34. The allegations of paragraph 34 seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this defendant denies the allegations of paragraph 34

to the extent they misstate or mischaracterize the contents of such video recordings. This defendant denies all allegations of paragraph 34 not specifically admitted above.

35. The allegations of paragraph 35 seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this defendant denies the allegations of paragraph 35 to the extent they misstate or mischaracterize the contents of such video recordings. This defendant denies all allegations of paragraph 35 not specifically admitted above.

36. The allegations of paragraph 36 seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this defendant denies the allegations of paragraph 36 to the extent they misstate or mischaracterize the contents of such video recordings. This defendant denies all allegations of paragraph 36 not specifically admitted above.

37. The allegations of paragraph 37 seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this defendant denies the allegations of paragraph 37 to the extent they misstate or mischaracterize the contents of such video recordings. This defendant denies all allegations of paragraph 37 not specifically admitted above.

38. The allegations of paragraph 38 seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this defendant denies the allegations of paragraph 38 to the extent they misstate or mischaracterize the contents of such video recordings. This defendant denies all allegations of paragraph 38 not specifically admitted above.

39. The allegations of paragraph 39 seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this defendant denies the allegations of paragraph 39 to the extent they misstate or mischaracterize the contents of such video recordings. This defendant denies all allegations of paragraph 39 not specifically admitted above.

40. The allegations of paragraph 40 seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this defendant denies the allegations of paragraph 40 to the extent they misstate or mischaracterize the contents of such video recordings. This defendant denies all allegations of paragraph 40 not specifically admitted above.

41. The allegations of paragraph 41 seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this defendant denies the allegations of paragraph 41 to the extent they misstate or mischaracterize the contents of such video recordings. This defendant denies all allegations of paragraph 41 not specifically admitted above.

42. The allegations of paragraph 42 seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this defendant denies the allegations of paragraph 42 to the extent they misstate or mischaracterize the contents of such video recordings. This defendant denies all allegations of paragraph 42 not specifically admitted above.

43. The allegations of paragraph 43 seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this defendant denies the allegations of paragraph 43

to the extent they misstate or mischaracterize the contents of such video recordings. With respect to the allegations of paragraph 43 regarding Lt. Nazario's state of mind, this defendant lacks sufficient knowledge to form a belief as to the truth of these allegations and therefore denies the same. This defendant denies all allegations of paragraph 43 not specifically admitted above.

44. The allegations of paragraph 44 seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this defendant denies the allegations of paragraph 44 to the extent they misstate or mischaracterize the contents of such video recordings. This defendant denies all allegations of paragraph 44 not specifically admitted above.

45. The allegations of paragraph 45 seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this defendant denies the allegations of paragraph 45 to the extent they misstate or mischaracterize the contents of such video recordings. This defendant denies all allegations of paragraph 45 not specifically admitted above.

46. Denied.

47. The allegations of paragraph 47 seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this defendant denies the allegations of paragraph 47 to the extent they misstate or mischaracterize the contents of such video recordings. This defendant denies all allegations of paragraph 47 not specifically admitted above.

48. The allegations of paragraph 48 seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this defendant denies the allegations of paragraph 48

to the extent they misstate or mischaracterize the contents of such video recordings. This defendant denies all allegations of paragraph 48 not specifically admitted above.

49. The allegations of paragraph 49 seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this defendant denies the allegations of paragraph 49 to the extent they misstate or mischaracterize the contents of such video recordings. This defendant denies all allegations of paragraph 49 not specifically admitted above.

50. The allegations of paragraph 50 seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this defendant denies the allegations of paragraph 50 to the extent they misstate or mischaracterize the contents of such video recordings. This defendant denies all allegations of paragraph 50 not specifically admitted above.

51. Denied.

52. The allegations of paragraph 52 seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this defendant denies the allegations of paragraph 52 to the extent they misstate or mischaracterize the contents of such video recordings. This defendant denies all allegations of paragraph 52 not specifically admitted above.

53. The allegations of paragraph 53 seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this defendant denies the allegations of paragraph 53 to the extent they misstate or mischaracterize the contents of such video recordings. This defendant denies all allegations of paragraph 53 not specifically admitted above.

54. Denied.

55. The allegations of paragraph 55 seek to recount and recite events and statements that are visible and audible from video recordings of the incident at issue in this action. These video recordings speak for themselves, and this defendant denies the allegations of paragraph 55 to the extent they misstate or mischaracterize the contents of such video recordings. This defendant denies all allegations of paragraph 55 not specifically admitted above.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

### DAMAGES

64. Denied.

### COUNT I - VIOLATION OF THE FOURTH AMENDMENT - UNREASONABLE SEIZURE

65. This Defendant incorporates by reference the Answers contained in paragraphs 1 through 64 of this Answer as though set forth fully herein in response to paragraph 65 of the Complaint.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

**COUNT II - VIOLATION OF THE FOURTH AMENDMENT – EXCESSIVE FORCE**

73. This Defendant incorporates by reference the Answers contained in paragraphs 1 through 72 of this Answer as though set forth fully herein in response to paragraph 73 of the Complaint.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

## COUNT III - VIOLATION OF THE FOURTH AMENDMENT (ILLEGAL SEARCH)

87. This Defendant incorporates by reference the Answers contained in paragraphs 1 through 86 of this Answer as though set forth fully herein in response to paragraph 87 of the Complaint.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

## COUNT IV - VIOLATION OF THE FIRST AMENDMENT

97. This Defendant expressly incorporates the facts and legal arguments set out in Defendant Joe Gutierrez's Memorandum of Law in Support of Partial Motion to Dismiss Plaintiff's Complaint Regarding Claim for First Amendment Violation and does not waive the arguments and defenses presented therein by virtue of the following responses contained in paragraphs 97 through 104 of this Answer. This Defendant further incorporates by reference the Answers contained in paragraphs 1 through 96 of this Answer as though set forth fully herein in response to paragraph 97 of the Complaint.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

## **COUNT V – Common Law Assault**

105. This Defendant incorporates by reference the Answers contained in paragraphs 1 through 104 of this Answer as though set forth fully herein in response to paragraph 105 of the Complaint.

106. The statement contained in paragraph 106 is a conclusion of law to which no response is required.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

## **COUNT VI – Common Law Battery**

113. This Defendant incorporates by reference the Answers contained in paragraphs 1 through 112 of this Answer as though set forth fully herein in response to paragraph 113 of the Complaint.

114. The statement contained in paragraph 114 is a conclusion of law to which no response is required.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

## COUNT VII – Common Law False Imprisonment

120. This Defendant incorporates by reference the Answers contained in paragraphs 1 through 119 of this Answer as though set forth fully herein in response to paragraph 120 of the Complaint.

121. The allegation contained in paragraph 121 is a conclusion of law to which no response is required.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

## COUNT VIII – Illegal Search in Violation of Virginia Code § 19.21-59

130. This Defendant incorporates by reference the Answers contained in paragraphs 1 through 129 of this Answer as though set forth fully herein, in response to paragraph 130 of the Complaint.

131. Denied.

132. Denied.

133. Denied.

134. Denied.

135. Denied.

136. Denied.

137. Denied.

138. Denied.

139. Denied.

140. Denied.

This Defendant denies all allegations of the Complaint not specifically admitted herein and further denies that Plaintiff is entitled to any of the relief sought in his prayer for relief.

## AFFIRMATIVE DEFENSES

1. Plaintiff failed to state a claim upon which relief may be granted.

2. There is no factual connection between any alleged unconstitutional action by Defendant and any alleged violation of Plaintiff's constitutional rights.

3. Defendant's acts and conduct were performed according to, and protected by, law and/or legal process, and therefore, the Plaintiff cannot recover.

4. Plaintiff has not been subjected to the deprivation of any rights, privileges, or immunities secured by the Constitution or laws of the United States or the Commonwealth of Virginia.

5. Defendant at all times, acted in good faith upon reasonable belief and that his actions were in accordance with the Constitution and laws of the United States and the Commonwealth of Virginia.

6. Plaintiff's claims are barred from any recovery under the doctrine of qualified immunity.

7. Plaintiff's claims fail because this Defendant used reasonable force and did not use excessive force.

8. Plaintiff's claims 42 U.S.C. §1983 claim fails, because Defendant was not deliberately indifferent.

9. This Defendant, as a public employee, was acting in the scope of his employment as a police officer at all times relevant to this Complaint, and as such is not liable for his acts or omissions in the execution or enforcement of any law.

10. This Defendant was a public employee serving in a position that involved the exercise of his discretion, and he is therefore not liable for any injury to the plaintiff arising from his acts or omissions in exercising that discretion.

11. To the extent Plaintiff suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused by his conduct, acts, omissions, and/or intentional misconduct, thereby barring any recovery.

12. This Defendant, at all times relevant, acted reasonably given the circumstances of the interaction and in accordance with sound professional judgment.

13. Defendant denies engaging in conduct which constitutes assault or battery on the Plaintiff.

14. Plaintiff is not entitled to punitive damages because this Defendant was not motivated by evil motive or intent, nor did he exhibit reckless or callous indifference to Plaintiff's federally protected rights.

15. Plaintiff failed to demonstrate that Defendant acted intentionally and with the requisite state of mind and not because of mistake, accident, negligence or other innocent reason.

16. This Defendant avers the force utilized during the investigatory stop was reasonable in the totality of the circumstances.

17. Pursuant to F.R.C.P. 11 all possible affirmative defenses may not have been alleged since sufficient facts were not available and, therefore, this Defendant reserves the right to amend this Answer to allege additional affirmative defenses if subsequent investigation warrants.

Respectfully submitted this 14th day of May, 2021.

**JOE GUTIERREZ**

**By:** /s/ John B. Mumford, Jr.
**Counsel**

John B. Mumford, Jr. (VSB No. 38764)
Coreen A. Silverman (VSB No. 43873)
HANCOCK DANIEL & JOHNSON, P.C.
4701 Cox Road, Suite 400
Glen Allen, Virginia  23060
Tel:  (804) 967-9604
Fax: (804) 967-9888
jmumford@hancockdaniel.com
csilverman@hancockdaniel.com
*Counsel for Defendant Joe Gutierrez*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed with the Court's CM/ECF system, which caused a Notice of Electronic Filing to be emailed to the following:

>Jonathan M. Arthur (VSB No. 86323)
>Thomas H. Roberts (VSB No. 26014)
>Andrew T. Bodoh (VSB No. 80143)
>THOMAS H. ROBERTS & ASSOCIATES, PC
>105 South First Street
>Richmond, Virginia  23219
>Tel: (804) 783-2000
>Fax: (804) 783-2105
>j.arthur@robertslaw.org
>tom.roberts@robertslaw.org
>andrew.bodoh@robertslaw.org
>*Counsel for Plaintiff*

>Robert L. Samuel, Jr. (VSB No. 18605)
>Richard H. Matthews (VSB No. 16318)
>Anne C. Lahren (VSB No. 73125)
>Bryan S. Peeples (VSB No. 93709)
>PENDER & COWARD
>222 Central Park Avenue, Suite 400
>Virginia Beach, Virginia  23462
>Tel: (757) 490-6293
>Fax: (757) 502-7370
>rsamuel@pendercoward.com
>rmatthew@pendercoward.com
>alahren@pendercoward.com
>bpeeples@pendercoward.com
>*Counsel for Defendant Daniel Crocker*

This the 14th day of May, 2021.

>/s/ John B. Mumford, Jr.
>John B. Mumford, Jr. (VSB No. 38764)
>Coreen A. Silverman (VSB No. 43873)
>HANCOCK DANIEL & JOHNSON, P.C.
>4701 Cox Road, Suite 400
>Glen Allen, Virginia  23060
>Tel:  (804) 967-9604
>Fax: (804) 967-9888
>jmumford@hancockdaniel.com
>csilverman@hancockdaniel.com
>*Counsel for Defendant Joe Gutierrez*