UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| **CARON NAZARIO** | : |
| | : |
| *Plaintiff*, | : |
| | : |
| v. | : Civil Action No. 2:21-cv-00169 |
| | : |
| **JOE GUTIERREZ**, | : JURY DEMANDED BY |
| *In his personal capacity* | : PLAINTIFF |
| | : |
| and | : |
| | : |
| **DANIEL CROCKER** | : |
| *In his personal capacity,* | : |
| | : |
| *Defendants.* | : |

## DEFENDANT DANIEL CROCKER'S ANSWER TO COMPLAINT

Now comes the Defendant, Daniel Crocker, by counsel ("Crocker") and states the following Answer to the Complaint filed by the Plaintiff, Caron Nazario ("Nazario"):

1. Paragraph 1 does not require a response.

2. Paragraph 2 is denied as pleaded.

3. The allegations in paragraph 3 are denied.

4. The allegations in paragraph 4 are admitted.

5. The allegations in paragraph 5 are denied.

6. The allegations in paragraph 6 are denied.

7. Paragraph 7 does not require a response.

8. Paragraph 8 is admitted.

9. Defendant Crocker is without sufficient information to admit or deny the allegations in paragraph 9, therefore, the same are denied.

10. Paragraph 10 is admitted.

11. Paragraph 11 is admitted.

12. Defendant Crocker admits only that both defendants are law enforcement officers responding to the same traffic stop involving the Plaintiff. The remaining allegations in paragraph 12 are denied.

13. Defendant Crocker admits that on or around December 5, 2020 at approximately 18:34 (6:34pm) that the Plaintiff was traveling westbound on US 460 in the vicinity of the Food Lion in the Town of Windsor, Virginia. The remaining allegations in paragraph 13 are denied.

14. Defendant Crocker denies that any license plate was properly affixed to the Plaintiff's vehicle and visible during the pursuit. The remaining allegations in paragraph 14 are admitted.

15. The allegations in paragraph 15 are denied.

16. The allegations in paragraph 16 are denied as pleaded. By way of further response, the Plaintiff traveled 1.1 miles through downtown Windsor prior to finally stopping at the BP service station, choosing to drive by numerous well-lit locations where he could have pulled over, including Farmers Bank, Anna's Ristorante Italiano & Pizzeria, the fire station, and the CVS.

17. The allegations in paragraph 17 are denied.

18. The allegations in paragraph 18 are denied.

19. The allegations in paragraph 19 are denied.

20. The allegations in paragraph20 are denied.

21. The allegations in paragraph 21 are denied.

22. The allegations in paragraph 22 are denied.

23. The allegations in paragraph 23 are denied. By way of further response, Defendant Crocker states that the Plaintiff eventually, but not immediately, and only after multiple instructions, put his vehicle in park and put his left elbow on the window, partially revealing his hand(s).

24. Paragraph 24 is denied as pleaded. The Plaintiff refused multiple lawful commands from both Crocker and Joe Gutierrez ("Gutierrez") – the other officer at the stop – to show his hands and get out of the vehicle.

25. The allegations in paragraph 25 are denied as pleaded. By way of further response, Defendant Crocker states that the Plaintiff eventually responded to the officers' question about how many occupants were in the vehicle since the officers could not see into the vehicle through the heavily tinted windows, and that the Plaintiff asked what was going on while continuing to refuse the officers' clear and consistent commands to exit the vehicle. Defendant Crocker denies any allegation by the Plaintiff that his conduct was improper given the way the situation developed based on the Plaintiff's own conduct.

26. The allegations in paragraph 26 are denied. By way of further response, the Plaintiff was capable of opening his vehicle's door using the outside door handle but refused to do so.

27. The allegations in paragraph 27 are denied.

28. The allegations in paragraph 28 are denied. By way of further response, "ride the lightning"[1] is a common reference to being tasered and was uttered by Gutierrez after he holstered his firearm and drew his taser.

---

[1] See, e.g., "Ride the Lightning", U.S. Army Reserve Official Website (June 28, 2016) https://www.usar.army.mil/News/Article/815962/ride-the-lightning/; "Ouch! North Ridgeville cop must 'ride the lightning' during taser certification," Cleveland19News (March 22, 2013), https://www.cleveland19.com/story/21765546/ouch-north-ridgeville-officer-pictured-riding-the-lightning-during-certification/; "'You wanna ride the lightning?' Cop threatens students with taser," The New York Post (April 1, 2017), https://nypost.com/2017/04/01/you-wanna-ride-the-lightning-cop-threatens-students-with-taser/.

29. Defendant Crocker has no knowledge of what Defendant Gutierrez intended by his statement, but denies that any reasonable person could have understood the statement to mean that Gutierrez would execute the Plaintiff. The allegations in paragraph 29 are denied.

30. The allegations in paragraph 30 are denied. By way of further response, the video footage speaks for itself. [2]

31. The allegations in paragraph 31 are denied. By way of further response, the video footage speaks for itself.

32. The allegations in paragraph 32 are denied. By way of further response, the Plaintiff refused to cooperate with the Defendants, ignoring multiple commands to exit his vehicle.

33. The allegations in paragraph 33 are denied.

34. The allegations in paragraph 34 are denied. By way of further response, Crocker does not know what the Plaintiff was thinking and whether he was afraid or not. Notably, the Plaintiff's own admission in paragraphs 31 through 33 of his Complaint are that he believed himself to be "calm".

35. The allegations in paragraph 35 are denied.

36. The allegations in paragraph 36 are denied.

37. The allegations in paragraph 37 are denied except as to the Plaintiff's own admission in this paragraph that he resisted the officers in their attempt to remove him from the vehicle after the Plaintiff had ignored multiple commands to get out of the vehicle.

38. The allegations in paragraph 38 are denied except as to the Plaintiff's admissions that he was resisting the officers.

---

[2] With regard to the Plaintiff's citations to video footage throughout his Complaint, Defendant Crocker states that the video footage speaks for itself.

39. The allegations in paragraph 39 are denied. By way of further response, there is no allegation that Crocker sprayed the Plaintiff with OC spray and Crocker cannot answer for any action by Gutierrez.

40. The allegations in paragraph 40 are denied.

41. The allegations in paragraph 41 are admitted to the extent that there was a physical impact of the OC spray on the Plaintiff but denied as to the nature and effect of the spray on the Plaintiff as Crocker is without knowledge to admit or deny symptoms of the OC spray experienced by the Plaintiff. The remaining allegations in paragraph 41 are denied.

42. Defendant Crocker admits that he was sprayed with OC spray as part of his law enforcement training and is familiar with how OC spray affects himself. The remaining allegations in paragraph 42 are denied.

43. The allegations in paragraph 43 are denied. By way of further response, the Plaintiff admits that he was capable of, and finally did, remove his seatbelt

44. The allegations in paragraph 44 are denied as pleaded. Defendant Crocker admits that the Plaintiff eventually exited the vehicle.

45. Paragraph 45 is denied with regard to any allegation that the Plaintiff was "demonstrating compliance;" the Plaintiff continued to refuse instructions given by the Defendants. The remaining allegations in paragraph 45 are admitted.

46. The allegations in paragraph 46 are denied. By way of further response, the Plaintiff's temporary license tag was not properly displayed and was obscured by placed behind the tinted glass of the vehicle's rear window; and the Plaintiff continued to be uncooperative and resist the officers even after exiting the vehicle.

47. Paragraph 47 is admitted with regard to the Plaintiff asking about his dog. The remaining allegations in paragraph 47 are denied. By way of further response, Defendant Crocker opened the windows of the Plaintiff's vehicle at the Plaintiff's request.

48. The allegations in paragraph 48 are denied.

49. The allegations in paragraph 49 are denied as pleaded. By way of further response, the video footage speaks for itself.

50. The allegations in paragraph 50 are denied as pleaded. Any statements by Gutierrez cannot be attributed to Defendant Crocker. By way of further response, the video footage speaks for itself.

51. The allegations in paragraph 51 are denied.

52. The allegations in paragraph 52 are admitted as to the EMT asking the Plaintiff if he had any firearms in the vehicle while the Plaintiff was still handcuffed and that the Plaintiff answered affirmatively and gave the location of the firearm being in the front seat of the vehicle. Any remaining allegations are denied.

53. The allegations in paragraph 53 are denied.

54. The allegations in paragraph 54 are admitted only to the extent that Defendant Crocker picked up the firearm from the location described by the Plaintiff, called in the serial number, and replaced the firearm back in the same place in the vehicle. The remaining allegations in paragraph 54 are denied.

55. The allegations in paragraph 55 are denied. By way of further response, any statements by Gutierrez cannot be attributed to Defendant Crocker.

56. The allegations in paragraph 56 are denied.

57. The allegations in paragraph 57 are denied.

58. The allegations in paragraph 58 are denied.

59. The allegations in paragraph 59 are denied.

60. The allegations in paragraph 60 and all subparts are denied.

61. The allegations in paragraph 61 and all subparts are denied.

62. The allegations in paragraph 62 and all subparts are denied.

63. The allegations in paragraph 63 and all subparts are denied.

64. The allegations in paragraph 64 and all subparts are denied.

65. Paragraph 65 does not require a response.

66. The allegations in paragraph 66 are denied.

67. The allegations in paragraph 67 are denied.

68. The allegations in paragraph 68 are denied.

69. The allegations in paragraph 69 are denied.

70. The allegations in paragraph 70 are denied.

71. The allegations in paragraph 71 are denied.

72. The allegations in paragraph 72 are denied.

73. Paragraph 73 does not require a response.

74. The allegations in paragraph 74 are denied.

75. The allegations in paragraph 75 are denied.

76. The allegations in paragraph 76 are denied. By way of further response, it is admitted that the Defendants gave the Plaintiff a break and did not ultimately charge him for any crimes or infractions which he committed.

77. The allegations in paragraph 77 are denied.

78. The allegations in paragraph 78 are denied.

79. The allegations in paragraph 79 are denied.

80. The allegations in paragraph 80 are denied.

81. The allegations in paragraph 81 are denied.

82. The allegations in paragraph 82 are denied.

83. The allegations in paragraph 83 are denied.

84. The allegations in paragraph 84 are denied.

85. The allegations in paragraph 85 are denied.

86. The allegations in paragraph 86 are denied.

87. Paragraph 87 does not require a response.

88. Defendant Crocker denies that any search of the vehicle was conducted; he went straight to the firearm as stated by the Plaintiff and called in the serial number of the firearm; such action is tantamount to a "frisk," was not a seizure, and such action was lawful under the circumstances. Defendant Crocker did not look in any other part of the vehicle and did not conduct any search. Any remaining allegations in paragraph 88 are denied.

89. The allegations in paragraph 89 are denied.

90. The allegations in paragraph 90 are denied.

91. The allegations in paragraph 91 are denied.

92. The allegations in paragraph 92 are denied.

93. The allegations in paragraph 93 are denied.

94. The allegations in paragraph 94 are denied.

95. The allegations in paragraph 95 are denied.

96. The allegations in paragraph 96 are denied.

97. Paragraph 97 does not require a response.

98. The allegations in paragraph 98 are denied.

99. The allegations in paragraph 99 are denied.

100. The allegations in paragraph 100 are denied.

101. The allegations in paragraph 101 are denied. By way of further response, no charges were ever filed against the Plaintiff nor does the Plaintiff allege anywhere in his Complaint that any retaliatory actions were taken against him following the conclusion of the traffic stop.

102. The allegations in paragraph 102 are denied. By way of further response, the Plaintiff's First Amendment rights have clearly not been "chilled" as evidenced by the filing of this lawsuit, the lack of any charges filed against him by either of the Defendants, the Plaintiff's ability to establish a GoFundMe account,[3] and an Instagram account[4] concerning the December 5, 2020 traffic stop, and the extensive press and television interviews given by the Plaintiff's counsel on his behalf.[5]

103. The allegations in paragraph 103 are denied.

104. The allegations in paragraph 104 are denied.

105. Paragraph 105 does not require a response.

106. Paragraph 106 does not require a response.

107. The allegations in paragraph 107 are denied.

108. Defendant Crocker cannot speak for what the Plaintiff was or was not aware of or what the Plaintiff was thinking (or not thinking) during the December 5, 2020 traffic stop and, accordingly, all allegations in paragraph 108 are denied.

109. The allegations in paragraph 109 are denied.

---

[3] https://www.gofundme.com/f/stand-with-lt-nazario-defend-the-constitution?utm_campaign=p_cp_url&utm_medium=os&utm_source=customer (established by the Plaintiff's attorneys to collect fees in bringing this lawsuit)
[4] https://www.instagram.com/theofficial_nazario/?hl=en
[5] See, e.g., interviews on CNN (https://www.cnn.com/videos/us/2021/04/13/jonathan-arthur-attorney-2nd-lt-caron-nazario-traffic-stop-pepper-spray-virginia-ctn-vpx.cnn); BNC News (https://www.youtube.com/watch?v=zAoED6N5uKQ); the Washington Post (https://www.washingtonpost.com/dc-md-va/2021/04/10/virginia-police-gunpoint-army-nazario/); the New York Times (https://www.nytimes.com/2021/04/10/us/caron-nazario-windsor-police-virginia.html).

110. The allegations in paragraph 110 are denied.

111. The allegations in paragraph 111 are denied.

112. The allegations in paragraph 112 are denied.

113. Paragraph 113 does not require a response.

114. Paragraph 114 does not require a response.

115. The allegations in paragraph 115 are denied as pleaded. By way of further response, any intentional touching of the Plaintiff by Defendant Crocker was not an unlawful touching and was within justifiable bounds in performance of his duties as a law enforcement officer. Defendant Crocker cannot speak for Defendant Gutierrez.

116. The allegations in paragraph 116 are denied.

117. Paragraph 117 is denied. By way of further response, the Plaintiff refused to cooperate with the Defendants, both passively and actively resisting the lawful commands of the Defendants in conducting the traffic stop.

118. The allegations in paragraph 118 are denied.

119. The allegations in paragraph 119 are denied.

120. Paragraph 120 does not require a response.

121. Paragraph 121 does not require a response.

122. Paragraph 122 calls for legal conclusions and is denied.

123. The allegations in paragraph 123 are denied. By way of further response, to the extent that the Defendants lawfully stopped the Plaintiff and detained him for the purposes of conducting the traffic stop and taking such action as necessitated by the Plaintiff's continued refusal to comply with the Defendants' commands.

124. The allegations in paragraph 124 are denied.

125. The allegations in paragraph 125 are denied.

126. The allegations in paragraph 126 are denied.

127. The allegations in paragraph 127 are denied.

128. The allegations in paragraph 128 are denied.

129. The allegations in paragraph 129 are denied.

130. Paragraph 130 does not require a response.

131. Paragraph 131 does not require a response.

132. The allegations in paragraph 132 are denied.

133. The allegations in paragraph 133 are denied.

134. The allegations in paragraph 134 are denied.

135. The allegations in paragraph 135 are denied.

136. The allegations in paragraph 136 are denied.

137. The allegations in paragraph 137 are denied.

138. The allegations in paragraph 138 are denied.

139. The allegations in paragraph 139 are denied.

140. The allegations in paragraph 140 are denied.

141. Defendant Crocker denies all allegations of the Complaint not specifically admitted herein and further denies that the Plaintiff is entitled to any of the relief sought in his prayer for relief.

142. The Plaintiff failed to state a claim upon which relief may be granted.

143. The Plaintiff's claims are barred against Defendant Crocker by the doctrine of qualified immunity.

144.   To the extent the Plaintiff suffered or sustained any loss, injury damage, or detriment, the same was directly and proximately caused by his conduct, acts, omissions, and/or intentional misconduct, thereby barring any recovery.

145.   Pursuant to F.R.C.P. 11, all possible affirmative defenses may not have been alleged since sufficient facts were not available and, therefore, Defendant Crocker reserves the right to amend this Answer to alleged additional affirmative defenses if subsequent investigation warrants.

WHEREFORE, Your Defendant, Officer Daniel Crocker, by counsel, moves that this Court dismiss the Plaintiff's Complaint and deny the relief demanded by the Plaintiff.

**DANIEL CROCKER**

By:   /s/ Anne C. Lahren

Richard H. Matthews, Esq.
Virginia State Bar No. 16318
***Pender & Coward, P.C.***
222 Central Park Avenue, Suite 400
Virginia Beach, VA  23462-3026
(757) 490-6256 – Telephone
(757) 497-1914 – Facsimile
Email: rmatthew@pendercoward.com
*Counsel for Defendant Daniel Crocker*

Robert L. Samuel, Jr., Esq.
Virginia State Bar No. 18605
***Pender & Coward, P.C.***
222 Central Park Avenue, Suite 400
Virginia Beach, VA  23462-3026
(757) 502-7338 – Telephone
(757) 497-1914 – Facsimile
Email: rsamuel@pendercoward.com
*Counsel for Daniel Crocker*

Anne C. Lahren, Esq.
Virginia State Bar No. 73125
***Pender & Coward, P.C.***
222 Central Park Avenue, Suite 400
Virginia Beach, VA  23462-3026
(757) 490-6293 – Telephone
(757) 497-1914 – Facsimile

E-Mail: alahren@pendercoward.com
*Counsel for Defendant Daniel Crocker*

## CERTIFICATE OF SERVICE

   I hereby certify that on this the 17th day of May, 2021, I will electronically file the foregoing *ANSWER TO COMPLAINT* with the Clerk of Court using the CM/ECF system, which will then notification of such electronic filing (NEF) to the following:

Jonathan M. Arthur, Esq (VSB# 86323)
j.arthur@robertslaw.org
Thomas H. Roberts, Rsw. (VSB# 26014)
tom.roberts@robertslaw.org
Andrew T. Bodoh, Esq. (VSB# 80143)
andrew.bodoh@robertslaw.org
15 South First Street
Richmond, VA 23219
(804) 991-4308 (Direct)
(804) 783-2000 (Firm)
(804) 783-2105 (Fax)
*Counsel for the Plaintiff Caron Nazario*

John B. Mumford, Jr. (VSB No. 38764)
Coreen A. Silverman (VSB No. 43873)
Hancock, Daniel & Johnson, P.C.
4701 Cox Road, Suite 400
Glen Allen, Virginia 23060
Telephone: (804) 967-9604
Facsimile: (804) 967-9888
jmumford@hancockdaniel.com
csilverman@hancockdaniel.com
*Counsel for Defendant Joe Gutierrez*

            ___*/s/ Anne C. Lahren*___
            Anne C. Lahren, Esq.
            Virginia State Bar No. 73125
            **Pender & Coward, P.C.**
            222 Central Park Avenue, Suite 400
            Virginia Beach, VA  23462-3026
            (757) 490-6293 – Telephone
            (757) 502-7370 – Facsimile
            Email: alahren@pendercoward.com
            *Counsel for Defendant Daniel Crocker*