UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | | |
|---|---|---|
| **Caron Nazario** | : | |
| | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | Civil Action No. 2:21-cv-00169 |
| | : | |
| **Joe Gutierrez**, | : | JURY DEMANDED BY |
| *In his personal capacity* | : | PLAINTIFF |
| | : | |
| and | : | |
| | : | |
| **Daniel Crocker** | : | |
| *In his personal capacity,* | : | |
| | : | |
| *Defendants.* | : | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY PROCEEDINGS**

Now Comes Defendant Daniel Crocker, by counsel, and moves to stay proceedings on the Complaint filed by Plaintiff Caron Nazario ("Nazario") until the completion of ongoing state and federal investigations, or in the alternative, for a period of ninety days, pursuant to Rule 7(b) of the Federal Rules of Civil Procedure, and submits this memorandum of law in support of its motion:

**I.   INTRODUCTION AND FACTUAL BACKGROUND**

This case involves claims by Nazario against Defendants Joe Gutierrez ("Gutierrez") and Daniel Crocker ("Crocker"), both of whom were uniformed police officers employed by the Town of Windsor, Virginia at all times relevant to the Complaint. Nazario alleges various Constitutional and state law violations which he claims the Defendants committed during a December 5, 2020 traffic stop.

As a result, separate investigations of the incident have been initiated by the Virginia State Police, the Virginia Office of the Attorney General, and the Federal Bureau of Investigation (FBI).

As the remainder of this Memorandum will explain, a stay of the proceedings until the completion of these investigations, or in the alternative for a period of ninety days, is appropriate and necessary to protect the Defendants' legal rights.

## II. STANDARD OF REVIEW – MOTION TO STAY

District Courts have discretion in whether to grant a Motion to Stay, and the power to stay is squarely within the Court's control of its docket. Landis v. North American Co., 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936). The parties and issues do not need to be the same for the court to grant a stay in one case to accommodate another case. See Id. In making its decision, the Court weighs the hardship to the moving party against the prejudice to the opposing party. See Id. at 255. A party requesting a stay must show hardship if there is a fair possibility that a stay would damage the opposing party. Id. Conversely, if there is no reasonable possibility that the opposing party would be substantially damaged by the stay, the moving party's burden is decreased. See Id.

In the Fourth Circuit, District Courts consider the following five factors when weighing hardships in a Motion to Stay: (1) the interest of plaintiff in proceeding expeditiously balanced against prejudice to plaintiff caused by delay, (2) the burden on defendant, (3) convenience to the court, (4) interests of persons not party to the civil litigation, and (5) the public interest." United States SEC v. Woodard, No. 2:13cv16, 2014 U.S. Dist. LEXIS 1573, at *4-5 (E.D. Va. Jan. 6, 2014)(citing Avalonbay Communities, Inc. v. San Jose Water Conservation Corp., No. 1:07cv306, 2007 U.S. Dist. LEXIS 63773, 2007 WL 2481291, at *2 (E.D. Va. Aug. 27, 2007).

It is well-established that Defendants face significant hardship when defending a civil case in the face of a potential criminal prosecution. As this Court has explained,

> Parties and witnesses in civil proceedings often face an acute dilemma when they are also targets of a related, potential criminal prosecution. If they testify [in the civil matter], they waive their Fifth Amendment privileges and the testimony may be used against them as evidence in a criminal prosecution. But if they invoke their Fifth

> Amendment right against self-incrimination, they risk fatally undermining their interests in the civil matter. Their Fifth Amendment privilege cannot fill an evidentiary void left by their silence. Moreover, the fact-finder in the civil matter may draw an adverse inference from their refusal to testify.

In re Phillips, Beckwith & Hall, 896 F. Supp. 553, 557 (E.D. Va. 1995); *see also* Baxter v. Palmigiano, 425 U.S. 308, 318, 96 S. Ct. 1551, 47 L. Ed. 2d 810 (1976)("An adverse inference can be drawn against litigants who assert their Fifth Amendment right in a civil proceeding.") Accordingly, "some attempt must be made to accommodate a civil litigant's Fifth Amendment concerns, and therefore a stay should be granted if one party requests it and the other party will not be substantially prejudiced." Id. at 558, citing Afro-Lecon, Inc. v. United States, 820 F.2d 1198, 1206 (Fed. Cir. 1987). A stay should be denied only if the opposing party demonstrates that it will suffer genuine, substantial prejudice to its interests. *See* Id.

While granting a lengthy stay in a civil proceeding when a criminal indictment has not yet issued is considered an extraordinary remedy, limited stays are frequently granted in the Eastern District of Virginia, as in all federal circuits, when Defendants face Fifth Amendment hardships and the Plaintiff is not genuinely and substantially prejudiced. United States SEC v. Woodard at *5 (proceedings stayed for nearly ten months while government investigated whether to bring criminal charges); In re Phillips, Beckwith & Hall at 557 (proceedings stayed for nearly three months while government investigated whether to bring a criminal indictment); Trustees of the Plumbers v. Transworld Mechanical, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995)(granting stay until the end of a criminal trial when the delay in the civil case would only be six months, there was no substantial threat of loss of evidence, and the public interest would not cause immediate injury to the public interest).

### III. ARGUMENT

#### a. Officer Crocker will experience substantial hardship if a stay is denied.

Officer Crocker's and Gutierrez's interactions with Nazario on the evening of December 5, 2020, were completely legal and appropriate.

As this court has repeatedly recognized, defending a civil lawsuit in the face of an active investigation which could potentially result in criminal prosecution works a serious hardship to Officer Crocker. If he chooses to exercise his Fifth Amendment right in the civil proceeding, the jury will almost certainly draw a negative inference from his silence. And this negative inference will not be limited to the jury room, but will be reported all over the local and national news, making it nearly impossible for Officer Crocker to continue living and working in the small town of Windsor regardless of the outcome at trial. On the other hand, if Officer Crocker chooses to testify in the civil trial, he will waive his Fifth Amendment privilege in any criminal proceedings. In re Phillips, Beckwith & Hall at 557; Baxter v. Palmigiano, at 318.

Furthermore, Officer Crocker is not requesting to postpone the civil proceedings indefinitely, but simply requests a limited stay for a very reasonable period of time. The investigations into this fairly straight-forward encounter will likely be complete within a matter of months and these proceedings should be stayed until that time. Alternatively, Officer Crocker requests a stay of only ninety days. This is request is more than reasonable when balanced against the substantial hardship caused by the Fifth Amendment dilemma.

#### b. Nazario will not be prejudiced by this limited stay.

As previously explained, when deciding whether to grant a stay, the Court balances the following five factors: (1) the interest of plaintiff in proceeding expeditiously balanced against prejudice to plaintiff caused by delay, (2) burden on defendant, (3) convenience to the court, (4)

interests of persons not party to the civil litigation and (5) the public interest." United States SEC v. Woodard, at *4-5, citing Avalonbay Communities, Inc. v. San Jose Water Conservation Corp., at *2. A review of these factors shows that Nazario will not be prejudiced by this limited stay, and to the extent that any hardship might be imposed upon Nazario, such hardship is far outweighed by the hardship to the Defendants if the stay is denied.

### i) The Plaintiff's interest in proceeding expeditiously will not be harmed by this brief delay.

District Courts sometimes deny motions to stay in civil proceedings when the Plaintiff has a legitimate need to proceed expeditiously and will be significantly harmed by a delay. For example, in Williford v. Armstrong World Indus., Inc., 715 F.2d 124 (4th Cir. 1983), the Fourth Circuit affirmed the District Court's denial of a motion to stay when the Plaintiff suffered injuries from asbestos products and was in deteriorating health. Id. In that case the Defendants moved to stay the lawsuit while bankruptcy proceedings were ongoing. In its analysis, the Fourth Circuit said, "Of particular significance in balancing the competing interests of the parties in the case at bar are the human aspects of the needs of a plaintiff in declining health as opposed to the practical problems imposed by the proceedings in bankruptcy, which very well could be pending for a long period of time. A stay under such circumstances would work manifest injustice to the claimant." Id. at 127-128.

Courts are also reluctant to stay civil proceedings based on Fifth Amendment hardships when ongoing criminal proceedings carry on for long periods of time with no clear end in sight. This is because when a stay is "unrestricted in scope," the Plaintiff can be prejudiced because the delay "makes it more likely that: (1) documents will be misplaced, (2) memories will fade and (3) Defendants will have fewer monetary resources available for Plaintiff to collect on any financial judgment." AvalonBay Cmtys., Inc. v. San Jose Water Conservation Corp., No. 07-306, 2007 U.S.

5

Dist. LEXIS 63773, at *6-10 (E.D. Va. Aug. 27, 2007)(denying Defendant's motion to stay a civil forfeiture hearing while a criminal grand jury investigation was ongoing, because Plaintiff would be prejudiced by the "undeterminable time length of any criminal prosecution" and the Court had no way of knowing how long the criminal prosecution would last, if there were any indictments, or whether the charges would be serious).

Furthermore, Courts frequently deny motions to stay when the moving party fails to identify any legitimate hardship, or to explain the legal basis for the request.  <u>Maryland v. Universal Elections, Inc.</u>, 729 F.3d 370, 375 (4th Cir. 2013)(affirming District Court's denial of a stay as overbroad when the Defendant completely failed to identify any reasons as to why the stay was warranted); <u>Newbrough v. Piedmont Reg'l Jail Auth.</u>, 822 F. Supp. 2d 558, 588 (E.D. Va. 2011)(denying a stay because the Plaintiff did not articulate clear and convincing circumstances in favor of the stay and did not allege any undue hardship or inequity in the absence of a stay, and the criminal investigation would not be released for another full year); <u>Mt. Valley Pipeline, LLC v. 0.15 Acres of Land</u>, Civil Action No. 7:19-cv-00181, at *7, 2020 U.S. Dist. LEXIS 10580 (W.D. Va. Jan. 22, 2020)(denying a stay when Defendants failed to cite the legal standard or discuss the relevant factors, and had requested an indefinite stay "while a multitude of parallel, collateral matters work their way toward uncertain resolution before various state and federal courts and regulatory agencies.")

On the other hand, Courts often grant stays when the movant clearly articulates a hardship and the stay is limited in time or scope.  For example, in <u>United States SEC v. Woodard</u>, No. 2:13cv16, 2014 U.S. Dist. LEXIS 1573 (E.D. Va. Jan. 6, 2014), this Court granted a stay of almost *ten months* during related criminal proceedings involving violations of federal securities law.  The Defendants requested the stay on Fifth Amendment grounds based on ongoing criminal proceedings

against two of the Defendants who were subsequently convicted. After the convictions a third Defendant, who had not been charged, requested to continue the stay.

Only then did the Court then lift the stay, because even after the passage of nearly ten months it remained unclear as to whether the third defendant would ever be criminally charged. Id. at *6. Further, the Court found that additional delay would prejudice the Plaintiff because witness memories would fade over time. Additionally, continued delay would negatively impact the public's interest in timely enforcement of securities regulations and could impact the government's ability to recover from the Defendant. Id. at *6.

In the similar case of In re Phillips, Beckwith & Hall, 896 F. Supp. 553, 558 (E.D. Va. 1995), this Court stayed civil proceedings for nearly three months based on Fifth Amendment concerns. That case involved a law firm which represented an accused drug trafficker. The drug trafficker later pled guilty and stated in Court that he had paid his legal fees with drug money. Id. at 555. The Government filed a civil action against the law firm seeking forfeiture of attorney fees. The government was also contemplating filing criminal charges against some of the law firm partners. Id.

On May 12, 1995, at an evidentiary hearing on the merits of the civil forfeiture proceeding, the Defendant law firm orally requested a stay of the civil proceeding, asserting that it was faced with the dilemma of testifying in the civil matter and forfeiting its Fifth Amendment rights in the criminal trial, or asserting its Fifth Amendment privilege in the civil case and jeopardizing its defense in the forfeiture action. Id. at 557.

This Court agreed, granting the stay and suspending proceedings until July 14, 1995 based on an understanding that the government would have made a decision regarding the possible criminal prosecution by that date. Id. At 557. However, when the government still had not made a

7

determination as to criminal charges by August, nearly three months later, the Court considered whether to leave the stay in place or dissolve it. Id.

The Court explained, "[C]ourts have held that some attempt must be made to accommodate a civil litigant's Fifth Amendment concerns, and therefore a stay should be granted if one party requests it and the other party will not be substantially prejudiced. Yet, a stay is improper if the opposing party demonstrates that it will result in genuine, substantial prejudice to its interests. Id. at 558, citing Afro-Lecon, 820 F.2d at 1206.

The government demonstrated multiple ways in which it would be substantially prejudiced by a continued stay. These included a public interest in the execution of forfeiture laws, which was particularly relevant in that case because the government was not in possession of the assets it wished to seize and the law firm was attempting to postpone the government's ability to collect the forfeited funds. Id. at 558. Additionally, the government had a strong interest in moving ahead promptly with the forfeiture action because with the passage of time, its ability to trace the drug money would be diminished. Id. at 559. Furthermore, granting the stay would impair the government's ability to bring a common law conversion claim against the firm within the statute of limitations. Id. at 559.

Additionally, and importantly, the government's case was based almost entirely upon the memory of the convicted drug trafficker, whose memories could fade over time. Id. at 559. Finally, the witness was cooperating with the government in hopes of a sentence reduction and delaying the proceeding would result in a corresponding delay in the reduction in his sentence. Id. at 560. Therefore the witness was a non-party with a keen interest in having the proceeding move forward. Id. Based on the foregoing, the Court determined that continuing the stay would result in significant prejudice to the government and lifted the stay. Id. at 560-561.

In the present case Officer Crocker has clearly identified a substantial hardship, and his Fifth Amendment concerns greatly outweigh any interest that the Plaintiff may have in rushing the case forward.  Significantly, Officer Crocker is not requesting an indefinite or unlimited stay, but merely a short pause while the investigations are underway.  And this is certainly not a situation such as Williford v. Armstrong World Indus., Inc in which the Plaintiff's rapidly declining health weighed against staying the suit.  On the contrary, the Plaintiff here is an officer in the military who appears to be in excellent health.

Nor is this a case in which witness memories will fade over time.  This is true not only because of the brief nature of the requested stay, but also because the Plaintiff's case relies largely upon video evidence which will not fade with time.  Additionally, there is no reason to believe that the Defendants are not attempting to use a stay to make it more difficult for the Plaintiff to collect in the unlikely event that he should prevail in this suit.  Nor is Nazario faced with any statute of limitations concerns if the case is briefly paused.  Finally, this is not a case like Phillips, Beckwith & Hall in which the Defendants orally requested a stay during the evidentiary hearing. On the contrary, this case was filed just a few short days ago and is in the open stages of litigation.  And it should be noted that even in Phillips, Beckwith & Hall, this Court stayed the proceedings for nearly three months.

For the foregoing reasons, it is clear that the first factor weighs heavily in favor of a stay, and that the Plaintiff will not be prejudiced whatsoever if the stay is granted.

### ii) **Officer Crocker will be substantially burdened if the stay is denied.**

As explained *infra*, and as this Court has explicitly recognized in numerous similar cases, Officer Crocker will face a substantial burden to his Fifth Amendment rights if this case is not stayed.

In stark contrast, the Plaintiff will suffer no prejudice if the stay is granted. Therefore, this factor weighs heavily in favor of a stay.

### iii) Convenience to the Court

It is well-known that the Eastern District of Virginia has a policy of efficient and expeditious resolution of cases. AvalonBay Cmtys., Inc. at *11. Officer Crocker understands and appreciates this policy. However, stays of limited duration such as the one requested here have frequently been granted in this district. *See e.g.*, United States SEC v. Woodard (granting a stay of nearly ten months); see also In re Phillips, Beckwith & Hall (granting a stay of nearly three months). As such, this factor weighs in favor of granting the stay.

### iv) Interests of persons not party to the civil litigation

There are no known non-parties who stand to be harmed if the stay is granted. This is not a case like Phillips, Beckwith & Hall, in which a non-party witness was required to wait for the suit to be decided in order to gain a reduction of his prison sentence. On the other hand, there are third parties who stand to be substantially harmed if the stay is denied. This is a unique case because it involves police officers acting in the line of duty and representing the Town of Windsor. It is also unique because unlike most of the reported case law regarding motions to stay civil proceedings, this particular case is the subject of intense national media coverage.

Denial of the stay could force Officer Crocker to invoke his Fifth Amendment right in the civil proceeding to avoid waiving his right to do so later. As this Court has stated, this presents the risk of "fatally undermining" the civil case. In re Phillips, Beckwith & Hall at 557, and as the Supreme Court has explained, invocation of the Fifth Amendment right will likely result in an adverse inference against the Defendant. Baxter v. Palmigiano at 318. Multiple non-parties stand to be harmed if this highly-publicized case is brought to trial before the investigations are complete.

Among these are the Windsor Police Department ,the Town of Windsor, and the Commonwealth of Virginia.

Because there are no non-parties who stand to be harmed by the granting of a stay, but multiple non-parties which stand to be harmed by a denial, this factor weighs heavily in favor of a stay.

### v) The public interest

This is a civil lawsuit for damages filed by a private citizen. The public has no intertest in any award which may be entered in favor of the Plaintiff. This is not like <u>Phillips, Beckwith & Hall</u> or <u>United States SEC v. Woodard</u> in which the public had a vested interest in seeing funds confiscated returned to the public coffers. Here, the public will gain nothing in the event that Nazario gets a judgment against the Defendants. On the other hand, the public certainly has a compelling interest in the conduct of its police officers which can only be protected by allowing a proper investigation into the facts and circumstances of the case before civil litigation ensues. Therefore, this factor weighs heavily in favor of granting the stay.

### III. CONCLUSION

Wherefore, for the reasons set forth in this motion and memorandum of law, Defendant Daniel Crocker respectfully moves this Court to GRANT his motion to stay until the federal and state investigations are complete, or in the alternative, for a period of ninety days.

Respectfully submitted this 17th day of May, 2021.

**DANIEL CROCKER**

By: ___/s/ Anne C. Lahren__

Richard H. Matthews, Esq.
Virginia State Bar No. 16318
***Pender & Coward, P.C.***
222 Central Park Avenue, Suite 400

Virginia Beach, VA 23462-3026
(757) 490-6256 – Telephone
(757) 497-1914 – Facsimile
Email: rmatthew@pendercoward.com
*Counsel for Daniel Crocker*

Robert L. Samuel, Jr., Esq.
Virginia State Bar No. 18605
**Pender & Coward, P.C.**
222 Central Park Avenue, Suite 400
Virginia Beach, VA 23462-3026
(757) 502-7338 – Telephone
(757) 497-1914 – Facsimile
Email: rsamuel@pendercoward.com
*Counsel for Daniel Crocker*

Anne C. Lahren, Esq.
Virginia State Bar No. 73125
**Pender & Coward, P.C.**
222 Central Park Avenue, Suite 400
Virginia Beach, VA 23462-3026
(757) 490-6293 – Telephone
(757) 497-1914 – Facsimile
E-Mail: alahren@pendercoward.com
*Counsel for Daniel Crocker*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 17th day of May, 2021, I will electronically file the foregoing *MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY* with the Clerk of Court using the CM/ECF system, which will then notification of such electronic filing (NEF) to the following:

Jonathan M. Arthur, Esq (VSB# 86323)
j.arthur@robertslaw.org
Thomas H. Roberts, Rsw. (VSB# 26014)
Tom.roberts@robertslaw.org
Andrew T. Bodoh, Esq. (VSB# 80143)
Andrew.bodoh@robertslaw.org
15 South First Street
Richmond, VA 23219
(804) 991-4308 (Direct)
(804) 783-2000 (Firm)
(804) 783-2105 (Fax)
*Counsel for the Plaintiff*

    /s/ Anne C. Lahren

Anne C. Lahren, Esq.
Virginia State Bar No. 73125
***Pender & Coward, P.C.***
222 Central Park Avenue, Suite 400
Virginia Beach, VA 23462-3026
(757) 490-6293 – Telephone
(757) 497-1914 – Facsimile
E-Mail: alahren@pendercoward.com
*Counsel for Daniel Crocker*