IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| CARON NAZARIO, | ) |
| --- | --- |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2:21CV169 (RCY) |
| | ) |
| JOE GUTIERREZ, | ) |
| *in his personal capacity,* | ) |
| and | ) |
| DANIEL CROCKER, | ) |
| *in his personal capacity*, | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM OPINION**

This matter is before the Court on Defendant Daniel Crocker's Motion to Stay Proceedings (ECF No. 21) and Defendant Joe Gutierrez's Joinder with Daniel Crocker's Motion to Stay Proceedings (ECF No. 25). Defendants state that separate investigations into the traffic stop at issue in this action have been initiated by the Virginia State Police, the Virginia Office of the Attorney General, and the Federal Bureau of Investigation, and they request a stay "until the completion of ongoing state and federal investigations, or in the alternative, for a period of ninety days . . . ." (Mem. Supp., ECF No. 22 at 1.) The motion has been fully briefed, and the Court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. E.D. Va. Loc. Civ. R. 7(J). For the reasons stated below, the Court will deny the Motion.

**I. FACTUAL HISTORY**

The Court recounts the relevant facts as alleged in the Complaint. This action arises from a traffic stop involving Caron Nazario ("Plaintiff") and two police officers employed by the Town of Windsor, Joe Gutierrez and Daniel Crocker ("Defendants"). (Compl., ECF No. 1 ¶ 2.) Plaintiff

is a Second Lieutenant in the United States Army Medical Corps, and he is of Latinx and African American descent. (*Id.* ¶ 9.) On or about December 5, 2020, at approximately 6:34 p.m., Plaintiff was driving through the Town of Windsor, Virginia, in his newly purchased 2020 Chevrolet Tahoe. (*Id*. ¶ 13.) Defendant Crocker initiated a traffic stop of Plaintiff by activating his emergency lights. (*Id*. ¶ 14.) Defendant Gutierrez then joined in the pursuit. (*Id.*)

Plaintiff put on his turn signal and slowed down, but he did not pull over right away. (*Id.* ¶¶ 15-16.) Instead, he waited to pull over until he arrived at a well-lit BP gas station approximately a mile down the road. (*Id.* ¶ 16.) When the cars stopped, Defendants exited their vehicles and trained their firearms on the Plaintiff. (*Id.* ¶¶ 19, 23-24.) After some conversation between the parties, and Defendants shouting commands at Plaintiff, Defendant Gutierrez sprayed Plaintiff with Oleoresin Capsicum ("OC") spray multiple times in rapid succession. (*Id.* ¶ 25-28, 32-39.) Defendant Gutierrez then told Plaintiff that if he did not exit the vehicle, he would be sprayed again. (*Id.* ¶ 43.) Defendant Gutierrez removed Plaintiff from the vehicle, forced him onto his stomach, and handcuffed him. (*Id.* ¶¶ 44-46, 48.)

After handcuffing him, Defendants sat Plaintiff on a trashcan and began to talk to him. (*Id.* ¶ 48.) Defendant Crocker at one point entered Plaintiff's vehicle and searched for a firearm that Plaintiff said was in the vehicle. (*Id.* ¶¶ 52-53.) Once Defendant Crocker located the firearm, he radioed the serial number back to dispatch, who reported that the firearm was not stolen. (*Id.* ¶ 54.)

In paperwork prepared by Defendant Crocker after the incident, he reported that he initiated the traffic stop on Plaintiff because Plaintiff's vehicle did not have a license plate displayed. (*Id.* ¶ 60.) Temporary tags, however, were affixed to the back of Plaintiff's vehicle during this incident. (*Id.* ¶ 14.)

Plaintiff brings multiple claims against Defendants pursuant to 42 U.S.C. § 1983. He

alleges that the Defendants: conducted an unreasonable seizure in violation of the Fourth Amendment, (*id.* ¶¶ 65- 72), used excessive force in violation of the Fourth Amendment, (*id.* ¶¶ 73-86), conducted an illegal search in violation of the Fourth Amendment, (*id.* ¶¶ 87-96), and violated Plaintiff's First Amendment rights, (*id.* ¶¶ 97-104). He also brings claims for state law violations by the Defendants, including assault, (*id.* ¶¶ 105-112), battery, (*id.* ¶¶ 113-119), false imprisonment, (*id.* ¶¶ 120-129), and illegal search in violation of Virginia Code §19.2-59, (*id.* ¶¶ 130-140).

## II. PROCEDURAL HISTORY

Plaintiff filed his Complaint on April 2, 2021, and this action was originally assigned to United States District Judge Robert G. Doumar. (ECF No. 1.) This action was reassigned to the undersigned on April 16, 2021. On April 29, 2021, United States Magistrate Judge Lawrence R. Leonard granted Defendants' requests for extended time to file responsive pleadings. (ECF Nos. 13, 14.)

On May 14, 2021, Defendant Joe Gutierrez filed a Partial Motion to Dismiss Plaintiff Caron Nazario's Complaint, (ECF No. 15), and an Answer and Affirmative Defenses to Plaintiff's Complaint, (ECF No. 17). On May 17, 2021, Defendant Crocker filed a Partial Motion to Dismiss Plaintiff's Complaint Regarding Claim for First Amendment Violation, (ECF No. 19), an Answer to Complaint, (ECF No. 20), and the instant Motion to Stay Proceedings, (ECF No. 21).

Joe Gutierrez filed a Joinder with Daniel Crocker's Motion to Stay Proceedings, (ECF No. 25), on May 24, 2021. On May 27, 2021, Plaintiff filed his Memorandum of Law in Opposition to Defendant Crocker and Defendant Gutierrez Motion to Stay Proceedings, (ECF No. 26). On June 2, 2021, Defendant Crocker filed his Reply in Support of Defendant Crocker's Motion to Stay Proceedings, (ECF No. 29), at which time this Motion became ripe.

## III. LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). When analyzing whether to grant a stay, the Court must weigh the competing interests of the parties. *Id.* at 255. "The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983).

"Because of the frequency with which civil and regulatory laws overlap with criminal laws, American jurisprudence contemplates the possibility of simultaneous or virtually simultaneous parallel proceedings and the Constitution does not mandate the stay of civil proceedings in the face of criminal proceedings." *Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 379 (4th Cir. 2013) (quoting *Ashworth v. Albers Med., Inc.,* 229 F.R.D. 527, 530 (S.D.W. Va. 2005)) (citations omitted).

In the Fourth Circuit, district courts considering whether or not to grant a stay "frequently consider the following five factors: '(1) interest of plaintiff in proceeding expeditiously balanced against prejudice to plaintiff caused by delay, (2) burden on defendant, (3) convenience to the court, (4) interests of persons not party to the civil litigation and (5) the public interest.'" *U.S. S.E.C. v. Woodard*, No. 2:13cv16, 2014 WL 61398, at *1 (E.D. Va. Jan. 6, 2014) (quoting *Avalonbay Communities, Inc. v. San Jose Water Conservation Corp.*, No. 1:07cv306, 2007 WL 2481291, at *2 (E.D. Va. Aug. 27, 2007)).

## IV. DISCUSSION

Defendants allege that separate investigations into their traffic stop of Plaintiff have been initiated by the Virginia State Police, the Virginia Office of the Attorney General, and the Federal

Bureau of Investigation. (Mem. Supp. at 1.) They move to stay proceedings in this action "until the completion of ongoing state and federal investigations, or in the alternative, for a period of 90 days. . . ." (*Id.*) The Court considers this Motion in light of the five factors typically applied when considering a stay request.

1. Interest of Plaintiff in Proceeding Expeditiously Balanced Against Prejudice to Plaintiff Caused by Delay

Defendants argue that Plaintiff will not be prejudiced by a limited stay, as they are merely asking for a "short pause," and not a stay for an unlimited amount of time. (Mem. Supp. at 5, 9.) They contend that Plaintiff will not be prejudiced by a delay because the evidence in this case will largely be unaffected by the passage of time. (*Id.* at 9.) For example, they assert that the memories of the parties are less important in this action than other actions "because the Plaintiff's case relies largely upon video evidence which will not fade with time." (*Id.*) Furthermore, they argue that Plaintiff "appears to be in excellent health," so there is no concern that his health will deteriorate during a stay. (*Id.*) Additionally, Defendants state that there will be no statute of limitation concerns for Plaintiff "if the case is briefly paused." (*Id.*)

Plaintiff, on the other hand, argues that he will be prejudiced by a delay. He asserts that the concerns highlighted by the Court in *Avalonbay Communities, Inc.* could affect his ability to succeed in this action. (Mem. Opp'n at 10.) He contends that a delay "makes it more likely that: (1) documents will be misplaced, (2) memories will fade and (3) Defendants will have fewer monetary resources available for Plaintiff to collect on any financial judgment." (*Id.* at 8 (quoting *Avalonbay Communities, Inc.*, 2007 WL 2481291, at *2.))

The Court is inclined to agree with Plaintiff. Although there is a substantial amount of video evidence in this action, there is evidence that can be negatively affected by the passage of time. For instance, this action will likely still rely upon the memories of the witnesses and the

5

parties. It is also possible that documents could be misplaced over time, including any internal documents prepared by Defendants that have not yet been acquired by Plaintiff. Additionally, Defendants could deplete their monetary resources over the course of a stay. Overall, this factor favors Plaintiff.

2. Burden on Defendant

Defendants argue that they will be burdened if the stay is not granted because possible parallel criminal investigations could cause a dilemma regarding the exercise of their Fifth Amendment rights against self-incrimination in this civil action. (Mem. Supp. at 4.) "If they testify [in the civil matter], they waive their Fifth Amendment privileges and the testimony may be used against them as evidence in a criminal prosecution. . . . But if they invoke their Fifth Amendment right against self-incrimination, they risk fatally undermining their interests in the civil matter." *In re Phillips, Beckwith & Hall*, 896 F. Supp. 553, 557 (E.D. Va. 1995) (citation omitted). Defendants contend that if they "choose[] to exercise [their] Fifth Amendment right in the civil proceeding, the jury will almost certainly draw a negative inference from [their] silence." (Mem. Supp. at 4.) Additionally, because of the media coverage surrounding this action, they believe that this negative inference will spread, "making it nearly impossible for [them] to continue living and working in the small town of Windsor regardless of the outcome at trial." (*Id.*)

Defendants cite cases from within the Fourth Circuit in which stays were granted in civil cases when there were parallel criminal proceedings. (*Id.* at 2-4.) These cases, however, are not directly analogous to this action. For example, in *Woodard*, the civil action was stayed while there was a "concurrent *ongoing* prosecution and impending criminal trial" of two of the three defendants in the civil action. 2014 WL 61398, at *1. The stay was lifted, however, when the case no longer "involve[d] concurrent criminal and civil proceedings, but instead involve[d] only *the potential* for the future filing of criminal charges against [the last Defendant]." *Id.* at *2. The

6

court stressed that the action was stayed previously because there was "an active, and not speculative, formal criminal prosecution of [two of the defendants]." *Id.*

Overall, "[t]he burden on a party in making incriminating statements weighs more heavily when serious charges have been initiated and the constitutional obligation of a speedy criminal trial could help protect the opposing civil party from a significant delay." *Avalonbay Communities, Inc.*, 2007 WL 2481291, at *3 (citing *Trs. of the Plumbers v. Transworld Mech.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995)). Therefore, "[s]tays generally are not granted before an indictment has issued." *Universal Elections, Inc.*, 729 F.3d at 379.

Additionally, "[m]uch of the case law involving motions to stay civil proceedings until the completion of criminal proceedings concerns cases where the government is opposing the same private party" in both the civil and criminal cases. *Avalonbay Communities, Inc.*, 2007 WL 2481291, at *2 (citing *In re Phillips*, 896 F. Supp. at 557). As Judge Lee explained in *Avalonbay*,

> Courts have been concerned that in these cases the government will purposely initiate parallel civil and criminal proceedings to (1) use the more liberal civil discovery rules to gain information for the corresponding criminal trial that would normally be restricted under criminal discovery rules and (2) to gain advantage in the civil trial by forcing parties to choose between exposing themselves to criminal prosecution by testifying or asserting the Fifth Amendment and, thereby, damaging their civil defense.

*Id.* (citing *In re Phillips*, 896 F. Supp. at 558).

"Defendants face a constitutional dilemma, but the Fifth Amendment privilege does not come without cost in the civil arena." *Id.* at *4 (citing *In re Phillips*, 896 F. Supp. at 560-61). Defendants in this action are not currently involved in active criminal proceedings, and an indictment has not been filed. Furthermore, the government is not involved in this civil action, and as such, the government cannot gain an advantage to be used in a later criminal proceeding against Defendants. Therefore, the cost of Defendants using their Fifth Amendment privileges at this point in the proceedings is not so great as to require a stay at this time.

7

### 3. Convenience to the Court

Both Plaintiff and Defendants agree that the Eastern District of Virginia favors expeditious resolution of actions. (Memo. Supp. at 10; Mem. Opp'n at 12.) It is more convenient to the Court to deny the stay.

### 4. Interests of Persons Not Party to the Civil Litigation

The parties disagree as to whether non-parties have an interest in this action. Defendants argue that the Windsor Police Department, the Town of Windsor, and the Commonwealth of Virginia will be harmed by bringing this case to trial "before the investigations are complete." (Mem. Supp. at 10-11.) Defendants, however, do not delineate how exactly these entities would be harmed by the denial of a stay.

Plaintiff, on the other hand, argues that the United States Army could be harmed by a stay, as Plaintiff will likely be unable to deploy or would have his deployment burdened if he was still embroiled in this litigation. (Mem. Opp'n at 12.) Although any deployment is speculative at this point, this is a valid risk factor. The Court therefore finds that interests of non-parties favors denying the stay.

### 5. The Public Interest

Defendants argue that the public does not have an interest in any judgment in this action, but the public does have a "compelling interest in the conduct of its police officers which can only be protected by allowing a proper investigation into the facts and circumstances of the case before civil litigation ensues." (Mem. Supp. at 11.) Plaintiff disagrees with this assertion, and he argues instead that an investigation can be conducted in part through discovery in this civil action. (Mem. Opp'n at 12.)

Plaintiff and Defendants also disagree about whether the term "public interest" encompasses interests that are not vested or financial. (Reply, ECF No. 29 at 4.) Plaintiff believes

that there is significant public interest in this action, given the considerable media attention given to this lawsuit. (Mem. Opp'n at 13.) The Court agrees and finds that the public interest factor weighs in favor of denying the stay.

## V. CONCLUSION

Upon consideration of the five factors and the parties' arguments, the Court finds that a stay is not appropriate at this time. Defendants have not justified their request for a stay by clear and convincing circumstances outweighing the potential harm to the Plaintiff.

Therefore, the Court will deny Defendant Daniel Crocker's Motion to Stay Proceedings, (ECF No. 21), in which Defendant Joe Gutierrez joined (ECF No. 25).

An appropriate Order shall issue.

/s/
Roderick C. Young
United States District Judge

Norfolk, Virginia
Date: June 29, 2021