IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| CARON NAZARIO, </br>     Plaintiff, | ) </br> ) </br> ) | |
| v. | ) </br> ) | Civil Action No. 2:21CV169 (RCY) |
| JOE GUTIERREZ and </br> DANIEL CROCKER, </br>     Defendants. | ) </br> ) </br> ) </br> ) </br> ) | |

**RULE 16(b) SCHEDULING ORDER**

The following shall govern the progress of this action in addition to the provisions of the Federal Rules of Civil Procedure as modified and/or enlarged upon by the Local Rules for this Court. This Order shall control if any conflict is perceived between it and either the Federal or Local Rules. This Order shall supersede all prior Scheduling and Pretrial Orders that have been entered in this matter. Only the Court, by order, may approve extensions of time. Subject to any motions now pending, the parties having reported to the Court in accordance with the Federal Rule of Civil Procedure (hereinafter "Rule") 26(f), the Court ORDERS as follows:

**Trial Date**

1. A **5-day Jury Trial** is scheduled to commence at **9:30 a.m. on March 28, 2022.**

**Settlement Conference**

2. The parties are required to schedule a settlement conference before **United States Magistrate Judge Douglas E. Miller** and such conference shall take place not later than thirty (30) calendar days before the dispositive motion deadline, consistent with the demands of the Magistrate Judge's calendar. To ensure that the settlement conference is scheduled in a timely manner, the parties shall contact the chambers of the Magistrate Judge by **July 26, 2021,** to schedule the settlement conference. Trial counsel shall appear at any settlement conference with the party or parties whom they represent and, consistent with the procedures prescribed by the Magistrate Judge, a party representative must be in attendance who has full settlement authority to resolve the case.

**Responsive Pleadings or Answers**

3. Any defendant that has not filed an Answer shall do so by **July 30, 2021**. Any motions for joinder of additional parties shall be filed by **August 4, 2021**. Any motions to amend

pleadings shall be filed in accordance with Fed. R. Civ. P. 15(a). Any such motions filed that do not comply with Rule 15(a) will be entertained only when justice so requires.

### Rule 26 Disclosures

4. Not later than **November 12, 2021**, each party shall identify all persons it expects to call as expert witnesses in its case-in-chief at trial in support of any complaint, counterclaim, cross-claim, or third-party complaint, and shall serve all other parties with a copy of a written report complying with the requirements of Fed. R. Civ. P. 26(a)(2)(B) and (C) for each such expert witness. Rule 26(a)(2)(B) shall <u>not</u> be deemed to include the opinion(s) of treating professionals and the terms of this Order shall supersede any conflicting provisions of Rule 26. Not later than **December 8, 2021**, each defending party shall identify all persons it expects to call as expert witnesses in opposition to any complaint, counterclaim, cross-claim, or third-party complaint, and shall serve all other parties with a copy of a written report complying with the requirements of Fed. R. Civ. P. 26(a)(2)(B) and (C) for each such expert witness. Not later than **December 17, 2021**, each party shall identify all persons expected to be called as expert witnesses solely to contradict or rebut any such opposition witness and shall serve all other parties with a copy of a written report complying with the requirements of Fed. R. Civ. P. 26(a)(2)(B) and (C) for each such expert witness.

5. The parties are advised that they may rely upon the testimony of only one expert per topic, except by order of the Court. Any motions challenging expert testimony based upon *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and its progeny shall be filed not later than **January 17, 2022**. Any response to such a motion shall be filed not later than ten (10) calendar days after the filing of the motion and any reply shall be filed not later than three (3) calendar days thereafter.

### Completion of Discovery

6. All discovery, including the required time period for response to any discovery demand(s), must be concluded not later than **December 28, 2021**, except by order of the Court. Counsel are expected to resolve discovery disputes without filing motions or involving the Court. If, after good faith effort, counsel are unable to resolve a dispute and need the Court to intervene, the Court <u>prefers</u> that the parties file a <u>joint</u> motion not exceeding twenty (20) pages in length setting forth (1) the posture of the case, (2) the nature of the discovery dispute, (3) the efforts made by the parties to resolve the dispute, (4) the position of each party regarding the dispute, (5) whether a hearing is necessary to address the issue, and (6) a certification under Local Rule 37(E) signed by

counsel for each party that they have met and conferred in good faith to resolve the dispute before involving the Court. The Court prefers that the parties file a joint motion, so that the dispute can be addressed in an expedited manner. If, however, the parties believe that a joint pleading is not feasible, the parties may file separate pleadings under the following terms: the motion to compel (or motion for protective order) with memorandum incorporated therein and any response with memorandum incorporated therein may not exceed seven (7) pages in length and any reply may not exceed three (3) pages. Moreover, unless resolution of the dispute under the deadlines set forth in Local Rule 7(F)(1) can occur before the deadline for the completion of discovery, the pleadings must be filed pursuant to an agreed briefing schedule that provides sufficient time for the Court to rule on the motion before the deadline for the completion of discovery as set forth in paragraph 5(a). Counsel are reminded that discovery disputes requiring judicial intervention are strongly disfavored and that the Court will consider imposing sanctions pursuant to Fed. R. Civ. P. 37 and Local Rule 37 against any party not acting in good faith to resolve a dispute before involving the Court.

7. No discovery materials shall be filed with the Clerk except by order of the Court.

8. If a party objects to the production of documents on the grounds of attorney-client privilege, attorney work-product doctrine, or any other protection, the objecting party must provide the requesting party with an inventory list of the documents to which objection is made (i.e., a privilege log), together with a brief description of the document, including the date, the author, identity of each recipient including their job titles at the pertinent time, and the claimed basis for its protection, all of which shall be sufficient to permit the opposing party to assess the claim of privilege or protection. Unless otherwise ordered by the Court, the claim of privilege or protection shall be waived unless the privilege log is served with the objections to the request for production in the time required by the Local Rules or by a deadline established by an order of the Court. If any party anticipates difficulty meeting the deadline for asserting discovery objections or serving the opposing party with a privilege log, the Court instructs the party to move for an extension of time at the earliest reasonable opportunity, preferably before objections or privilege logs become due. Such motion will be granted for good cause shown. If any party is shown to have unnecessarily delayed in seeking such an extension of time, the Court will strictly enforce the deadlines established by the Local Rules.

### Dispositive Motions

9.   All dispositive motions shall be filed not later than **January 12, 2022.**  This deadline shall not change, except by order of the undersigned.  Counsel are reminded of the requirements of Local Rule 56(B), which are specifically incorporated herein regarding motions for summary judgment.

### Non-Dispositive Motions

10.   All non-dispositive motions, including all motions *in limine* (excluding *Daubert* motions, *see* ¶ 3(e) *supra*) shall be filed not later than **February 25, 2022.**  The brief in opposition to such non-dispositive motions shall be filed not later than **March 4, 2022**.  The reply brief in support of such non-dispositive motions, if any, shall be filed not later than **March 8, 2022**.  The parties are referred to the requirements of Local Rule 7(E), which are incorporated herein by reference.

### Proposed Witnesses

11.   Each plaintiff shall file a list of proposed witnesses by **February 16, 2022**, and each defendant shall designate its witnesses by **February 25, 2022**.  Plaintiff(s) shall file a list of any rebuttal witnesses by **March 4, 2022**.  Failure to comply with the provisions of this paragraph shall result in preclusion of a witness's testimony at trial, absent exceptional circumstances.

### Discovery To Be Used As Evidence

12.   Each plaintiff shall file a designation no later than **February 16, 2022,** specifically identifying any discovery material that is intended to be offered into evidence and each defendant shall do likewise by **February 25, 2022**.  Any designation must identify the specific item of discovery intended to be offered into evidence by exhibit number, title of the document and the specific page and sentence of the relevant information, along with a statement of relevance and basis for admission.  Any objection to the introduction of any discovery material shall be filed on or before **March 4, 2022,** or the objection will be deemed waived.  This paragraph does not apply to discovery materials that will be used at trial solely for cross-examination and/or for impeachment purposes.

### Jury Trial

13.   If this matter is to be tried by a jury, counsel for all parties shall <u>jointly</u> file electronically any requested jury instructions, including all requested standard instructions by **March 7, 2022**.  The submission of proposed jury instructions shall include each requested jury instruction (regardless whether agreed or objected to) fully set forth on a separate page with a

citation in support of the instruction set forth at the bottom of the requested instruction. The submission shall be organized as follows. First, the parties shall tender the agreed set of instructions (to be labeled "J-1," "J-2," etc.), including any special interrogatory verdict form. Second, the parties shall tender any of Plaintiff's proposed instructions (to be labeled "P-1," P-2," etc.) to which Defendant objects. Third, the parties shall tender any of Defendant's proposed instructions (to be labeled "D-1," "D-2," etc.) to which Plaintiff objects. Counsel shall also provide a copy of the requested jury instructions in WORD format via e-mail to Chambers.

14. Not less than three (3) calendar days after the filing of the requested jury instructions, the objecting party shall submit its memorandum in opposition to any jury instructions requested by the other side that are not agreed upon. The objecting party shall set forth the nature of the dispute, any authority on the issue and any alternative instruction. Not less than five (5) calendar days after the filing of the requested jury instructions, the party proposing any requested instructions that are not agreed upon may submit a memorandum in support of the requested instructions.

*Voir Dire*

15. Any proposed jury *voir dire* to be requested by any party shall be filed by **March 7, 2022**. Parties are encouraged to submit an instruction that succinctly summarizes the position of each party for use by the Court during *voir dire*.

**Bench Trial**

16. If this matter is to be tried without a jury, the parties shall file proposed findings of fact and conclusions of law not later than **March 14, 2022**. Counsel shall also provide a copy of the proposed findings of fact and conclusions of law in WORD format via e-mail to Chambers.

**Written Stipulations**

17. Not later than **March 4, 2022**, counsel for each party shall meet and confer in a good faith effort to enter into written stipulations of uncontroverted facts. Written stipulations shall be signed by each counsel and filed with the Clerk not later than **March 7, 2022**.

**Proposed Exhibits**

18. Each plaintiff shall file a list of proposed exhibits by **February 16, 2022,** and shall provide a copy of all proposed exhibits to all parties. Each defendant shall file a list of proposed exhibits and shall provide a copy of same to every party by **February 25, 2022**. Any objection to any exhibit shall be noted by a motion that includes the subject exhibit(s) filed not later than **March 4, 2022**.

19. All exhibits will be presented by available electronic means at trial, with counsel to contact the courtroom deputy clerk before trial if counsel is not sufficiently familiar with the courtroom electronic system to effectuate presentation at trial. In anticipation of trial, each party shall ensure that three (3) sets of pre-marked, indexed copies of that party's exhibits are submitted in binders to the Clerk at least one day before trial begins for use by the courtroom deputy clerk during trial proceedings and the jury during its deliberations.

### Final Pretrial Conference

20. A Final Pretrial Conference will be held on **March 17, 2022,** at **1:15 p.m.**  Not later than **March 10, 2022**, the parties shall jointly submit a proposed Final Pretrial Order to the Court, endorsed by counsel and setting forth all resolved and disputed matters related to trial evidentiary issues. The proposed Final Pretrial Order shall be broken down by the following sections: (1) Stipulated Facts; (2) Legal and Evidentiary Stipulations (including jurisdiction and venue); (3) List of Proposed Witnesses by Each Party; (4) Exhibits (including identification of those exhibits to which there is no objection); (5) Factual Contentions as set forth by each party; and (6) Triable Issues as set forth by each party.

### Pretrial Briefs

21. The parties may file pretrial bench briefs on material issues expected to arise at trial; indeed, the Court encourages such practice. Pretrial briefs, however, may not serve as a substitute for motions *in limine*, because pretrial briefs do not seek a remedy. Instead, pretrial briefs serve as a vehicle for counsel to educate the Court about a potential trial issue. If counsel elects to file a pretrial brief, it must be filed not later than **March 23, 2022**.

It is so ORDERED.

/s/ _____
Roderick C. Young
United States District Judge

Norfolk, Virginia
Date: July 20, 2021

6