IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| **Caron Nazario** | ) | |
| *Plaintiff*, | ) | |
| v. | ) | |
| | ) | Civil Action No. 2:21-cv-00169 |
| | ) | |
| **Joe Gutierrez, et. al.** | ) | |
| *Defendants*. | ) | |

**PLAINTIFF CARON NAZARIO
MEMORANDUM IN SUPPORT OF HIS MOTION TO COMPEL**

COMES NOW the Plaintiff, Caron Nazario, by counsel, and files this brief in support of the Plaintiff's 37(a)(3)(B)(iii) and Local Rule 37(A) motion to compel discovery and in support thereof states as follows:

**I.   Posture of the Case**

In this matter, the plaintiff Caron Nazario, a lieutenant in the US Army National Guard has alleged, pursuant to 42 USC § 1983, that the Defendants, acting under color or law, violated his clearly established rights under Amendments I and IV of to the Constitution of the United States of America. **Doc Nos. 1 and 1.2 - 1.11.** The Plaintiff alleges that the Defendants detained him for allegedly not having a license plate. He alleges despite the defendants' own admissions that Nazario's behavior was "reasonable" and that it "happen[ed] to them all the time" they threatened to murder the Plaintiff, OC sprayed him, beat him, and illegally searched his vehicle for a firearm. The plaintiff alleges that to cover their illegal actions and to extort his silence, the defendants, without probable cause, threatened to charge him with assault on a law enforcement officer, eluding police, and obstruction of justice. The Plaintiff further alleges that upon returning to the Windsor Police Department, the defendants conspired to falsify various official reports to create a narrative that would have supported the charges had Caron Nazario decided to speak out.

1

## II.     Nature of the Discovery Dispute.

The Plaintiff has submitted a series of interrogatories in this matter. Number 14 asked Gutierrez to use the existing video to identify by Bates number and time stamp where several actions that *both* Gutierrez and Crocker, in their official paperwork, alleged Caron Nazario took and which Nazario alleges did *not* actually occur. Number 15 asked Gutierrez to explain why he destroyed relevant evidence on his Windsor issued cellphone after being given a evidence preservation demand, being sued, and being terminated. Number 16 asked Gutierrez to identify all previous use of force complaints. As explained below, Gutierrez failed to tender sworn answers, has tendered incomplete answers to Interrogatories 15 and 16, and has almost completely failed to answer interrogatory 14.

## IIa. Failure to Answer Interrogatories Under Oath.

Interrogatories must, to the extent not objected to, be answers separately, fully, and under oath. **Fed. R. Civ. P. 33(b)(3)**. Defendant Gutierrez has failed to answer Nazario's first set of interrogatories under oath, thus all answers are incomplete. **Fed. R. Civ. P. 37(a)(4)**. Therefore this Court should enter an order compelling defendant Gutierrez to answer Plaintiff Nazario's first set of interrogatories under oath. **Fed. R. Civ. P. 37(a)(3)(B)(iii).**

## IIb. Interrogatory Number 14:

The Plaintiff's 14th interrogatory to Defendant Joseph Raymond Gutierrez requested that Joseph Raymond Gutierrez identify by bates number and time stamp in each video – the defendants body worn camera footage and Nazario's cellphone footage - where (a) the plaintiff refused to show his hands after being told approximately six times to do so, (b) where plaintiff slapped defendant Crocker's hand away when defendant Crocker attempted to unlock the door, (c) where plaintiff Nazario was able to block the first attempt to pepper spray him, (d) where the

subsequent OC shots *only* hit plaintiff Nazario's side of his head and neck, and (e) where plaintiff Nazario failed to comply with Crocker's commands to pull over his vehicle.  All of these are statements that Defendant Gutierrez made in his reporting officer narratives and use of force reports.

      Defendant Joseph Raymond Gutierrez has objected, claiming attorney-work product and/or attorney client privilege, that the video speaks for itself, and that he is available to answer in depositions.  His only answer is that the video footage is equally available to the Plaintiff.  This is *at best* an incomplete answer, if not an evasive answer and thus shall be treated as a failure to answer.  Fed. R. Civ. P. 37(a)(4).  The availability of deposition do not relieve a party from responding to interrogatories.  *See, e.g., Turner v. Speedway, LLC*, 2015 U.S Dist. LEXIS 91694 (S.D. W.Va 2015); *Grace v. Family Dollar Stores, Inc (In re: Family Dollar FSLA Litg.*) 2009 U.S. Dist LEXIS 75376 (W.D. N.C. 2009); *Directtv, Inc. v. Maxwell,* 2005 U.S. Dist. LEXIS 58314 (E.D. N.C. 2005). The claim that a "video speaks for itself" in this context has been dubbed "legal folklore" and has been soundly rejected as a valid discovery answer *or* objection.  *See, e.g., House v. Giant of Maryland*, 232 F.R.D. 257 (E.D. Va. 2005); *Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co.*, 246 F.R.D. 522 (S.D. W.Va. 2007).  The objection that answering this interrogatory would in someway "calls for attorney work-product" fails as well.  Gutierrez made each of the statements discussed in Interrogatory 14(a) – (f) in his officer narratives and reports *on December 5, 2020*, a full 144 days before counsel made an appearance in this matter, **Doc. 10,**  Thus, he could not have been relying on counsel and this could not implicate *any* privilege.  Therefore, defendant Joseph Raymond Gutierrez has failed to answer this interrogatory as required pursuant to Rule 26 and 33, and therefore this court should grant the Plaintiff's motion to compel.

**IIc. Interrogatory Number 15:**

Joseph Raymond Gutierrez conducted a "factory reset" of his Town of Windsor provided cell phone upon his termination from the department and after he received the Plaintiff's evidence preservation demand as well as notice that he was being sued in Federal Court.  This erased *all* data, text messages, video footage, and other highly relevant and discoverable information and was in violation of the established policies of the Town of Windsor, discovery requirements, and the retention policies set forth by the Commonwealth of Virginia Libraries. Plaintiff's 15th interrogatory requested that Defendant Joseph Raymond Gutierrez state the time, location, and reason that he erased all of the data from his cell phone, who he consulted before doing so, what authorization he believed he had, and if the authorization was a code/statute/ or policy and procedure, to identify the same.

Joseph Raymond Gutierrez responded that he did not record any of the subject incident on the cell phone – which defendant Crocker and The Town of Windsor's document production demonstrates is a false statement - and he failed to identify who, if anyone he consulted with or what authority he believed he had to conduct such a factory reset after being sued and presented with an evidence preservation demand letter.  Again, this is *at least* an incomplete interrogatory answer and thus it is a *failure* to answer pursuant to Fed. R. Civ. P. 37(a)(4). Thus, this court should enter an order pursuant to Fed R. Civ. P. 37(a)(3)(b)(iii) demanding that Defendant Joseph Raymond Gutierrez fully answer under oath Plaintiff Nazario's 15th Interrogatory.

**IId. Interrogatory Number 16.**

The Plaintiff's 16th Interrogatory asked Defendant Joseph Raymond Gutierrez to identify by date, location, department, infraction and/or allegation any and all internal affairs investigations and how they concluded; to include any corrective or disciplinary actions.

Defendant Gutierrez responded by identifying the internal affairs investigation that the Town of Windsor conducted which ultimately led to his termination.  He disclosed a second investigation conducted by the Isle of Wight Police Department in regarding a traffic stop of an elder African American man.  This resulted in founded a level III violation the Department's use of force policy and he was suspended without pay for ten days in lieu of termination.  However, Joseph Raymond Gutierrez' employment applications demonstrate another, undisclosed, founded excessive force complaint.   Having omitted this Plaintiff is concerned that Joseph Raymond Gutierrez has possibly omitted others from his answer to the Plaintiff's 16th interrogatory.

Again, this is *at least* an incomplete interrogatory answer and thus it is a *failure* to answer pursuant to Fed. R. Civ. P. 37(a)(4).

As discussed above, defendant Joseph Raymond Gutierrez' answers to Plaintiff Nazario's first interrogatories are unsworn, and his answers to the 14th – 16th interrogatories are *materially* deficient.  At best, they are incomplete if not evasive and thus should be treated as a failure to answer. **Fed. R. Civ. P. 37(a)(4)**.  Being a failure to answer, this Court should enter an order compelling Defendant Joseph Raymond Gutierrez complete answers and oath pursuant to Fed. R. Civ. P. 37(a)(3)(B)(iii), and Local Rule 37(A) and ordering him to pay the Plaintiff's expenses and attorney's fees pursuant to Fed. R. Civ. P. 37(a)(5)(A) and Local Rule 37(H).

**III.    Efforts Made by Parties to Resolve the Dispute.**

Counsel for the parties have exchanged written statements outlining their positions regarding the deficiencies, have spoken on the phone regarding the same, and have exchanged e-mail communications regarding these issues in which complete answers were promised on multiple occasions.  No such answers have been forthcoming.

**IV.  Hearing**

Plaintiff Caron Nazario requests a hearing on the matter, in person or telephonic, to the extent that the Court has any questions. Plaintiff has also refrained, pursuant to Court Order, from attaching the discovery responses, and supporting documents, and e-mail correspondences with counsel. Plaintiff will produce such documents upon court order.

**V.  Certification**

Counsel for Caron Nazario hereby certifies that he has conferred with Counsel for Crocker in a good faith attempt to resolve these issues without court involvement.

**WHEREFORE,** plaintiff, by counsel respectfully requests that this honorable court enter an order:

(a) Compelling defendant Joseph Raymond Gutierrez to answer his interrogatories under oath,

(b) Compelling defendant Joseph Raymond Gutierrez to completely answer interrogatories 14, 15, and 16,

(c) Enter an order requiring defendant Joseph Raymond Gutierrez to pay the plaintiff's reasonable expenses incurred in making this motion to include his reasonable attorney's fees, and

(d) Any further relief as this Court deems warranted.

**October 27, 2021**

        **Respectfully submitted,**

        By:  /s/  Jonathan M. Arthur, Esq.
                  Counsel

        Jonathan M. Arthur, Esq. VSB # 86323
        j.arthur@robertslaw.org
        Thomas H. Roberts, Esq. VSB # 26014
        tom.roberts@robertslaw.org
        Andrew T. Bodoh, Esq. VSB # 80143
        andrew.bodoh@robertslaw.org
        Thomas H. Roberts & Associates, P.C.
        105 South 1st Street
        Richmond, VA 23219
        (804) 991-2002 (Direct)
        (804) 783-2000 (Firm)
        (804) 783-2105 (Fax)
        *Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was filed with the Court's CM/ECF system, which caused a Notice of Electronic Filing to be emailed to the following:

John B. Mumford, Jr. (VSB No. 38764)
Coreen A. Silverman (VSB No. 43873)
HANCOCK DANIEL & JOHNSON, P.C.
4701 Cox Road, Suite 400
Glen Allen, Virginia 23060
Tel: (804) 967-9604
Fax: (804) 967-9888
jmumford@hancockdaniel.com
csilverman@hancockdaniel.com
*Counsel for Defendant Joe Gutierrez*


    Robert L. Samuel, Jr. (VSB No. 18605)
    Richard H. Matthews (VSB No. 16318)
    Anne C. Lahren (VSB No. 73125)
    Bryan S. Peeples (VSB No. 93709)
    PENDER & COWARD
    222 Central Park Avenue, Suite 400
    Virginia Beach, Virginia 23462

Tel: (757) 490-6293
Fax: (757) 502-7370
rsamuel@pendercoward.com
rmatthew@pendercoward.com
alahren@pendercoward.com
bpeeples@pendercoward.com
*Counsel for Defendant Daniel Crocker*

This the 27th day of Oct, 2021

By: /s/ Jonathan M. Arthur, Esq.
    Counsel

Jonathan M. Arthur, Esq. VSB # 86323
j.arthur@robertslaw.org
Thomas H. Roberts, Esq. VSB # 26014
tom.roberts@robertslaw.org
Andrew T. Bodoh, Esq. VSB # 80143
andrew.bodoh@robertslaw.org
Thomas H. Roberts & Associates, P.C.
105 South 1st Street
Richmond, VA 23219
(804) 991-2002 (Direct)
(804) 783-2000 (Firm)
(804) 783-2105 (Fax)
*Counsel for Plaintiff*