IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| **Caron Nazario** | ) | |
| *Plaintiff,* | ) | |
| v. | ) | Civil Action No. 2:21-cv-00169 |
| | ) | |
| **Joe Gutierrez,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **Daniel Crocker,** | ) | |
| *Defendants.* | ) | |

## DISCOVERY PROTECTIVE ORDER

This matter comes before the Court on behalf of Plaintiff Caron Nazario and Defendants Joe Gutierrez and Daniel Crocker (hereinafter referred to collectively, as the "Parties") for a motion for a protective order. On consideration of this motion, the Court hereby ORDERS the following:

1. Any document or thing, including, but not limited to, written discovery responses, document productions, and deposition testimony, that contains (i) private or confidential personal information, such as financial information, medical information, and personal identifying information; (ii) employment personnel files, (iii) military information, (iv) military records, (v) is received in confidence from third parties; and/or (vi) any party or their counsel otherwise believes in good faith to be confidential and deserving of protection under the terms of this Order may be designated as "Confidential." Subject to the provisions of this Order, these Confidential materials may be disseminated only to the Parties, their respective counsel and their staff, expert witnesses retained for purposes of this litigation, insurers providing a defense in the case and their representatives (e.g., third-party administrators), third-party vendors (e.g., mediators, process

services, copying services, and court reporters), the Court, and others to whom the Parties provide prior consent in writing (collectively "Qualified Persons").

2. Personal Identifying Information (which is defined as dates of birth, Social Security numbers, telephone numbers, residential addresses, account numbers, vehicle registration, VIN numbers, driver's license numbers, P.O. Boxes and telephone numbers) of the Parties and their family members, as well as and Military Information, (which is defined as information related to mobilization orders, deployment orders, unit locations and names, other operational information, and medical board status or medical issues related to military operations) are, without further action here, designated as "Confidential – Attorney's Eyes Only." Subject to the provisions of this Order, these Confidential – Attorney's Eyes-Only materials may be disseminated only to Qualified Persons other than the defendants (i.e., the defendants themselves are not entitled to receive Confidential – Attorney's Eyes-Only materials). Only the party who produced such documents or against whom such production was sought shall possess the original or any copy, abstract, or summary of any document, or any portion thereof, designated as "Confidential – Attorney's Eyes Only." Notwithstanding the foregoing, the last four digits of a social security number, as well as the month and day of a date of birth, otherwise designated as "Confidential – Attorney's Eyes Only", may be used for identification purposes when issuing subpoenas duces tecum and/or witness subpoenas.

3. Parties' Medical Information, (including any charts, documents, statements, names of physicians or other treating entities, diagnoses, and/or treatment plans) as well as the Parties' Military Records (not otherwise captured under the Military Information designation in paragraph 2, *supra*,) in any form whether native, in deposition transcripts, in Fed. or contained in any expert

expert or treating physician opinions pursuant to Fed. R. Civ. P. 26(a)(2)(B) or a disclosure under Fed. R. Civ. P. 26(a)(2)(C) are without further action hereby, designated as "Confidential"

4.  Each person to whom "Confidential," or "Confidential – Attorney's Eyes Only," or information is disclosed shall not make copies, duplicates, extracts, summaries or descriptions of the material or information or any portion thereof, except as may be necessary in connection with preparation for discovery and prosecution or defense of this action and any appeals therein. Any such copies, duplicates, extracts, summaries or descriptions shall be marked with the appropriate "Confidential," or "Confidential – Attorney's Eyes Only," legend and shall be treated as "Confidential," or "Confidential – Attorney's Eyes Only," information subject to all the terms and conditions of this Order.

5.  Parties or their counsel or any third-party producing documents in response a subpoena *duces tecum* may, in good faith, mark as "Confidential" or "Confidential – Attorney's Eyes Only" any documents, recordings, and other information he/she/it wishes to be protected by this Order, and the opposing party may object to such designations. If a party wishes to designate as "Confidential," or "Confidential – Attorney's Eyes Only," any documents, recordings, or other information produced by a third-party in response to a subpoena *duces tecum*, not otherwise designated by this order, then such party shall make such designation and notify the opposing counsel of the same within fourteen (14) days of receipt of the documents, recording, or other information. For documents any party receives from any third-party via subpoena *duces tecum* or otherwise, the counsel for such party shall treat such documents as "Confidential – Attorneys Eyes Only" from the time that such counsel receives such documents until fourteen (14) days after such documents have been transmitted to them. If the parties are unable to reach an agreement, the

Court will determine whether a document or other information is to be treated as "Confidential" or "Confidential – Attorney's Eyes Only."

6. Counsel for any party may designate portions of a deposition transcript containing "Confidential," or "Confidential – Attorney's Eyes Only" information as "Confidential," or "Confidential Attorney's Eyes Only," by making the designation on the record. All deposition transcripts and all copies of deposition transcripts that are designated "Confidential," or "Confidential – Attorney's Eyes Only," in whole or in part, shall be prominently marked as "Confidential," or "Confidential – Attorney's Eyes Only," on the cover thereof. Nothing herein shall be construed as preventing the Parties from attending depositions in this matter.

7. Parties, by written agreement, may alter the terms of this protective order, provided the protections afforded to documents, recordings, and other information designated as "Confidential," or "Confidential – Attorney's Eyes Only," by a third-party responding to a subpoena duces tecum may not be modified without the written consent of the third-party or leave of Court obtained after giving the third-party notice and opportunity to be heard at any hearing on the matter. Such agreement between counsel and/or affected third parties need not be in an official order or amendment entered by the Court. Rather, such agreement by counsel and/or affected third parties to alter or amend the terms of this protective order, without more, shall be deemed incorporated into the terms of this protective order. In the absence of such agreement, any party may file motions with the Court to seek such alterations.

8. At the conclusion of this litigation, including the conclusion of all appeals, all individuals in possession of "Confidential," or "Confidential -- Attorney's Eyes Only," materials of any other party shall destroy the materials in their possession, custody, or control and, if requested by counsel for the producing party, shall certify the destruction of the same to the

producing party within fourteen (14) days of the request. Notwithstanding the foregoing, all counsel and any insurance carrier may retain in confidence a copy of all "Confidential," or "Confidential – Attorney's Eyes Only." However, under no circumstances shall any of the Parties retain, acquire, or possess any documents designated as "Confidential," or "Confidential – Attorney's Eyes Only," after the conclusion of this litigation. This paragraph shall not apply to the party who produced such documents or against whom such production was sought.

9. Parties shall provide all documents, recordings, or other information marked "Confidential" or "Confidential – Attorney's Eyes Only" to counsel within seven (7) days of the receipt of this Order after entry or by the discovery deadlines set forth in the Federal Rules, whichever is later. In the event that any party or their counsel has provided such "Confidential" or "Confidential – Attorney's Eyes Only" to opposing counsel prior to the entry of this Order, such Order shall be deemed retroactively effective from the date of such production. As noted in Paragraph 2 and 3 above, all Personal Identifying Information and Military Information shall be treated as Confidential – Attorneys Eyes Only, and all Medical Information and Military Records shall be treated as Confidential without need for further designation as such. If any information that is covered and protected under this protective order has been previously disclosed in a manner inconsistent with this Order to any person, counsel for the party responsible for such disclosure shall notify counsel for the party who produced such documents or against whom such production was sought and ensure that such disclosures are remedied to conform to the terms of this Order.

10. When providing a copy of any "Confidential," or "Confidential – Attorney's Eyes Only," materials to any expert witness retained for purposes of this litigation, any insurer providing a defense in the case or any of the insurer's representatives, or any third-party vendor, all counsel shall include a copy of this Discovery Protective Order and advise the recipient of the existence of

this Discovery Protective Order. All counsel shall also advise the recipient of the need to place a copy of this Discovery Protective Order in any paper or electronic file where "Confidential," or "Confidential – Attorney's Eyes Only," materials will be saved. Further, when providing a copy of any "Confidential," or "Confidential – Attorney's Eyes Only," materials to any expert witness retained for purposes of this litigation, all counsel shall have such expert witness retained for purposes of this litigation execute the Acknowledgement of Confidentiality and Agreement to be Bound by Protective Order, attached hereto as Exhibit A. All counsel shall be prohibited from disclosing any "Confidential," or "Confidential – Attorney's Eyes Only," materials to any expert witness retained for purposes of this litigation who refuses to execute the Acknowledgement of Confidentiality and Agreement to be Bound by Protective Order.

11. Except as otherwise provided herein, this Protective Order shall not prevent the disclosure of any Confidential or Confidential – Attorney's Eyes-Only information as follows:

    a. To the Court, its Officers, and the jury, as permitted by the applicable rules of evidence, local rules, and subject to any additional orders of the Court.

    b. To signatory counsel to this order representing any of the parties in this civil action and the employees and agents of signatory counsel and their insurance carriers.

    c. To any outside consultant or expert retained by any of the signatory counsel or their parties in this civil action to assist in the prosecution or defense of this civil action, provided that such outside consultant or expert executes the Acknowledgement of Confidentiality and Agreement to be Bound by Protective Order.

   d. To persons while appearing as a witness for any of the signatory counsel or as a witness for any of the parties to this civil action, upon approval of the Court or stipulation.

   e. To court reporters who record depositions, statements, or other testimony in litigation related to this civil action.

12. The terms of this Order and jurisdiction to enforce the same shall survive the end of this litigation and may be enforced at any time upon motion by any of the parties, in the United States District Court for the Eastern District of Virginia, Norfolk Division.

Entered this day: 11 / 16 / 21

/s/
Lawrence R. Leonard
United States Magistrate Judge

We ask for this:

_____
Jonathan M. Arthur, Esq. (VSB No. 86323)
j.arthur@robertslaw.org
Thomas H. Roberts, Esq. (VSB No. 26014)
tom.roberts@robertslaw.org
Thomas H. Roberts & Associates, P.C.
105 S. 1st Street
Richmond, VA 23219
804-783-2000 (firm)
804-783-2105 (fax)
804-991-4308 (direct)
*Counsel for Plaintiff*

Seen:

_____
Coreen A. Silverman (VSB No. 43873)
HANCOCK DANIEL & JOHNSON, P.C.
4701 Cox Road, Suite 400
Glen Allen, Virginia 23060
Tel: (804) 967-9604
Fax: (804) 967-9888
csilverman@hancockdaniel.com
*Counsel for Defendant Joe Gutierrez*


Seen:

_____
Anne C. Lahren (VSB No. 73125)
PENDER & COWARD
222 Central Park Avenue, Suite 400
Virginia Beach, Virginia 23462
Tel: (757) 490-6293
Fax: (757) 502-7370
alahren@pendercoward.com
*Counsel for Defendant Daniel Crocker*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| **Caron Nazario** | ) | |
|     *Plaintiff*, | ) | |
| v. | ) | Civil Action No. 2:21-cv-00169 |
| | ) | |
| **Joe Gutierrez,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **Daniel Crocker,** | ) | |
|     *Defendants.* | ) | |

### ACKNOWLEDGMENT OF CONFIDENTIALITY AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, the undersigned, declare the following:

1. My address is _____.

2. My present employer is _____ and the address of my present employment is _____.

3. My present occupation or job description is _____.

4. I have read and understood the provisions of the DISCOVERY PROTECTIVE ORDER (the "Order") in this case entered by the Court, and I will comply with all provisions of the Order.

5. I will hold in confidence and not disclose to anyone not qualified under the Order any "Confidential," and "Confidential – Attorney's Eyes-Only information or any words, summaries, abstracts, or indices of such material disclosed to me.

Attachment A

6. I will limit use of any "Confidential," and "Confidential – Attorney's Eyes Only," material disclosed to me solely for purposes of this action.

7. No later than the thirty days after the conclusion of litigation the case, I will return any "Confidential," and "Confidential – Attorney's Eyes Only," material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained, or who otherwise provided such material to me.

8. I have been advised that any unauthorized use or disclosure by me of any "Confidential," or "Confidential – Attorney's Eyes Only," documents, testimony and/or information would be a breach of the Order for which I may be liable for damages and/or subject to sanction by the Court. I agree to subject myself to the jurisdiction of the United States District Court for the Eastern District of Virginia, Norfolk Division for the limited purpose of the enforcement of the provisions of the foregoing agreement.

I declare under unsworn penalty of perjury that the foregoing is true and correct.

Signature: _____

Name: _____

Date: _____

Attachment A