IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| **Caron Nazario** | ) | |
| *Plaintiff*, | ) | |
| v. | ) | Civil Action No. 2:21-cv-00169 |
| | ) | |
| **Joe Gutierrez, et. al.** | ) | |
| Defendants. | ) | |

**PLAINTIFF CARON NAZARIO'S COMBINED OPPOSITION TO DEFENDANT CROCKER'S MOTION TO EXTENSION[1] AND PLAINTIFF'S MOTION FOR PROTECTIVE ORDER.**

COMES NOW the Plaintiff, Caron Nazario, by counsel, and states as follows in opposition to Defendant Crocker's motion for an extension of time to file their Fed. R. Civ. P. 26(a)(2)(B) Expert Reports and Plaintiff's Motion for a Protective Order pursuant to Fed. R. Civ. P. 26(c):

**OPPOSITION**

Modification of the Courts' Rule 16(b) Scheduling Order requires good cause, where the primary consideration is the diligence of the moving party, and failure on the part of the moving party to promptly proceed with the normal discovery processes **shall not** constitute good cause. E.g., *McAfee v. Bozcar,* 2012 U.S. Dist. LEXIS 89420 at *5 (E.D. VA 2012) (*citing Montgomery v. Anne Arundel Cnty.,* 187 F. App'x 156, 162 (4th. Cir., 2006)); Fed. R. Civ. P. 16(b)(4); E.D. Va. Loc. R. Civ. P. 16(B).  What the Defendant omitted from his motion is the timeline which demonstrates that his inability to complete his Rule 35 IME and Rule 26(a)(2)(B) designations is due to his failure to diligently pursue normal discovery processes.  Thus, this Court should deny

---

[1] The Defendants combined a motion for extension a motion to compel the Rule 35 Independent Medical Examination. **(Doc. 57).**  These are two motions; thus, the Plaintiff will respond to each, in separately filed oppositions**.**

1

their motion for an extension and enter a protective order pursuant to Fed. R. Civ. P. 26(c) ordering that no IMEs be conducted.

On December 8, 2021, the day their expert designations were due pursuant to the scheduling order **(Doc. 39)**, Defendant Crocker submitted a motion **(Doc. 57)** for extension and modification of this Court's July 20, 2020, Scheduling Order **(Doc. 39)**. He alleges the extension is necessary because, of, *inter alia*, the Plaintiff's "gamesmanship" **(Doc. 57, p. 5)**. This omits the following material facts demonstrating that it was not "gamesmanship," but that Crocker simply was not diligent. He waited  **162 days** after his counsel made their appearance (**Doc. 10 and 11Ar**) to issue discovery. **(Exhibit 1).** Plaintiff's November 3 Crocker responses were three days early, *see,* **Fed. R. Civ. P. 33(b)(2)**,[2] and plaintiff previously transmitted his responses to Defendant Gutierrez's discovery to all counsel. **Exhibit 2.**  On or around September 21, 2021, Plaintiff disclosed to counsel that there were medical and military documents Plaintiff wanted covered by a protective order,[3] **Exhibit 3**, and submitted a draft that same day. **Exhibit 4.**  On October 7, 2021, Plaintiff produced his answers to defendant Gutierrez' discovery and again reiterated documents were being withheld pending the protective order, **Exhibit 5**, and asked for confirmation of the order's language. **Exhibit 6, p. 2**. The Defendants requested changes, **Exhibit 6, pp. 1-2,** and Defendant Gutierrez agreed to make the revisions; Defendant Crocker agreed. **Exhibit 6, p.1.** After 19 days, Plaintiff informed the Defendants that he could no longer

---

[2] The "generally cited responses to Gutierrez' discovery", **Doc. 57, p.3.** of which Crocker complains was pursuant to Crocker's own instructions. (**Exhibit 2**).  This is also the first time Defendant Crocker has intimated to Plaintiff's Counsel that he had  problem with Plaintiffs answers to discovery using the procedures that Defendant Crocker proposed which is not appropriate pursuant to this Court's Scheduling Order and **E.D. Va. Local Rule 37(E).**
[3] The Defendants allegation that the Plaintiff has "not alleged *any* physical injury as of the date of their motion",  **(Doc. 57, p.3),** is a patently false statement. *See, e.g. Doc. 1, ¶¶ 39, 46; and 64(a) and (c) and Plaintiffs 26(a)(1) initial disclosures, and Plaintiff's answers to the Defendants' Interrogatories.*

wait and would file a motion for the order, **Exhibit** 7, and filed for the order, (**Docs. 49 – 50**). Only on **November 11, 2021**, the date Plaintiff produced his expert reports, did the Defendants produce the order and motion. **Doc. 53.** Thus, the Defendants permitted **51 days** to elapse between the Plaintiff's proposed order and the time they tendered the revised order for entry.

Defendant Crocker then waited until **22 days** before their expert designations were due[4] to even mention a *psychological* IME to Plaintiff's counsel **(Doc. 57-1).** Then, he allowed almost full week to pass before responding to Plaintiff's questions regarding the scope. (**compare: Doc.57-1 with 57-2**). Defendant Crocker then waited until **5 days before** the deadline to propose *psychiatrist* IME. (**Doc 57-3.**)[5]

Thus, the Defendant's situation is due entirely to his failure to proceed diligently. He waited **162 days** to issue their discovery. After that he delayed **51 days** to submit revisions to the protective order. After that he waited until **22 days** before his expert disclosures were due to mention a the Sautter IME, delayed almost a week before responding to questions of scope, and waited and **5 days** before the deadline to **even mention** the psychiatric IME.

Thus, the defendant cannot demonstrate "good cause" and his motion for to modify the Scheduling Order must be denied and this court should enter a protective order pursuant to 26(c) prohibiting such an IME. E.g., *McAfee,* 2012 U.S. Dist. LEXIS 89420 at *5; *Montgomery,* 187 F. App'x at 162 (4th. Cir., 2006) ; Fed. R. Civ. P. 16(b)(4); E.D. Va. Loc. R. Civ. P. 16(B).

---

[4] Defendant did so knowing that those days included holidays, and that COVID-19 complicated medical scheduling (**Doc. 57, pp.4-5).**
[5] None of the proposed dates fell before the December 8, 2021, disclosure deadline, and many fell after the close of discovery. (**Doc. 57-4, p. 8).**

**WHEREFORE,** the Plaintiff respectfully requests that this honorable court deny the Defendant's motion for an extension and enter a protective order prohibiting the requested Rule 35 Independent Medical Examinations.

**PLAINTIFF REQUESTS A HEARING ON THIS MATTER.**

**December 13, 2021.**

               **Respectfully submitted,**

               By: /s/ Jonathan M. Arthur, Esq.
                   Counsel

               Jonathan M. Arthur, Esq. VSB # 86323
               j.arthur@robertslaw.org
               Thomas H. Roberts, Esq. VSB # 26014
               tom.roberts@robertslaw.org
               Andrew T. Bodoh, Esq. VSB # 80143
               andrew.bodoh@robertslaw.org
               Thomas H. Roberts & Associates, P.C.
               105 South 1st Street
               Richmond, VA 23219
               (804) 991-4308 (Direct)
               (804) 783-2000 (Firm)
               (804) 783-2105 (Fax)
               *Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was filed with the Court's CM/ECF system, which caused a Notice of Electronic Filing to be emailed to the following:

John B. Mumford, Jr. (VSB No. 38764)
Coreen A. Silverman (VSB No. 43873)
HANCOCK DANIEL & JOHNSON, P.C.
4701 Cox Road, Suite 400
Glen Allen, Virginia 23060
Tel: (804) 967-9604
Fax: (804) 967-9888
jmumford@hancockdaniel.com
csilverman@hancockdaniel.com
*Counsel for Defendant Joe Gutierrez*

Robert L. Samuel, Jr. (VSB No. 18605)
Richard H. Matthews (VSB No. 16318)
Anne C. Lahren (VSB No. 73125)
Bryan S. Peeples (VSB No. 93709)
PENDER & COWARD
222 Central Park Avenue, Suite 400
Virginia Beach, Virginia 23462
Tel: (757) 490-6293
Fax: (757) 502-7370
rsamuel@pendercoward.com
rmatthew@pendercoward.com
alahren@pendercoward.com
bpeeples@pendercoward.com
*Counsel for Defendant Daniel Crocker*

This the 13th day of December, 2021

By/s/ Jonathan M. Arthur, Esq.
       Counsel

Jonathan M. Arthur, Esq. VSB # 86323
j.arthur@robertslaw.org
Thomas H. Roberts, Esq. VSB # 26014
tom.roberts@robertslaw.org
Andrew T. Bodoh, Esq. VSB # 80143
andrew.bodoh@robertslaw.org
Thomas H. Roberts & Associates, P.C.
105 South 1st Street
Richmond, VA 23219
(804) 991-4308 (Direct)
(804) 783-2000 (Firm)
(804) 783-2105 (Fax)
*Counsel for Plaintiff*