IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**Caron Nazario** )
                      *Plaintiff*, )
v. ) Civil Action No. 2:21-cv-00169
                       )
**Joe Gutierrez, et. al.** )
                      Defendants. )

**PLAINTIFF CARON NAZARIO'S BRIEF IN SUPPORT OF HIS MOTION FOR PROTECTIVE ORDER.**

COMES NOW the Plaintiff, Caron Nazario, by counsel, for his brief in support of his Motion for Protective Order and states as follows:

**i. LAW.**

A Court may issue a protective order under Fed. R. Civ. P. 26(c) for good cause. The moving party must establish good cause for the protective order, that is prejudice, and the moving party must demonstrate that such prejudice falls within one of the five categories outlined in Fed. R. Civ. P. 26(c)(1): annoyance, embarrassment, oppression, undue burden, or undue expense. *See, Lathon v. Wal-Mart Stores East, LP*, 2009 U.S. Dist. LEXIS 54682 at *12-13 (E.D. Va. 2009); *Baron Fin. Corp. v. Natanzon*, 240 F.R.D. 200,202-203 (D. Md. 2006); Fed. R. Civ. P. 26(c). Among the appropriate protective orders are (1) forbidding the discovery, **Fed. R. Civ. P. 26(c)(1)(A)**, and (2) forbidding inquiry into certain matters or limiting the scope of discovery, **Fed. R. Civ. P. 26(c)(1)(D).**

**ii. ARGUMENT.**

As explained in detail below:

    **a.** Requiring the Plaintiff to submit to the requested Independent Medical Examination is uniquely and substantially prejudicial in this context as it could serve no legitimate litigation purpose as the Defendants, due to their own dilatory

1

action, will not be able to use any IME in their Rule 26(a)(2)(B) expert disclosures – they permitted the mandatory disclosure deadline to elapse without being bothered to timely schedule the IMEs. Therefore, requiring the Plaintiff to submit to such an invasive procedure when it could not be used at litigation is oppressive, embarrassing, and unduly burdensome.

b. Requiring the Plaintiff to submit to the requested medical examinations pursuant to the vague scope of the tests to be administered, and when such notice of the IME fails the particularity requirements of Fed. R. Civ. P. 35(a)(2)(B) would oppressive and unduly burdensome as there has been no reasonable delineated of scope for the two proposed investigation.

c. Requiring the Plaintiff to submit to the requested medical examinations on the dates unilaterally proposed by Defendant Crocker, and under the schedules that he proposed is prejudicial, oppressive, and unduly burdensome to the plaintiff as it intentionally robs the Plaintiff of time Plaintiff had previously designated to prepare for his December 23, 2021, deposition (leaving no time for Plaintiff or his counsel to reschedule), and will push back the plaintiff's trial and its briefing schedules as the Defendants are requesting a deadline extension of almost a full month.

In the present case, Defendant Crocker should not be permitted to extend his expert disclosure deadlines by 22 days for Dr. Sautter[1] and 27 days for Dr. Sheorn[2] as the failure to meet the December 8, 2021, Rule 26(a)(2)(B) disclosure deadline **(Doc. 39)** was due completely to the Defendant's failure to promptly proceed with the normal processes of discovery. **(Doc. 58)**. And this Court should deny them the same. **(Doc. 58)**. This failure was not substantially justified, nor is it harmless. The Defendants have bene on notice since the time the suit was filed of the emotional damage that they caused the Plaintiff. The Court entered a Scheduling Order in July **(Doc. 39)** putting the Defendants on notice of the discovery schedule. Defendant Crocker has no justifiably reason for failing to timely schedule the IME's in time for utilization by his Rule 23(a)(2)(B) experts. As such, the proposed IME's may not be used and subjecting the Plaintiff to such an obtrusive examination which the Defendant cannot use is oppressive, annoying, and an undue burden.

Further, Defendant Crocker's Rule 35 notice fails for particularity, and exposes the Plaintiff to a litany of unknown and undefined tests (**Docs.57 and 59)** and Defendant Crocker has patently refused to provide the specificity that Fed. R. Civ. P. 35(a)(2)(B) requires so that the Plaintiff can determine whether there is good cause to submit the Plaintiff to the particular tests, or whether

---

[1] Pursuant to this Court's Rule 16(b) Pretrial Scheduling Order **(Doc. 39)** the Defendant Crocker's Rule 26(a)(2)(B) expert designations were due on December 8, 2021. Regarding Dr. Sautter, the Defendant seeks a Rule 35 Independent Medical Examination on December 20, 2021, or 12 days after their 26(a)(2)(B) designations were due, and then a subsequent extension of 10 days after the Rule 35 IME occurs to tender the required Rule 26(a)(2)(B) expert designations, for a total of a 22-day extension. **(Doc. 57, pp. 6-7)**.

[2] Pursuant to this Court's Rule 16(b) Pretrial Scheduling Order **(Doc. 39)** the Defendant Crocker's Rule 26(a)(2)(B) expert designations were due on December 8, 2021. Regarding Dr. Sheorn, the Defendant seeks a Rule 35 Independent Medical Examination on December 22, or 14 days after his 26(a)(2)(B) designations were due, and then proposes that the date for the Rule 26(a)(2)(B) be due is January 4, 2021 for a total of a 27-day extension beyond their December 8, 2021 deadline. **(Doc. 57, pp. 6-7)**.

3

such tests would be oppressive, and overly burdensome. (**Doc. 59**). Thus, this Court should deny their motion to compel the Fed. R. Civ. P. 35 Independent Mental Examination on these grounds as well. (**Doc. 59**). As the Defendants should not be permitted to extend their expert disclosure deadline due their own dilatory actions, there is no need for the Rule 35 Independent Medical Examination – it would serve them no purpose. Further, as the Defendants have failed to properly designate under Fed. R. Civ. P. 35 (a)(2)(B) a reasonable scope of the Independent Medical Examination, no independent medical examination should be had, especially as they should not be able to tender the 26(a)(2)(B) designations almost a month out of time.

Under these circumstances to force the Plaintiff to submit to not one but two Independent Medical Examinations will be unduly burdensome, oppressive, and would harass and annoy the plaintiff - again it would serve no legitimate purpose as the Defendant cannot extend its disclosure deadline and thus the proposed IME's could not be used in litigation. An IME, when timely is invasive, oppressive, and embarrassing enough; and IME out of time is even more so. Therefore, this Court should enter a protective order pursuant to Rule 26(c) prohibiting the independent medical examinations. *See, Lathon*, 2009 U.S. Dist. LEXIS 54682 at *12-13; *Natanzon*, 240 F.R.D. at 202-203; Fed. R. Civ. P. 26(c).

In what seems to be a calculated move, Defendant Crocker is attempting to compel the Plaintiff's attendance of the Sautter IME three days prior to the date that the Defendant has scheduled its deposition of the Plaintiff, (**compare Exhibit 1 with Doc. 57, pp. 6-7**), and to compel Plaintiff's attendance of the Sheorn IME one day prior to the Defendant's own taking of

4

the Plaintiff's deposition. (**Compare Exhibit 1³ with Doc. 57, pp. 6-7**).⁴ Not only did Defendant Crocker tender these days to the Court without first clearing them with Plaintiff or his counsel, they are intruding on the dates that Plaintiff and his Counsel had set aside to prepare the Plaintiff for his own depositions. Again, by trying to compel the Plaintiff's attendance in the days prior to his own deposition, the Defendant has created an oppressive and unduly burdensome situation where the Defendant would be robbing the Plaintiff of the Plaintiff's ability to appropriately plan for his own deposition and the Defendant's proposed schedule leaves almost no time to reschedule. Thus, the proposed schedule, necessitated by Defendant Crocker's own discovery failures, is oppressive and unduly burdensome and is an annoyance and this Court should grant the protective order. *See, Lathon*, 2009 U.S. Dist. LEXIS 54682 at *12-13; *Natanzon*, 240 F.R.D. at 202-203; Fed. R. Civ. P. 26(c).

     Of note, by pushing back the deadline of their own Rule 26(a)(2)(B) expert disclosures, the Defendants are modifying the entire trial schedule, run the risk that trial would need to be continued so that the parties could meet the briefing and dispositive motions schedules, and prejudice the Plaintiff who diligently followed the discovery process so that he could meet his own Rule 26(b)(2)(B) and (C) disclosures and deadlines.

---

³ Plaintiff has **no record** of Defendant Crocker having yet issued a Fed. R. Civ. P. 33(b)(1) Notice of Deposition for the Plaintiff for this date or any other, so Plaintiff assumes that the Defendants are still planning to depose the Plaintiff on this date.

⁴ The Defendants would not have been without recourse. The Plaintiff produced his treating Physiatrist's and treating Psychologists notes and test to the Plaintiff on November 11, 2021 (one day early), and the Defendants could have availed themselves to using such test results and notes prior to their 26(a)(2)(B) deadline in lieu of compelling an IME after their 26(a)(2)(B) disclosure deadline expired. Plaintiff even suggested the same. It does not appear that they did such.

### iii. GOOD FAITH CERTIFICATION AND EFFORTS.[5]

Plaintiff's counsel certifies that he in good faith, attempted to resolve this matter with the counsel for the Defendant by, *inter alia*, being amenable to submit to the Rule 35 IME absent court order provided that the scope of such IME could be properly established, (**E.g., docs. 57-1, 57-2, p. 1-2; 57-3, p. 1 and 2; 57-4; 59-1 and 59-2**), and by being willing to make Plaintiff available for the same provided that such Rule 35 IME's could occur prior to the close of the Defendant's Rule 26(a)(2)(B) disclosure deadlines. (**E.g. Docs. 59-1 and 59-2.**)

### iv. CONCLUSION.

The defendant's situation is of their own making; they are the architect of their own misfortune. They cannot extend the deadline to tender their Rule 26(a)(2)(B) expert designations because their failure was due to their own lack of diligence in pursuing the normal course of discovery. They cannot compel a Rule 35 Independent Medical Examination because their notice and proposed scope is overbroad and thus there is no way to determine whether there is good cause for any particular test they wish to administer – they have specified no such test. Thus, under the circumstances a Rule 35 Independent Medical Examination of such undefined scope would not be admissible through their experts and to subject the Plaintiff to the same would be oppressive, unduly burdensome, harassing, and embarrassing.

Further, by proposing unilaterally dates to compel the Plaintiff to these Rule 35 Independent Medical Examinations a day prior to his own deposition, the Defendant has, likely knowingly, attempted to rob the Plaintiff of the time designated for Plaintiff's counsel to help prepare the

---

[5] Defendant's Joint Motion, **Doc. 57**, lacks such certification and narrative of the good faith attempt as is required by this Court's Scheduling Order, **Doc. 39**. Thus, the Joint Motion, **Doc. 57**, should be dismissed in its entirety, which is another reason why compelling the IME's and extending the Scheduling Order would be oppressive, embarrassing, annoying, and create an undue burden.

Plaintiff for his own deposition. Thus, ordering such Rule 35 Independent Medical Examinations would be oppressive and unduly burdensome.

**WHEREFORE**, the Plaintiff, by counsel, respectfully requests that this Court grant the Plaintiff's Motion for a Protective Order pursuant to Rule 26(c)(1)(A) and (D) and order that the independent medical examinations not be had and by ordering that the Defendant may not inquire into the Plaintiff's mental and psychological state by means of the Independent Medical Examination and any further relief as this Court deems warranted.

**PLAINTIFF REQUESTS A HEARING ON THIS MATTER.**

v. **BRIEFING SCHEDULE.**

Plaintiff proposes that the Defendant's response to this motion for protective order be due on December 17, 2021. Per the Scheduling Order (**Doc. 39**) discovery closes on December 28, 2021, leaving the court 15 days to decide on this motion prior to the close of discovery.

**December 13, 2021.**

        **Respectfully submitted,**

        By: /s/ Jonathan M. Arthur, Esq.
                Counsel

        Jonathan M. Arthur, Esq. VSB # 86323
        j.arthur@robertslaw.org
        Thomas H. Roberts, Esq. VSB # 26014
        tom.roberts@robertslaw.org
        Andrew T. Bodoh, Esq. VSB # 80143
        andrew.bodoh@robertslaw.org
        Thomas H. Roberts & Associates, P.C.
        105 South 1st Street
        Richmond, VA 23219
        (804) 991-4308 (Direct)
        (804) 783-2000 (Firm)
        (804) 783-2105 (Fax)
        *Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was filed with the Court's CM/ECF system, which caused a Notice of Electronic Filing to be emailed to the following:

John B. Mumford, Jr. (VSB No. 38764)
Coreen A. Silverman (VSB No. 43873)
HANCOCK DANIEL & JOHNSON, P.C.
4701 Cox Road, Suite 400
Glen Allen, Virginia 23060
Tel: (804) 967-9604
Fax: (804) 967-9888
jmumford@hancockdaniel.com
csilverman@hancockdaniel.com
*Counsel for Defendant Joe Gutierrez*


Robert L. Samuel, Jr. (VSB No. 18605)
Richard H. Matthews (VSB No. 16318)
Anne C. Lahren (VSB No. 73125)
Bryan S. Peeples (VSB No. 93709)
PENDER & COWARD
222 Central Park Avenue, Suite 400
Virginia Beach, Virginia 23462
Tel: (757) 490-6293
Fax: (757) 502-7370
rsamuel@pendercoward.com
rmatthew@pendercoward.com
alahren@pendercoward.com
bpeeples@pendercoward.com
*Counsel for Defendant Daniel Crocker*

This the 13th day of December, 2021.

                                                        By: /s/ Jonathan M. Arthur, Esq.
                                                                   Counsel

                                                    Jonathan M. Arthur, Esq. VSB # 86323
                                                    j.arthur@robertslaw.org
                                                    Thomas H. Roberts, Esq. VSB # 26014
                                                    tom.roberts@robertslaw.org
                                                    Andrew T. Bodoh, Esq. VSB # 80143
                                                    andrew.bodoh@robertslaw.org
                                                    Thomas H. Roberts & Associates, P.C.
                                                    105 South 1st Street

Richmond, VA 23219
(804) 991-4308 (Direct)
(804) 783-2000 (Firm)
(804) 783-2105 (Fax)
*Counsel for Plaintiff*