IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| **Caron Nazario** | ) | |
| *Plaintiff*, | ) | |
| v. | ) | |
| | ) | Civil Action No. 2:21-cv-00169 |
| | ) | |
| **Joe Gutierrez, et. al.** | ) | |
| *Defendants*. | ) | |

**PLAINTIFF CARON NAZARIO
MEMORANDUM IN SUPPORT OF HIS MOTION TO QUASH DEPOSITION
NOTICE FOR AND SUBPOENA TO TREATING PHYSICIAN DR. SELLMAN AND
MOTION FOR PROTECTIVE ORDER**

COMES NOW the Plaintiff, Caron Nazario, by counsel, and files this brief in support of the Plaintiff's 26(c) motion to quash the notice for deposition of and subpoena to treating physician Dr. Sellman and for a protective order and in support thereof states as follows:

**I.     Posture of the Case**

In this matter, the civil rights violations by defendants against the plaintiff is scheduled for a 5-day jury trial beginning March 28, 2022. To prevent delays and to put the parties on notice of the deadlines a pretrial order was entered. Defendant Crocker has delayed discovery and has now filed an unreasonable notice of deposition, requiring plaintiff to file an objection and to seek a protective order. Graham v. Dhar, No. 1:18-00274, 2019 U.S. Dist. LEXIS 218293, at *11 (S.D. W. Va. Dec. 19, 2019)(Federal Rule 37(d)(2) is clear on this matter, as is the law of this district. See Robinson v. Quicken Loans, Inc., 2013 U.S. Dist. LEXIS 59127, 2013 WL 1776100, at *3 (S.D.W. Va. Apr. 25, 2013)("'[T]here is no provision in the rules which provides for a party whose deposition is noticed to serve objections . . . to avoid providing the requested discovery until an order compelling discovery is issued . . . **Put simply and clearly, absent agreement, a party who . . . does not wish to comply with a notice of deposition must seek a protective**

1

**order.**'")(quoting New England Carpenters Health Benefits Fund v. First Databank, Inc., 242 F.R.D. 164, 165-66 (D. Mass. 2007)).

   II.    **Nature of the Discovery Dispute.**

Federal Rule of Civil Procedure 30(b)(1) requires the noticing party to provide "reasonable written notice" of the date, location, and time of the deposition. **Fed. R. Civ. Pro. 30(b)(1)**. Reasonable notice is determined on a case-by-case basis. Parks v. La.-Pacific Corp., No. 5:18-CV-00012-GCM, 2019 U.S. Dist. LEXIS 4810, at *3-4 (W.D.N.C. Jan. 10, 2019); Here, Dr. Sellman was identified on October 20, 2021 in a supplemental Rule 26(a) disclosure as a treating physician. He was also identified as an expert in early November, 2021. Defendant did not promptly seek to depose Dr. Sellman. Defendant Crocker, after waiting over 2 months, has only allowed 6 business days before the proposed deposition of Dr. Sellman who is no longer available upon such short notice. The notice was issued by Crocker with full notice that he is on holiday until after the close of discovery. The defendant is at the eleventh-hour are initiating steps in an attempt to comply with the deadlines imposed by the court's long-standing pretrial order, which was clear and not a surprise, by riding roughshod over the normal conventions of timely scheduling with experts and opposing counsel the times and dates for depositions. Ritchie v. Kvaerner Songer, No. 6:07-cv-00959, 2010 U.S. Dist. LEXIS 161571, at *4 (S.D. W. Va. May 28, 2010)("It is inappropriate and discourteous for a party to give notice of a deposition without making good faith efforts to reach agreement with opposing counsel and the witness for a mutually convenient date, time, and place for the taking of a deposition. The Court expects its scheduling orders to be respected and discovery to be conducted in compliance with those orders, except as the parties may agree and stipulate otherwise, without affecting the court-set deadlines.") Notwithstanding the dilatory actions of defendants, plaintiff, in good faith, worked

with defendant's last-minute efforts and has scheduled depositions for two of the three experts of plaintiff. Treating physician Dr. James Sellman's office informed plaintiff's counsel in response to the last-minute request by defendant Crocker to schedule his deposition that he was no longer available for deposition due to vacations schedules. The holidays are not a surprise. Close of discovery is not a surprise.

As outlined in objection to the motion to extend deadlines, (**Docs. 58, 59**), defendant Crocker is the architect of his own misfortune. On December 8, 2021, the day their expert designations were due pursuant to the scheduling order **(Doc. 39)**, Defendant Crocker submitted a motion **(Doc. 57)** for extension and modification of this Court's July 20, 2020, Scheduling Order **(Doc. 39)**. He alleges the extension is necessary because, of, *inter alia*, the Plaintiff's "gamesmanship" **(Doc. 57, p. 5)**. This omitted the following material facts demonstrating that it was not "gamesmanship," but that Crocker simply was not diligent. He waited **162 days** after his counsel made their appearance (**Doc. 10 and 11**) to issue discovery. Plaintiff's November 3, 2021 responses to Crocker's discovery was provided three days early, *see,* **Fed. R. Civ. P. 33(b)(2)**, and plaintiff previously transmitted his responses to Defendant Gutierrez's discovery to all counsel. On or around September 21, 2021, Plaintiff disclosed to counsel that there were medical and military documents Plaintiff wanted covered by a protective order,[1], and submitted a draft that same day**.** On October 7, 2021, Plaintiff produced his answers to defendant Gutierrez' discovery and again reiterated documents were being withheld pending the protective order, and asked for confirmation of the order's language. The Defendants requested changes, and

---

[1] The Defendants allegation that the Plaintiff has "not alleged *any* physical injury as of the date of their motion", **(Doc. 57, p.3),** is a patently false statement. ***See, e.g. Doc. 1, ¶¶ 39, 46; and 64(a) and (c) and Plaintiffs 26(a)(1) initial disclosures, and Plaintiff's answers to the Defendants' Interrogatories.***

3

Defendant Gutierrez agreed to make the revisions; Defendant Crocker agreed. After 19 days, Plaintiff informed the Defendants that he could no longer wait and would file a motion for the order, and filed for the order, (**Docs. 49 – 50**). Only on **November 11, 2021**, the date Plaintiff produced his expert reports, did the Defendants produce the order and motion. **Doc. 53.** Thus, the Defendants permitted **51 days** to elapse between the Plaintiff's proposed order and the time they tendered the revised order for entry. Defendant Crocker waited over a month before noticing the deposition of the plaintiff's experts.

Over two months after treating physician Dr. Sellman was identified, defendant Crocker on December 14, 2021, issued a notice of deposition with a subpoena commanding his appearance, with full knowledge that Dr. Sellman was not available on the date noticed. Additionally, and not insignificant, defendant Crocker has not committed to paying the experts, Mark Bong, Dr. Utsey or Dr. Sellman, for their time at the proposed depositions, notwithstanding the clear mandate of the Rules - Rule 26 provides, in pertinent part, that "unless manifest injustice would result, (i) the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery . . ." **Fed. R. Civ. P. 26(b)(4)(C).**

Thus, the defendant's situation is due entirely to his failure to proceed diligently. He has delayed, delayed, delayed and now unreasonably expects expert witnesses to testify without being paid in disregard of their vacation schedules all at the 11th hour.

**III.      Efforts Made by Parties to Resolve the Dispute.**

Plaintiff has requested defendant to rescind the notice of deposition and subpoena. Plaintiff requested defendant Crocker to confirm that he would pay the expert's their fees, but has only committed to doing so upon court order.[2]

**Hearing.**

Plaintiff Caron Nazario requests a hearing on the matter, in person or telephonic, to the extent that the Court has any questions or concerns related to the motion to quash or the proposed protective order.

### IV. Certification.

Counsel for Caron Nazario hereby certifies that he has conferred with Counsel for Crocker in a good faith attempt to resolve these issues without court involvement. Counsel for Crocker by agreement shall file a brief in opposition, if any, by 12/20/2021.[3]

**WHEREFORE,** plaintiff, by counsel respectfully requests that this honorable court quash the notice and subpoena and enter the protective order quashing the notice and subpoena for Dr. Sellman, prohibiting the deposition of Dr. Sellman, ordering the payment of Fed. R. Civ. P. 26(b)(4)(C) fees for Mark Bong and Dr. Utsey, and any further relief as this court deems warranted.

**November 15, 2021**

                                            **Respectfully submitted,**

                                            By: /s/ Thomas H. Roberts, Esq.
                                                                Counsel

                                            Jonathan M. Arthur, Esq. VSB # 86323

---

[2] Crocker's Counsel by email– "We confirm that we will be paying the attendance and work-up fees for Dr. Utsey and Dr. Sellman (**if the Court permits it**)."(emphasis added)
[3] 12/14/2021 – Email to Lahren, Esq. – " If I file tomorrow, could you file your response by Friday???" Response Email from Lahren: "If you file it by Friday I can file a response by end of day Monday."

j.arthur@robertslaw.org  
Thomas H. Roberts, Esq. VSB # 26014  
tom.roberts@robertslaw.org  
Andrew T. Bodoh, Esq. VSB # 80143  
andrew.bodoh@robertslaw.org  
Thomas H. Roberts & Associates, P.C.  
105 South 1st Street  
Richmond, VA 23219  
(804) 783-2002 (Direct)  
(804) 783-2000 (Firm)  
(804) 783-2105 (Fax)  
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was filed with the Court's CM/ECF system, which caused a Notice of Electronic Filing to be emailed to the following:

John B. Mumford, Jr. (VSB No. 38764)
Coreen A. Silverman (VSB No. 43873)
HANCOCK DANIEL & JOHNSON, P.C.
4701 Cox Road, Suite 400
Glen Allen, Virginia 23060
Tel: (804) 967-9604
Fax: (804) 967-9888
jmumford@hancockdaniel.com
csilverman@hancockdaniel.com
*Counsel for Defendant Joe Gutierrez*

Robert L. Samuel, Jr. (VSB No. 18605)
Richard H. Matthews (VSB No. 16318)
Anne C. Lahren (VSB No. 73125)
Bryan S. Peeples (VSB No. 93709)
PENDER & COWARD
222 Central Park Avenue, Suite 400
Virginia Beach, Virginia 23462
Tel: (757) 490-6293
Fax: (757) 502-7370
rsamuel@pendercoward.com
rmatthew@pendercoward.com
alahren@pendercoward.com
bpeeples@pendercoward.com

*Counsel for Defendant Daniel Crocker*

This the 15th day of December, 2021

By: /s/ Thomas H. Roberts, Esq.
Counsel

Jonathan M. Arthur, Esq. VSB # 86323
j.arthur@robertslaw.org
Thomas H. Roberts, Esq. VSB # 26014
tom.roberts@robertslaw.org
Andrew T. Bodoh, Esq. VSB # 80143
andrew.bodoh@robertslaw.org
Thomas H. Roberts & Associates, P.C.
105 South 1st Street
Richmond, VA 23219
(804) 783-2002 (Direct)
(804) 783-2000 (Firm)
(804) 783-2105 (Fax)
*Counsel for Plaintiff*