IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| **Caron Nazario** | ) | |
| *Plaintiff*, | ) | |
| v. | ) | Civil Action No. 2:21-cv-00169 |
| | ) | |
| **Joe Gutierrez, et. al.** | ) | |
| *Defendants*. | ) | |

**PLAINTIFF CARON NAZARIO'S MEMORANDUM IN SUPPORT OF HIS MOTION TO QUASH SUBPOENAE DUCES TECUM ISSUED BY DEFENDANT GUTEIRREZ**

COMES NOW the Plaintiff, Caron Nazario, by counsel, in support of his Motion to Quash subpoenae *duces tecum* issued by defendant Joseph Raymond Gutierrez hereby states as follows:

**I.    POSTURE OF THE CASE AND NATURE OF THE DISCOVERY DISPUTE**

On July 20, 2021, this Court entered the Scheduling Order in this matter.  **(Doc. 39)**. Pursuant to this Scheduling Order, "[a]ll discovery, including the required period for response to any discovery demands, must be concluded **not later than December 28, 2021** except by order of this Court."  **(Doc. 39, ¶ 6)**(emphasis added).

On or around December 27, 2021, with one day remaining in the Court's scheduling order to complete discovery, the defendant Joseph Raymond Gutierrez, through Counsel, issued three subpoenae *duces tecum*, the first, to the Virginia Department of Health, the second to Richard Bland College Foundation, and the Third to Properties Remembered, LLC, all seeking employment information regarding the Plaintiff, and all having a return date of January 17, 2022,

1

or a full 20 days after the close of discovery[1]. These subpoenae are directed at Lt. Caron Nazario's previous and current employers, and Lt. Nazario disclosed their existence and status as previous and current employers all defendants on November 3, 2021.[2]

The failure to promptly proceed with the normal discovery processes is laid bare again by the delay between disclosure of these entities and their relationship to the Plaintiff by the Plaintiff to the defendants on November 3, 2021, and defendant Gutierrez' attempt to subpoenae documents therefrom, December 27, 2021, for a delay of 54 days.

This is a further flagrant attempt by the defendants to ignore and violate this Court's scheduling orders. They have not sought to obtain an order permitting them to seek this discovery after the close, and like the previous attempts to violate the Court's Scheduling Order, (**Docs. 57 – 66**) an order extending the time for discovery is inappropriate as pursuant to Rule 16(b) and this Court's own Scheduling Order (**Doc. 39, ¶ 6).** The defendants must demonstrate

---

[1] Pursuant to this Court's Scheduling Order (**Doc. 39**) the plaintiff has not attached any of the discovery documents, but will promptly submit the same, if this court deems it necessary, upon the issue of a Court Order.

[2] Defendant Gutierrez, notwithstanding the fact that he waited 133 days after his counsel filed their notice of appearance to issue his first discovery requests did not ask the Plaintiff for his previous employment information. It was defendant Crocker, who issued his discovery 162 days after his attorneys filed their notice of appearance, that asked about Lt. Nazario's previous employment. When Lt. Nazario answered defendant Crocker's discovery on November 3, 2021, he forwarded his answers to counsel for both Crocker and Gutierrez.

"good cause" to modify the order to extend discovery, and whatever good cause is, it is not the failure of the party seeking the modification to promptly proceed with the normal discovery processes.  *E.g.*, *Montgomery v. Anne Arundel Cnty*, 187 F. Appx 165, 162 (4th. Cir. 2006); McAfee *v. Bozcar*, 2012 U.S. Dist. LEXIS 89420 at * 5 (E.D. VA. 2012); Fed. R. Civ. P. 16(b)(4); E.D. Va. Loc. R. Civ. P. 169(B); Doc. 39, ¶ 6.

Again, as the failure to timely issue these subpoenae *duces tecum* is due *uniquely* to the defendant's own failure to promptly proceed with the normal discovery processes which seems to have become their pattern and practice.

Therefore, having failed to move for an extension for the discovery order, requiring a response 20 days beyond the close of discovery violates the Court's Scheduling order, and left one day for all subpoenaed entities to comply with the subpoenae prior to discovery's close. Therefore, a motion to quash these subpoenae is appropriate both this Court's scheduling order as well as pursuant to Fed. R. Civ. P. 45 (3)(A)(i) and (iv).

## II. EFFORTS MADE TO RESOLVE THE DISPUTE AND THE POSITION OF EACH PARTY TO RESOLVE THE DISPUTE

Plaintiff initially reached out to the defense team for defendant Gutierrez on December 28, 2021, objecting to them, pointing out the untimely nature of the subpoenae *duces tecum* and the fact that their issuance violated the Scheduling Order and asking them to withdraw the same.  A member of defendant Gutierrez defense team responded on December 30, 2021, stating that the attorney who issued the subpoenae was out of the country but that he would speak to her the "next week."  That next week, on January 4, 2022, counsel for plaintiff Nazario reached back out to Gutierrez' defense team inquiring about the status of the issuing attorney.  On January 5, 2022, defendant Gutierrez defense team informed that the issuing attorney was back in the country and was asked to provide available dates so that the issuing attorney could "coordinate a

call with [him] this week to discuss the subpoenas [sic]" and that day counsel for the plaintiff provided the dates and advised defendant Gutierrez defense team that he would be filing the motion to quash today. **Exhibit 1.** As of the date of this filing, Coreen Silverman, Esq., the issuing attorney has not contacted or attempted to contact counsel for the Plaintiff. It is the plaintiff's position that these subpoenae should be quashed in their entirety. Plaintiff's counsel is not aware of the defendant's position on this matter as the defendant has thus far refused to engage in substantive communications with the Plaintiff.

### III.  HEARING

Plaintiff Caron Nazario does not request a hearing on this matter, submitting it instead for a decision on the pleadings alone.

### IV.  CERTIFICATION

Counsel for Plaintiff Caron Nazario hereby certifies that he as attempted to confer with counsel for Defendant Joseph Raymond Gutierrez in good faith in an attempt to resolve this matter without Court action.

**WHEREFORE**, Lt. Caron Nazario, by counsel, respectfully requests that this Court enter an order:

(a) Quashing these subpoenae and order that no response is necessary;

(b) Grant Lt. Nazario his reasonable attorneys fee for having to prosecute this motion, and

(c) Any further relief as this Court deems warranted.

**January 7, 2022.**

Respectfully submitted,

By: /s/ Jonathan M. Arthur, Esq.
          Counsel

Jonathan M. Arthur, Esq. VSB # 86323
j.arthur@robertslaw.org
Thomas H. Roberts, Esq. VSB # 26014
tom.roberts@robertslaw.org
Andrew T. Bodoh, Esq. VSB # 80143
andrew.bodoh@robertslaw.org
Thomas H. Roberts & Associates, P.C.
105 South 1st Street
Richmond, VA 23219
(804) 991-2002 (Direct)
(804) 783-2000 (Firm)
(804) 783-2105 (Fax)
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was filed with the Court's CM/ECF system, which caused a Notice of Electronic Filing to be emailed to the following:

John B. Mumford, Jr. (VSB No. 38764)
Coreen A. Silverman (VSB No. 43873)
HANCOCK DANIEL & JOHNSON, P.C.
4701 Cox Road, Suite 400
Glen Allen, Virginia 23060
Tel: (804) 967-9604
Fax: (804) 967-9888
jmumford@hancockdaniel.com
csilverman@hancockdaniel.com
*Counsel for Defendant Joe Gutierrez*


Robert L. Samuel, Jr. (VSB No. 18605)
Richard H. Matthews (VSB No. 16318)
Anne C. Lahren (VSB No. 73125)
Bryan S. Peeples (VSB No. 93709)
PENDER & COWARD
222 Central Park Avenue, Suite 400

Virginia Beach, Virginia 23462
Tel: (757) 490-6293
Fax: (757) 502-7370
rsamuel@pendercoward.com
rmatthew@pendercoward.com
alahren@pendercoward.com
bpeeples@pendercoward.com
*Counsel for Defendant Daniel Crocker*

This the 7th day of January, 2022

      By: /s/ Jonathan M. Arthur, Esq.
         Counsel

Jonathan M. Arthur, Esq. VSB # 86323
j.arthur@robertslaw.org
Thomas H. Roberts, Esq. VSB # 26014
tom.roberts@robertslaw.org
Andrew T. Bodoh, Esq. VSB # 80143
andrew.bodoh@robertslaw.org
Thomas H. Roberts & Associates, P.C.
105 South 1st Street
Richmond, VA 23219
(804) 991-2002 (Direct)
(804) 783-2000 (Firm)
(804) 783-2105 (Fax)
*Counsel for Plaintiff*