IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CARON NAZARIO,                    )
      Plaintiff,                    )
                         )
          v.                    )          Civil Action No. 2:21CV169 (RCY)
                         )
JOE GUTIERREZ,                    )
*in his personal capacity*, and                    )
DANIEL CROCKER,                    )
*in his personal capacity*,                    )
      Defendants.                    )
                         )

**ORDER**

This matter is before the Court on Defendant Crocker's Motion to Compel Rule 35 Independent Medical Exam of the Plaintiff and for Extension of Time to Submit Rule 26(a)(2)(B) Report Related to Rule 35 IME ("Motion to Compel IME") (ECF No. 57), in which Defendant Joe Gutierrez joins (ECF No. 67), and Plaintiff's Motion for Protective Order (ECF No. 60).

Federal Rule of Civil Procedure 35 ("Rule 35") authorizes the Court to "order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35.  Here, Plaintiff has put his mental condition at issue by alleging damages for "[p]ast, present, and future mental anguish and damages" in his Complaint. (ECF No. 1 ¶ 64.)  Additionally, Plaintiff's expert disclosures and supporting documentation allege that he is now suffering from depression, anxiety, and Post Traumatic Stress Disorder. (ECF No. 57 at 3.)

Rule 35 also requires that the motion must be made for "good cause" and must "specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it."  The need to counter a plaintiff's expert witness is sufficient for showing

good cause. *See, e.g., Zumstein v. Boston Sci. Corp.*, No. 2:13cv2344, 2014 WL 7236406, at *1 (S.D.W. Va. Dec. 17, 2014); *Simon v. Bellsouth Advertising & Pub. Corp.*, No. 3:09cv177, 2010 WL 1418322, at *4 (W.D.N.C. Apr. 1, 2010).  Defendant contends that Plaintiff's discovery and export disclosures included reports from Plaintiff's treating psychiatrist and psychologist. (ECF No. 57 at 3-4.)  Therefore, there is good cause for this motion.

As for the specificity requirement, the parties disagree on whether the Defendant has provided sufficient information on the scope of the mental examinations.  The moving party does not need to provide a list of every test that the examiner intends to use, but the moving party does need to provide some information on the nature of tests to be performed. *See, e.g., Ren. v. Phoenix Satellite TV (US), Inc.,* 309 F.R.D. 34, 38 (D.D.C. 2015) (finding that the description "administer only those tests that are necessary" was too generalized to provide a sense of the scope of the examination); *Ragge v. MCA/Universal Studios*, 165 F.R.D. 605, 609 (C.D. Cal. 1995) ("[The examiner] sets forth the nature of the examination to be conducted, including the types of psychological tests he may choose to administer . . . It would serve no purpose to require [the examiner] to select, and disclose, the specific tests to be administered in advance of the examination.").  While Defendant does not need to specify the names of the tests to be performed or provide the exact questions that will be asked, he must provide more information than "[questions/evaluations/assessments] that represent the standard of practice in clinical psychology and neuropsychology appropriate to the evaluation of presenting problems related by the plaintiff." (ECF No. 59-1.)

Descriptions that have been found to sufficiently inform plaintiffs of the scope of examination tend to include the subject matter of the tests, the issue those tests are focused on, and/or the length of time the tests are expected to take. *See, e.g., McKisset v. Brentwood BWI One, LLC,* No. 14-1159, 2015 WL 8041386, at *2 (D. Md. Dec. 4, 2015) ( "[The examiner] expressly

identifies the approximate length of time that each test will require, and further identifies the testing or interviewing activities that will occur in each time period."); *Machie v. Manger*, No. 09-2196, 2012 WL 3656501, at *1-2 (D. Md. Aug. 23, 2012) (Examiner provided a time estimate for how long the interview would take, a time estimate for how long testing would take, four possible tests he *may* administer, a specific list of injuries he would be trying to access).

The Court finds that the Defendant's description of the psychological exam does not provide sufficient information as to the scope of the exam; however, the description of the psychiatric exam is sufficient. (*See* ECF No. 59-1 at 1; ECF No. 59-2 at 1.)

The Court hereby GRANTS Defendant Crocker's Motion to Compel IME (ECF No. 57) to the extent set forth herein and DENIES Plaintiff's Motion for Protective Order (ECF No. 60). Additionally, the Court ORDERS Defendant to provide Plaintiff with a statement explaining the scope of the psychological examination that is consistent with this Order.  Further, the Court ORDERS Defendant and Plaintiff to MEET AND CONFER on a mutually agreeable time for the examinations to order and to FILE a Joint Status Report recommending necessary modifications to the Scheduling Order.

Let the Clerk file this Order electronically and notify all counsel accordingly.

It is so ORDERED.

/s/

Roderick C. Young
United States District Judge

Richmond, Virginia
Date: January 18, 2022