UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| **Caron Nazario** | : |
| *Plaintiff*, | : |
| v. | : Civil Action No. 2:21-cv-00169 |
| **Joe Gutierrez**, *In his personal capacity* | : JURY DEMANDED BY PLAINTIFF |
| and | : |
| **Daniel Crocker** *In his personal capacity,* | : |
| *Defendants.* | : |

## MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION FOR CONTINUANCE OF TRIAL DATE AND REQUEST FOR STATUS CONFERENCE

Now Comes Defendant Daniel Crocker ("Crocker"), by counsel, jointly with Plaintiff Caron Nazario, by counsel, and Defendant Joe Gutierrez, by counsel, and submits this Memorandum of Law in Support of their Joint Motion for Continuance of Trial Date and Request for Status Conference, and states as follows:

### I.   Introduction and Brief Status Overview of Case

This case involves claims by Plaintiff Nazario arising from a traffic stop by Defendants Joe Gutierrez and Daniel Crocker that occurred on December 5, 2020 in Windsor, Virginia. At the time of the traffic stop, both Defendants were on-duty, uniformed, law enforcement officers with the Windsor Police Department. Cross-motions for summary judgment were timely filed on January 12, 2022 and are currently pending before the Court. Both Defendants have pleaded qualified immunity as a defense to all of the Plaintiff's claims. Trial is set before this Court to commence May 2, 2022, approximately five weeks from the filing of this present Motion. Plaintiff filed a Motion to Exclude

Defendants' Experts on January 17, 2022 (Docs. 83 and 85) which remains pending before this Court and upon which Magistrate Judge Leonard requested a hearing on March 22, 2022 but for which there appear to be no mutually available dates prior to mid-April 2022. Pursuant to the Court's Modified Scheduling Order (Doc. 92) issued on January 26, 2022, all parties have significant pretrial deadlines commencing April 1, 2022 (Plaintiff's witness and exhibit list is due March 23, 2022 but subject to a consent motion for extension of time to April 1, 2022). All parties intend to appeal an adverse ruling on his respective motion for summary judgment for which it is well established that such an interlocutory appeal is a matter of right on issues of qualified immunity.

## II.     Legal Standard

Local Rule 7(G) states that "Motions for continuances of a trial or hearing date shall not be granted by the mere agreement of counsel. No continuance will be granted other than for good cause and upon such terms as the Court may impose." While the Court has broad discretion generally on whether or not to grant a request for continuance of a trial date, "'qualified immunity' is an immunity from suit rather an a mere defense to liability; and … it is effectively lost if a case is erroneously permitted to go to trial." United States ex rel. Citynet, LLC v. Gianato, 962 F.3d 154 (4th Cir. 2020) (citing Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985)). "[C]ourts must therefore "scrutinize and dismiss appropriate cases on qualified immunity grounds early in the litigation." Erreguin v. Accomack Cty., 2009 U.S. Dist. LEXIS 144788 (E.D.Va. 2009), quoting Sigman v. Town of Chapel Hill, 161 F.3d., 782, 786 (4th Cir. 1998).

**III.     Argument.**

    A. Qualified Immunity must be decided prior to trial; denial of qualified immunity is an immediately appealable interlocutory order.

It is well-established that "qualified immunity 'is an immunity from suit rather than a mere defense to liability.'" Gianato, *supra*. As the Supreme Court has recognized, qualified immunity is an "entitlement not to stand trial or face the other burdens of litigation, [and] conditions on the resolution of the essentially legal question whether the conduct of which the plaintiff complains violated clearly established law. The entitlement is an immunity from suit rather than a mere defense to liability; like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). While "denials of motions for summary judgment are ordinarily interlocutory orders not subject to appellate review", an exception arises in cases involving qualified immunity. Hicks v. Ferreyra, 965 F.3d 302, 308 (4th Cir. 2020). Denials of qualified immunity "may be appealed immediately under the collateral order doctrine." Livingston v. Kehagias, 803 Fed. Appx. 673, 677 (4th Cir. 2020), *citing* Williams v. Strickland, 917 F.3d 763, 767 (4th Cir. 2019). "[A] district court's refusal to rule on the immunity question nullifies the benefits of the defenses and may thus be treated as an immediately appealable denial of immunity." Gianato, 962 F.3d at 158 *citing* Nero v. Mosby, 890 F.3d 106, 125 (4th Cir. 2018), Jenkins v. Medford, 119 F.3d 1156, 1159 (4th Cir. 1997). The appellate court's jurisdiction to hear interlocutory appeals pertaining to qualified immunity is "limited to legal questions; [and] jurisdiction extends only to the denial of qualified immunity "to the extent it turns on *an issue of law*. " Livingston v. Kehagias, 803 Fed. Appx. 673, 677 (4th Cir. 2020), *quoting* Gould v. Davis, 165 F.3d 265, 268 (4th Cir. 1998) (emphasis added). The appellate court does not have "jurisdiction to 'review the district court's order 'insofar as that order determines whether or not

the pretrial record sets forth a "genuine" issue of fact for trial.'" Id. (*quoting* Johnson v. Jones, 515 U.S. 304, 320, 115 S. Ct. 2151, 132 L. Ed. 2d 238 (1995)). In the present case, however, the parties have completed discovery and the entire encounter is captured on video from three different vantage points. Thus, even if this Court were to hold that a dispute of fact exists, the party(ies) receiving the adverse ruling could plausibly appeal that determination based on the specific and unique evidentiary record in the present case.

All parties to this matter recognize the extensive briefing that is before this Court on the pending cross-motions for summary judgment. Under well-established case law, the legal question of whether or not the Defendants are entitled to qualified immunity must be decided prior to trial. Recognizing this precedent and in the interest of the parties and of the Court, Plaintiff and Defendants jointly move for a continuance of the trial date to afford the Court the necessary time to render its decision on the cross-motions for summary judgment.

B. <u>Whichever way the Court rules on the question of qualified immunity, there will be an immediate interlocutory appeal to the Fourth Circuit Court of Appeals</u>

All parties jointly affirm their respective intentions to appeal an adverse ruling on the issue of qualified immunity to the Fourth Circuit Court of Appeals. If this Court rules that Defendants are entitled to qualified immunity on all counts, that would conclude this case and Plaintiff would be entitled to appeal the final judgment. If qualified immunity is denied to the Defendants, the Defendants will exercise their right to immediately file an interlocutory appeal. And if this Court grants qualified immunity as to some counts and denies as to other counts, then all parties will file interlocutory appeals on the respective adverse rulings. As such, the currently scheduled trial will need to be stayed pending the outcome of the appeal. The parties further represent that there is no possibility of a settlement prior to this Court's ruling on the cross-motions for summary judgment.

**IV.    Request for Status Conference.**

Plaintiff and Defendants respectfully request a short Status Conference with the Court to address this request for a continuance and to address related modifications to the Court's scheduling order, impending deadlines, and outstanding motions. In furtherance of the same, Plaintiff and Defendant have conferred and represent that the dates below are available for all parties for a new trial date.

**V.    Mutually Agreeable Dates for Continuance of Trial Date (if granted)**

Mutually available dates for continued trial, which is designated as a five-day jury trial:

1. November 14-18, 2022
2. January 9-13, 2023
3. January 16-20, 2023
4. January 23-27, 2023
5. February 6-10, 2023

Counsel for Plaintiff and Defendants represent that the above dates are the earliest dates when all parties are available and believe that these dates further serve the interests of this Court in that the dates should provide sufficient time for this Court to rule on the cross-motions for summary judgment and for interlocutory appeal(s) to be taken to the Fourth Circuit without needing to reschedule the trial for a third time.

**VI.    CONCLUSION**

For the foregoing reasons, the Plaintiff and Defendants jointly move this Court for a continuance of the May 2, 2022 trial date, with corresponding revisions to this Court's Scheduling Order, and respectfully request a short Status Conference with this Court at the Court's earliest convenience.

Respectfully submitted this 23rd day of March, 2022.

**DANIEL CROCKER**

By:    */s/ Anne C. Lahren, Esq.*

Richard H. Matthews, Esq.
Virginia State Bar No. 16318
Robert L. Samuel, Jr., Esq.
Virginia State Bar No. 18605
Anne C. Lahren, Esq.
Virginia State Bar No. 73125
Bryan S. Peeples, Esq.
Virginia State Bar No. 93709
***Pender & Coward, P.C.***
222 Central Park Avenue, Suite 400
Virginia Beach, VA  23462-3026
(757) 490-6293 – Telephone (Anne Lahren)
(757) 502-7370 – Facsimile (Anne Lahren)
Email: rmatthew@pendercoward.com
        rsamuel@pendercoward.com
        alahren@pendercoward.com
        bpeeples@pendercoward.com
*Counsel for Daniel Crocker*

JOINING IN THIS MOTION:

| /s/ Jonathan M. Arthur | /s/ Dustin J.H. Plumadore |
|---|---|
| Jonathan M. Arthur, Esq (VSB# 86323) | John B. Mumford, Jr. (VSB No. 38764) |
| j.arthur@robertslaw.org | jmumford@hancockdaniel.com |
| Thomas H. Roberts, Esq. (VSB# 26014) | Coreen A. Silverman (VSB No. 43873) |
| Tom.roberts@robertslaw.org | csilverman@hancockdaniel.com |
| Andrew T. Bodoh, Esq. (VSB# 80143) | Dustin J. H. Plumadore (VSB No. 97334) |
| Andrew.bodoh@robertslaw.org | dplumadore@hancockdaniel.com |
| 15 South First Street | HANCOCK, DANIEL & JOHNSON, P.C. |
| Richmond, VA 23219 | 4701 Cox Road, Suite 400 |
| (804) 991-4308 (Direct) | Glen Allen, Virginia 23060 |
| (804) 783-2000 (Firm) | Telephone: (804) 967-9604 |
| (804) 783-2105 (Fax) | Facsimile: (804) 967-9888 |
| *Counsel for the Plaintiff* | *Counsel for Defendant Joe Gutierrez* |

**CERTIFICATE OF SERVICE**

     I hereby certify that on this the 23rd day of March, 2022, I will electronically file the foregoing *Memorandum of Law in support of Joint Motion for Continuance of Trial Date and*

*Request for Status Conference* with the Clerk of Court using the CM/ECF system, which will then notification of such electronic filing (NEF) to the following:

Jonathan M. Arthur, Esq (VSB# 86323)
j.arthur@robertslaw.org
Thomas H. Roberts, Esq. (VSB# 26014)
Tom.roberts@robertslaw.org
Andrew T. Bodoh, Esq. (VSB# 80143)
Andrew.bodoh@robertslaw.org
15 South First Street
Richmond, VA 23219
(804) 991-4308 (Direct)
(804) 783-2000 (Firm)
(804) 783-2105 (Fax)
*Counsel for the Plaintiff*

John B. Mumford, Jr. (VSB No. 38764)
Coreen A. Silverman (VSB No. 43873)
Dustin J. H. Plumadore (VSB No. 97334)
HANCOCK, DANIEL & JOHNSON, P.C.
4701 Cox Road, Suite 400
Glen Allen, Virginia 23060
Telephone: (804) 967-9604
Facsimile: (804) 967-9888
jmumford@hancockdaniel.com
csilverman@hancockdaniel.com
*Counsel for Defendant Joe Gutierrez*

          __*/s/ Anne C. Lahren*____
          Anne C. Lahren, Esq.
          Virginia State Bar No. 73125
          **Pender & Coward, P.C.**
          222 Central Park Avenue, Suite 400
          Virginia Beach, VA  23462-3026
          (757) 490-6293 – Telephone
          (757) 502-7370 – Facsimile
          Email: alahren@pendercoward.com
          *Counsel for Daniel Crocker*