**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

| | |
|---|---|
| **Caron Nazario** *Plaintiff*, | : |
| v. | : Civil Action No. 2:21-cv-00169 |
| **Joe Gutierrez**, *In his personal capacity* | : JURY DEMANDED BY PLAINTIFF |
| and | : |
| **Daniel Crocker** *In his personal capacity*, *Defendants*. | : |

**DEFENDANT DANIEL CROCKER'S PRETRIAL BRIEF**

**COMES NOW** Defendant Daniel Crocker ("Crocker"), by counsel, and submits the following pretrial brief:

## I. DANIEL CROCKER'S VIEW OF THE CASE

This case involves claims by Nazario against Defendants Joe Gutierrez ("Gutierrez") and Daniel Crocker ("Crocker"), both of whom were uniformed police officers employed by the Town of Windsor, Virginia at all times relevant to the Complaint. Nazario initially alleged multiple Constitutional civil rights counts in addition to several state law claims which he alleges the Defendants committed during a December 5, 2020 traffic stop which occurred along U.S Route 460.

Both sides filed Motions for Summary Judgment, and on August 9, 2022, all of the Constitutional Claims were decided by Order of this Court. [Dkt 114 and 115]. The only remaining issues before the Court are state law claims of common law assault and battery; common law false imprisonment; and potential bystander claims against Gutierrez for illegal search under state and federal law. Id.

Significantly, this Court has already found that probable cause existed for the traffic stop due to Nazario's failure to properly display a license plate. [Dkt 114, p. 7 of 40]. The Court also found that probable cause existed to arrest Nazario for eluding police; [Dkt 114, p. 8 of 40] and for obstruction of justice; and for failure to obey lawful police commands [Dkt 114, p. 9 of 40].

Nevertheless, despite the fact that the Officers had probable cause to stop Nazario, and even to arrest him (which they declined to do), Nazario is expected to attempt to introduce testimony and evidence related to racial demographics in order to mislead the jury into believing that the incident was racially motivated. Nazario is expected to base this claim, at least in part, on the fact that U.S. Route 460 happens to be situated between several historically black colleges and/or universities ("HBCUs").

## II. ELEMENTS OF EACH CLAIM

Notably absent from *all* of the definitions below is any reference to internal policies, procedures, or any deviation from the standard of care. As such, the internal policies and procedures of the Town of Windsor Police Department and the Isle of Wight County Sheriff's Office are wholly irrelevant to the remaining claims for determination at trial; the Plaintiff intends to introduce the same solely for their perceived prejudicial effect; and therefore these policies and procedures should be excluded.

### a. Assault and Battery

Under Virginia law, and under the applicable Virginia Model Jury Instructions, "an assault is any threatening act that is intended to put another person in reasonable fear of imminent physical injury [Words alone are never an assault.]" VMJI No. 36.010.

"A battery is an intentional and unwanted touching of another without justification, excuse, or the consent of the other." VMJI No. 36.000.

"Under Virginia law, a police officer's use of reasonable force to make a lawful arrest is not an assault and battery." Williams v. Brumbaugh, 2011 U.S. Dist. LEXIS 55627, *13, ref. *Broaddus v. Standard Drug Co.*, 211 Va. 645, 179 S.E.2d 497, 503 (Va. 1971). In that case, the Court held that because the officer's "use of pepper spray was objectively reasonable in light of the circumstances of Williams's arrest, his actions did not constitute assault and battery." Id. In Broaddus, the Supreme Court held that "[i]f the arrest of Broaddus occurred as a result of and following the attack by him on the officer, then the arrest by the officer without a warrant was lawful, for plaintiff had committed a misdemeanor in his presence. The officer could have then used such reasonable force as was necessary under the existing circumstances to effect a lawful arrest of the plaintiff and to prevent his escape." Broaddus, 211 Va. 645, 652 (1971). In a civil tort context, "an assault occurs when an assailant "engages in an overt act intended to place the victim in fear or apprehension of bodily harm and creates such reasonable fear or apprehension in the victim." Ware v. James City County, 652 F. Supp. 2d 693, 710 (internal citation omitted).

"A plaintiff's assault or battery claim can be defeated by a legal justification for the act," Ware, 652 F. Supp. 2d 693, 712, citing Koffman v. Garnett, 265 Va. 12, 16 (2003) and "Virginia law recognizes that police officers are legal justified in using reasonable force to execute their lawful duties." Id., *ref.* Pike v. Eubank, 197 Va. 692 (1956). "Accordingly, if reasonable force is used by police officers in execution of their lawful duties, they are immune from suit for such acts." Ware v. James City County, 652 F. Supp. 2d 693, 712.

**b. False Imprisonment**

"False imprisonment is an intentional restriction of a person's freedom of movement without legal right. A false imprisonment results from the intentional use of force, words, or acts

which the person restrained is afraid to ignore or to which he reasonably believes he must submit." VMJI No. 38.000.

The Plaintiff has asserted a false imprisonment claim against each of the individual officers. To prevail, the Plaintiff must prove that he was detained; then it is for the Defendants to proffer an adequate legal justification warranting that detention. *Figg v. Schroeder*, 312 F.3d 625, 642 (4th Cir. 2002) (citing *W. T. Grant Co. v. Owens*, 149 Va. 906, 921, 141 S.E. 860 (1928)). This Court has already held that the traffic stop was lawful and that the defendant officers had probable cause for eluding and obstruction of justice.

This Court stated in Veney v. Ojjeda, 321 F.Supp.2d 733, 747 (E.D.Va. 2004):

> In *DeChene v. Smallwood*, 226 Va. 475,311 S.E.2d 749 (1984), the Supreme Court of Virginia made clear that a law enforcement officer may not be held liable for a false arrest if the officer acted " 'in good faith and with probable cause.' " *Id*. (quoting *Pierson v. Ray*, 386 U.S. 547, 555, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967)). To establish the defense, an officer" 'need not allege and prove probable cause in the constitutional sense.' " *Id*. (citing *Bivens v. Six Unknown Named Agents of Fed Bur. of Narc*, 456 F.2d 1339, 1347 (2d Cir. 1972)). Instead, the officer must allege and prove (i) that he believed in good faith that the arrest was lawful and (ii) that his belief was reasonable. *Id*.

**c. Illegal Search**

**i. Liability – Joseph Gutierrez**

The only remaining claim on illegal search for Gutierrez is whether or not Gutierrez should be liable for the search that this Court ruled Crocker performed when he went directly into the Plaintiff's vehicle to retrieve the firearm that Plaintiff told the officers he had in his car, then unloaded the firearm, called in the serial number, and then replaced in the vehicle, spanning a total elapsed time of approximately one minute. The issue is whether Gutierrez observed Crocker and had time or the opportunity to stop him from this brief examination.

**ii. Damages – Joseph Gutierrez (if found liable under bystander theory)**

In the very unlikely event that Gutierrez is found liable for an illegal search, the damages should be zero. Gutierrez never touched the firearm; there was no discussion of any citations being issued to Nazario for the possessing and concealing a firearm (it is undisputed that Nazario's possession was lawful and no facts would indicate that either officer ever thought otherwise); and Nazario was never without possession of his firearm after the conclusion of the traffic stop.

**iii. Damages – Daniel Crocker (based on Court's granting of summary judgment in favor of Caron Nazario on this count)**

As stated above, the firearm was only in Crocker's possession for approximately one minute during the course of the traffic stop and during the time when the Plaintiff was still recovering his vision so that he could safely drive after the traffic stop was concluded. Thus the search did not delay the Plaintiff in any way, did not deprive of his firearm for any period of time, and the only damage could be perceived insult or emotional offense from this minor intrusion.

## III. Discussion of Any Material Issues

**a. Court's Opinion on Motions for Summary Judgment**

This Court previously granted the officers qualified immunity on the constitutional claims other than illegal search. The Plaintiff has made abundantly clear throughout his pretrial briefings and filings that he disagrees with this ruling and will make every attempt to relitigate those already decided matters. As qualified immunity is a defense from suit, this attempt by Plaintiff to relitigate the dismissed claims is in contravention of clearly established law and serves solely for prejudicial effect.

**b. The remaining issues for trial**

At this juncture, the trial should be straightforward with the only relevant evidence being that related to the actual December 5, 2020 traffic stop. Any prior employment history of either office is not relevant, nor is any analysis of policies and procedures of the Isle of Wight Sheriff's Office or the Windsor Police Department as the same do not as a matter of law set the standard of care in the remaining state law claims. See the related motions in limine for additional information.

## IV. Discussion of Any Unusual Evidentiary Issues Expected to Arise at Trial

**a. Motions in Limine**

The pending motions in limine fully set forth the anticipated evidentiary issues. For each of reference, the motions in limine are as follows:

**i. Specific Motions (and party filing)**

1. First Amendment (Crocker)
2. Crocker video (Nazario)
3. Qualified immunity references (Nazario)
4. Gutierrez Employment history / all Internal Affairs investigations (Crocker)
5. Racial testimony of Dr. Utsey (Gutierrez)
6. Isle of Wight and Windsor Police Department policies (Crocker)
7. Hypotheticals of Mark Bong (Crocker)
8. Racial Demographics U.S. Route 460 (Crocker)

Nevertheless, despite the fact that the Officers had probable cause to stop Nazario, and even to arrest him (which they declined to do), Nazario is expected to attempt to introduce testimony and

evidence related to racial demographics in order to mislead the jury into believing that the incident was racially motivated. Nazario is expected to base this claim, at least in part, on the fact that U.S. Route 460 happens to be situated between several historically black colleges and/or universities ("HBCUs"). He even seeks to use a treating physician (Dr. Utsey) to opine that he is aware that Route 460 is a thoroughfare between HBCUs, as set forth in the motion in limine. The purpose of this line of argument is solely for its prejudicial effect and has no probative value.

**ii. Impact of rulings on motions in limine**

The motions in limine should streamline the trial significantly. The anticipated issue is going to be keeping the Plaintiff within the bounds of the cases remaining for determination by the jury.

**b. Qualified Immunity prior ruling and evidentiary overlap (or Plaintiff's attempts to overlap)**

As stated above, the Plaintiff has made clear that his trial strategy is to perform a character assassination of the defendants in an effort to prejudice the jury into ruling against the officers as people and not for the actions relating to the subject December 5, 2020 traffic stop. This will be a constant battle during trial to keep the Plaintiff focused on the *relevant* issues at hand. This Court's ruling on qualified immunity will be attacked as much as the Defendants throughout trial.

At its core, this case comes down to basic relevance. Under Federal Rule of Evidence 401: "evidence is [only] relevant if … the fact is of consequence in determining the action." Fed. R. Evid. 401(b). Pursuant to Fed. R. Evid. 402, evidence that is not relevant is inadmissible. For any of the limited evidence that is both relevant and admissible, a brief Rule 403 analysis will need to be performed. However, the *relevant evidence* is narrowly focused on the straightforward, common law tort claims. The bulk of the Plaintiff's intended evidence is solely for prejudicial

effect and this Court will need to keep tight control over the trial to avoid a motion by Defendants for a mistrial and/or to avoid error which will be taken up on appeal.

Respectfully submitted this 30th day of November 2022.

**DANIEL CROCKER**

By: _/s/ Anne C. Lahren___

Robert L. Samuel, Jr., Esq.
Virginia State Bar No. 18605
***Pender & Coward, P.C.***
222 Central Park Avenue, Suite 400
Virginia Beach, VA 23462-3026
(757) 502-7338 – Telephone
(757) 497-1914 – Facsimile
Email: rsamuel@pendercoward.com
*Counsel for Daniel Crocker*

Richard H. Matthews, Esq.
Virginia State Bar No. 16318
***Pender & Coward, P.C.***
222 Central Park Avenue, Suite 400
Virginia Beach, VA 23462-3026
(757) 490-6256 – Telephone
(757) 497-1914 – Facsimile
Email: rmatthew@pendercoward.com
*Counsel for Daniel Crocker*

Anne C. Lahren, Esq.
Virginia State Bar No. 73125
***Pender & Coward, P.C.***
222 Central Park Avenue, Suite 400
Virginia Beach, VA 23462-3026
(757) 490-6293 – Telephone
(757) 497-1914 – Facsimile
E-Mail: alahren@pendercoward.com
*Counsel for Daniel Crocker*

Bryan S. Peeples, Esq.
Virginia State Bar No. 93709
***Pender & Coward, P.C.***
222 Central Park Avenue, Suite 400
Virginia Beach, VA 23462-3026
(757) 490-6283 – Telephone

(757) 5020-7380 – Facsimile
E-Mail: bpeeples@pendercoward.com
*Counsel for Daniel Crocker*

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 30th day of November 2022, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then notification of such electronic filing (NEF) to the following:

Jonathan M. Arthur, Esq (VSB# 86323)
j.arthur@robertslaw.org
Thomas H. Roberts, Esq. (VSB# 26014)
Tom.roberts@robertslaw.org
Andrew T. Bodoh, Esq. (VSB# 80143)
Andrew.bodoh@robertslaw.org
15 South First Street
Richmond, VA 23219
(804) 991-4308 (Direct)
(804) 783-2000 (Firm)
(804) 783-2105 (Fax)
*Counsel for the Plaintiff*

John B. Mumford, Jr. (VSB No. 38764)
Coreen A. Silverman (VSB No. 43873)
Jessica A. Swauger (VSB No. 89612)
HANCOCK, DANIEL & JOHNSON, P.C.
4701 Cox Road, Suite 400
Glen Allen, Virginia 23060
Telephone: (804) 967-9604
Facsimile: (804) 967-9888
jmumford@hancockdaniel.com
csilverman@hancockdaniel.com
*Counsel for Defendant Joe Gutierrez*

__*/s/ Anne C. Lahren*____
Anne C. Lahren, Esq.
Virginia State Bar No. 73125
***Pender & Coward, P.C.***
222 Central Park Avenue, Suite 400
Virginia Beach, VA 23462-3026
(757) 490-6293 – Telephone
(757) 502-7370 – Facsimile
Email: alahren@pendercoward.com
*Counsel for Daniel Crocker*