**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

| | |
|---|---|
| **CARON NAZARIO,** ) | |
| ) | |
| **Plaintif,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 2:21-cv-00169-RCY-LRL** |
| ) | |
| **JOE GUTIERREZ, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**JOINT MEMORANDUM OF UNRESOLVED OBJECTIONS**
**TO EXHIBITS, WITNESSES, AND DISCOVERY TO BE USED AS EVIDENCE**

COMES NOW Plaintiff Caron Nazario, Defendant Joe Gutierrez, and Defendant Daniel Crocker, by and through undersigned counsel, and state as follows as their unresolved objections to exhibits, witnesses, and discovery to be used as evidence:

**I.  EXHIBITS**

The unresolved objections to exhibits are set forth in Appendix 1.

**II.  WITNESSES**

**A.  Defendant Gutierrez's Objections to Plaintiff's Witness List and Plaintiff' Nazario's Reply**

1.    Defendant Gutierrez objects to the calling of any witness that will provide cumulative testimony.

2.    Defendant Gutierrez reserves the right to raise any objection to relevancy, lack of foundation, hearsay, opinion, or other issue at trial regarding any witness called or witness testimony offered by the Plaintiff.

3.      Rodney Riddle – Defendant Gutierrez objects to the calling of Rodney Riddle by deposition as Plaintiff has not shown he is unavailable to testify in person.

4.      Captain Tommy Potter – Defendant Gutierrez objects to the calling of Tommy Potter by deposition as Plaintiff has not shown unavailability to testify in person.  Defendant Gutierrez also objects as Tommy Potter does not have any relevant information and lacks personal knowledge (Rule 602).  Defendant Gutierrez also preserves his objections as previously stated in Defendant Gutierrez's motions and briefs.

**PLAINTIFF'S REPLY:**  Plaintiff will not call Captain Potter by deposition unless he is shown to be unavailable.  Regarding personal knowledge and relevant information, Captain Potter personally investigated defendant Gutierrez excessive use of force while defendant Gutierrez was employed as a deputy Sheriff at Isle of Wight County Sheriff's Office.  This is subject to the Defendant's Motion in Limine, **Docs. 140 and 141**, and the Plaintiff's Opposition thereto, **Doc. 170.** Plaintiff incorporates his arguments and objections herein by reference. Captain Potter personally conducted the investigation, and authored Doc. 170.2 and conducted the interview, Doc. 170.11.  Thus, he has personal knowledge of the Isle of Wight sanction.

5.      Sheriff James Clarke, Jr. – Defendant Gutierrez objects to the calling of James Clarke by deposition as Plaintiff has not shown unavailability to testify in person.  Defendant Gutierrez also objects as James Clarke does not have any relevant information and lacks personal knowledge (Rule 602).  Defendant Gutierrez also preserves his objections as previously stated in Defendant Gutierrez's motions and briefs.

**PLAINTIFF'S REPLY:**  Plaintiff will not call Sheriff Clarke by deposition unless he is shown to be unavailable.  Regarding personal knowledge and relevant information, Sheriff Clarke personally authorized the investigation into defendant Gutierrez excessive use of force

while defendant Gutierrez was employed as a deputy Sheriff at Isle of Wight County Sheriff's Office.  This is subject to the Defendant's Motion in Limine, **Docs. 140 and 141**, and the Plaintiff's Opposition thereto, **Doc. 170.** Plaintiff incorporates his arguments and objections herein by reference. Sheriff Clarke reviewed the documents, Captain Potter's findings, and issued the final sanction, **Doc. 170.8.** Thus, he has personal knowledge of the Isle of Wight sanction.

6.      Shaun Utsey, Ph.D – Defendant Gutierrez preserves his objections to the testimony of Dr. Utsey for the reasons previously stated in Defendant Gutierrez's motions and briefs.

7.      Doug Lacey – Defendant Gutierrez objects to the testimony of Doug Lacey, Plaintiff's proposed expert on "Forensic Audio, Video, and Imaging."  Plaintiff's disclosure as to Mr. Lacey states that he is expected to opine on the creation and reliability of enhanced audio and video files CN-4497 and CN-4498, purportedly created from CN-2.  Defendant Gutierrez objects to the admission of the documents upon which Mr. Lacey is expected to opine based on Federals Rules of Evidence 401, 402, 403, and 802.  Moreover, CN-4497 was not produced in discovery, and should not be admissible on this basis alone.  Therefore, to the extent Plaintiff's proposed exhibit 21 is not admitted, any testimony from Mr. Lacey will not be relevant and he should not be permitted to testify.

**PLAINTIFF'S REPLY** – Plaintiff incorporates his reply to defendant Gutierrez's objection to Plaintiff's exhibit 21 herein by reference.

8.      Mark Bong, Esq. – Defendant Gutierrez objects to the extent that Plaintiff seeks to offer opinion testimony that is outside of his Rule 26(a)(3) expert report.  Defendant Gutierrez

further objects to Mark Bong offering any testimony to the extent that he is unqualified or has an inadequate basis to do so.

**PLAITIFF'S REPLY**:   The defendant has waived any challenge to Mr. Bong's testimony by failing to timely file *any* Daubert challenge.to his qualifications.  This is subject to a motion *in limine*, **Docs 143 and 144,** and the Plaintiff's opposition as set forth in **Doc. 165.** Plaintiff incorporates by reference his arguments as set forth in **Doc. 165** herein by reference. Plaintiff will have Mr. Bong seated at trial in order to offer opinion evidence on the evidence that is actually presented at trial.

9.      Lt. Col. Christy Gambill – Defendant Gutierrez objects to the calling of Lt. Col. Christy Gambill as she does not have any information that is relevant to the remaining claims in this case.   Plaintiff disclosed that Lt. Col. Gambill is expected to testify regarding the U.S. Army/Virginia Army National Guard's medical profiling and medical board process for injured soldiers.  Plaintiff's Rule 26(a)(2)(C) designation of Lt. Col. Gambill states that Caron Nazario is early in this process.  There is no indication that the U.S. Army/Virginia Army National Guard have made any determinations that will be relevant to any issue in this case, and therefore, Lt. Col. Gambill's testimony is not relevant and should not be permitted.

**PLAINTIFF'S REPLY**:  To the extent that the U.S. Army/Virginia Army National Guard are even considering discharging Lt. Nazario, this is relevant to damages and LTC Gambill should be permitted to testify to the same.  To the extent that, by the time of trial, U.S. Army/Virginia Army National Guard have determined to medically discharge Lt. Nazario, LTC Gambill should be permitted to testify about the same.

4

10.     William Saunders, IV – Defendant Gutierrez objects to the calling of William Saunders, IV as based on Plaintiff's Rule 26(a) disclosures, he does not have any information that is relevant to the remaining claims in this case.

**PLAINTIFF'S REPLY**:  Withdrawn.

11.     Glyn T. Wills – Defendant Gutierrez objects to the calling of Glyn Wills as based on Plaintiff's Rule 26(a) disclosures, he does not have any information that is relevant to the remaining claims in this case.

**PLAINTIFF'S REPLY**:  Withdrawn.

12.     Joel Rubin – Defendant Gutierrez objects to the calling of Joel Rubin as based on Plaintiff's Rule 26(a) disclosures, he does not have any information that is relevant to the remaining claims in this case.

**PLAINTIFF'S REPLY**:  Withdrawn.

**B.   Defendant Crocker's Objections to Plaintiff's Witness List**

Defendant Crocker incorporates Gutierrez's objections to Plaintiff's Witness List and further states as follows:

1.     Defendant Crocker objects to the calling of any witness that will provide cumulative testimony.

2.     Defendant Crocker reserves the right to raise any objection to relevancy, lack of foundation, hearsay, or other issue at trial regarding any witness called or witness testimony offered by the Plaintiff.

3.     Rodney Riddle – Defendant Crocker objects to the calling of Rodney Riddle by deposition as Plaintiff has not shown he is unavailable to testify in person.

**PLAINTIFF'S REPLY**:  Plaintiff will not call Rodney Riddle by deposition unless and until he is shown as unavailable to testify in person.

4.    Captain Tommy Potter – Defendant Crocker objects to the calling of Tommy Potter by deposition as Plaintiff has not shown unavailability to testify in person.  Defendant Crocker also objects as Tommy Potter does not have any relevant information and lacks personal knowledge (Rule 602), and for the reasons set forth in the pending motions in limine – Docs. 140, 141, 153, 154, 181, and 182.

**PLAINTIFF'S REPLY**: Plaintiff will not call Captain Potter by deposition unless he is shown to be unavailable.  Regarding personal knowledge and relevant information, Captain Potter personally investigated defendant Gutierrez excessive use of force while defendant Gutierrez was employed as a deputy Sheriff at Isle of Wight County Sheriff's Office.  This is subject to the Defendant's Motion in Limine, **Docs. 140 and 141**, and the Plaintiff's Opposition thereto, **Doc. 170.** Plaintiff incorporates his arguments and objections herein by reference. Captain Potter personally conducted the investigation, and authored Doc. 170.2 and conducted the interview, Doc. 170.11.  Thus, he has personal knowledge of the Isle of Wight sanction.

5.    Sheriff James Clarke, Jr. – Defendant Crocker objects to the calling of James Clarke by deposition as Plaintiff has not shown unavailability to testify in person.  Defendant Crocker also objects as James Clarke does not have any relevant information and lacks personal knowledge (Rule 602), and for the reasons set forth in the pending motions in limine – Docs. 140, 141, 153, 154, 181, and 182.

**PLAINTIFF'S REPLY:**  Plaintiff will not call Sheriff Clarke by deposition unless he is shown to be unavailable.  Regarding personal knowledge and relevant information, Sheriff Clarke personally authorized the investigation into defendant Gutierrez excessive use of force

while defendant Gutierrez was employed as a deputy Sheriff at Isle of Wight County Sheriff's Office.  This is subject to the Defendant's Motion in Limine, **Docs. 140 and 141**, and the Plaintiff's Opposition thereto, **Doc. 170.** Plaintiff incorporates his arguments and objections herein by reference. Sheriff Clarke reviewed the documents, Captain Potter's findings, and issued the final sanction, **Doc. 170.8.** Thus, he has personal knowledge of the Isle of Wight sanction.

6.      Shaun Utsey, Ph.D – Defendant Crocker preserves his objections to the testimony of Dr. Utsey for the reasons previously stated in Defendant Gutierrez's motions and briefs.

**PLAINTIFF'S REPLY**:  Plaintiff incorporates herein by reference his objections and arguments in opposition to defendant Gutierrez's briefs.  **Doc. 184.**

7.      Doug Lacey – Defendant Crocker joins Gutierrez and objects to the testimony of Doug Lacey, Plaintiff's proposed expert on "Forensic Audio, Video, and Imaging."  Plaintiff's disclosure as to Mr. Lacey states that he is expected to opine on the creation and reliability of enhanced audio and video files CN-4497 and CN-4498, purportedly created from CN-2. Defendant Crocker joins Gutierrez and objects to the admission of the documents upon which Mr. Lacey is expected to opine based on Federals Rules of Evidence 401, 402, 403, and 802. Moreover, CN-4497 was not produced in discovery, and should not be admissible on this basis alone.  Therefore, to the extent Plaintiff's proposed exhibit 21 is not admitted, any testimony from Mr. Lacey will not be relevant and he should not be permitted to testify.

**PLAINTIFF'S REPLY** – Plaintiff incorporates his reply to defendant Gutierrez's objection to Plaintiff's exhibit 21 herein by reference.

8.      Mark Bong, Esq. – Defendant Crocker objects to the extent that Plaintiff seeks to offer opinion testimony that is outside of his Rule 26(a)(3) expert report.  Defendant Crocker further objects to Mark Bong offering any testimony to the extent that he is unqualified or has an inadequate basis to do so, and objects to certain testimony of Mark Bong as set forth in his motion in limine, Doc. 143, 144, and 183.

**PLAITIFF'S REPLY**:  The defendant has waived any challenge to Mr. Bong's testimony by failing to timely file *any* Daubert challenge.to his qualifications.  This is subject to a motion *in limine*, **Docs 143 and 144,** and the Plaintiff's opposition as set forth in **Doc. 165.** Plaintiff incorporates by reference his arguments as set forth in **Doc. 165** herein by reference. Plaintiff will have Mr. Bong seated at trial in order to offer opinion evidence on the evidence that is actually presented at trial.

9.      Lt. Col. Christy Gambill – Defendant Crocker joins Gutierrez and objects to the calling of Lt. Col. Christy Gambill as she does not have any information that is relevant to the remaining claims in this case.  Plaintiff disclosed that Lt. Col. Gambill is expected to testify regarding the U.S. Army/Virginia Army National Guard's medical profiling and medical board process for injured soldiers.  Plaintiff's Rule 26(a)(2)(C) designation of Lt. Col. Gambill states that Caron Nazario is early in this process.  There is no indication that the U.S. Army/Virginia Army National Guard have made any determinations that will be relevant to any issue in this case, and therefore, Lt. Col. Gambill's testimony is not relevant and should not be permitted.

**PLAINTIFF'S REPLY:**  To the extent that the U.S. Army/Virginia Army National Guard are even considering discharging Lt. Nazario, this is relevant to damages and LTC Gambill should be permitted to testify to the same.  To the extent that, by the time of trial, U.S.

Army/Virginia Army National Guard have determined to medically discharge Lt. Nazario, LTC Gambill should be permitted to testify about the same.

10.     William Saunders, IV – Defendant Crocker joins Gutierrez and objects to the calling of William Saunders, IV as based on Plaintiff's Rule 26(a) disclosures, he does not have any information that is relevant to the remaining claims in this case.

**PLAINTIFF'S REPLY**:  Withdrawn.

11.     Glyn T. Wills – Defendant Crocker joins Gutierrez and objects to the calling of Glyn Wills as based on Plaintiff's Rule 26(a) disclosures, he does not have any information that is relevant to the remaining claims in this case.

**PLAINTIFF'S REPLY**:  Withdrawn.

12.     Joel Rubin – Defendant Crocker joins Gutierrez and objects to the calling of Joel Rubin as based on Plaintiff's Rule 26(a) disclosures, he does not have any information that is relevant to the remaining claims in this case.

**PLAINTIFF'S REPLY**:  Withdrawn.

## C.   <u>Plaintiff Nazario's Objections to Defendants' Witness Lists</u>

1.      Plaintiff Nazario objects to the calling of any witness that will provide cumulative testimony.

2.      Plaintiff Nazario reserves the right to raise any objection to relevancy, lack of foundation, hearsay, or other issue at trial regarding any witness called or witness testimony offered by either defendant.

3.      Brandon Tatum - Plaintiff Nazario objects to the extent that the defendants seek to offer opinion testimony from Brandon Tatum, for the reasons set forth in his Motion *in Limine*, **Doc. 122 and 123**.  Plaintiff further objects to any testimony that Mr. Tatum would seek to

present that is outside of his Rule 26(a)(3) expert report.  Plaintiff Nazario further objects to Mr. Tatum offering any testimony to the extent that he is unqualified or has an inadequate basis to do so.

      **Defendant Crocker Response:** Defendant Crocker's response to the objections in Paragraph 3 are set forth in his Opposition to Plaintiff's Motion in Limine, Doc. 125.

      4.    Kenneth Wallentine, Esq. - Plaintiff Nazario objects to the extent that the defendants seeks to offer opinion testimony from Kenneth Wallentine, for the reasons set forth in his Motion *in Limine*, **Doc. 125 and 126**.  Plaintiff further objects to any testimony that Mr. Wallentine would seek to present that is outside of his Rule 26(a)(3) expert report.  Plaintiff Nazario further objects to Mr. Wallentine offering any testimony to the extent that he is unqualified or has an inadequate basis to do so.

      **Defendant Gutierrez Response:** Defendant Gutierrez's response to the objections in Paragraph 4 is set forth in his Opposition to Plaintiff's Motion in Limine, Doc. 131.

      **Defendant Crocker Response:** Defendant Crocker's response to the objections in Paragraph 4 are set forth in Gutierrez's Opposition to Plaintiff's Motion in Limine, Doc. 131.

      5.    Keyhill Sheorn, M.D. – Plaintiff Nazario objects to the extent that the defendants seek to offer opinion testimony that is outside of Dr. Sheorn's Rule 26(a)(3) expert report. Plaintiff further objects to Dr. Sheorn offering any testimony to the extent that she is unqualified or has an inadequate basis to do so.

      **Defendant Crocker Response:** Defendant Crocker's responds to the objections in Paragraph 5 that no motion in limine or <u>Daubert</u> challenge has been filed by the Plaintiff.

6.     Scott Sautter, Ph. D. - Plaintiff Nazario objects to the extent that the defendants seek to offer opinion testimony that is outside of Dr. Sautter's Rule 26(a)(3) expert report. Plaintiff further objects to Dr. Sautter offering any testimony to the extent that he is unqualified or has an inadequate basis to do so.

**Defendant Crocker Response:** Defendant Crocker's responds to the objections in Paragraph 6 that no motion in limine or <u>Daubert</u> challenge has been filed by the Plaintiff.

## III. <u>DISCOVERY</u>

### A.   <u>Defendant Gutierrez's Objections to Plaintiff's Designated Discovery</u>

1.     Deposition of Joe Gutierrez - Defendant Gutierrez objects to the designated testimony as follows:

See Appendix 2.

2.     Deposition of Daniel Crocker - Defendant Gutierrez objects to the designated testimony as follows:

See Appendix 3

3.     Deposition of James Clarke - Defendant Gutierrez objects to the designated testimony as irrelevant for the reasons set forth in Defendant Gutierrez's Motion in Limine adopting by reference certain motions in limine filed by Defendant Crocker.  ECF 155-156; *see also* ECF 140-141, 153-154).  Defendant Gutierrez further objects to the designated testimony for the reasons set forth in Defendant Gutierrez's Objections to Plaintiff's Witness List. Defendant Gutierrez also objects to the admission of any exhibits to the deposition of James Clarke for the reasons set forth in Defendant Gutierrez's Objections to Plaintiff's Exhibit List. To the extent any exhibit listed in Paragraph 9 of Plaintiff's Pre-Trial Witness, Exhibit, and Discovery Designation List (ECF 135) is not listed on Plaintiff's exhibit list, Defendant

Gutierrez objects to any such exhibits as irrelevant under Rule 401 and the motions in limine referenced above.

**PLAINTIFF'S REPLY:** Regarding Sheriff Clarke's testimony, as well as any exhibit listed in paragraph 9 of Doc. 135 but not listed on the explicitly but rather incorporated into the exhibit list, Plaintiff incorporates herein by reference his opposition to the motions *in limine*, **Doc. 170**, herein by reference. Plaintiff does not intend to call Sheriff Clarke by deposition until it becomes apparent that he will be an unavailable witness. Plaintiff incorporated herein by reference his replies to the defendants' objections to the exhibits referenced in Sheriff Clarke's depositions. **Appendix 1.**

4.      Deposition of Thomas Potter – Defendant Gutierrez objects to the designated testimony as irrelevant for the reasons set forth in Defendant Gutierrez's Motion in Limine adopting by reference certain motions in limine filed by Defendant Crocker. (ECF 155-156; *see also* ECF 140-141, 153-154). Defendant Gutierrez further objects to the designated testimony for the reasons set forth in Defendant Gutierrez's Objections to Plaintiff's Witness List. Defendant Gutierrez also objects to the admission of any exhibits to the deposition of Thomas Potter for the reasons set forth in Defendant Gutierrez's Objections to Plaintiff's Exhibit List. To the extent any exhibit listed in Paragraph 11 of Plaintiff's Pre-Trial Witness, Exhibit, and Discovery Designation List (ECF 135) is not listed on Plaintiff's exhibit list, Defendant Gutierrez to any such exhibits as irrelevant under Rule 401 and the motions in limine referenced above.

**PLAINTIFF'S REPLY:**      Regarding Captain Potter's testimony, as well as any exhibit listed in paragraph 11 of Doc. 135 but not listed on the explicitly but rather incorporated

12

into the exhibit list, Plaintiff incorporates herein by reference his opposition to the motions *in limine*, **Doc. 170**, herein by reference.  Plaintiff does not intend to call Sheriff Clarke by deposition until it becomes apparent that he will be an unavailable witness.  Plaintiff incorporated herein by reference his replies to the defendants' objections to the exhibits referenced in Sheriff Clarke's depositions.  **Appendix 1.**

     5.    Deposition of Rodney Riddle – Defendant Gutierrez objects to the designated testimony as irrelevant for the reasons set forth in Defendant Gutierrez's Motion in Limine adopting by reference certain motions in limine filed by Defendant Crocker.  (ECF 155-156; *see also* ECF 140-141, 153-154).  Defendant Gutierrez further objects to the designated testimony for the reasons set forth in Defendant Gutierrez's Objections to Plaintiff's Witness List. Defendant Gutierrez also objects to the admission of any exhibits to the deposition of Rodney Riddle for the reasons set forth in Defendant Gutierrez's Objections to Plaintiff's Exhibit List. To the extent any exhibit listed in Paragraph 13 of Plaintiff's Pre-Trial Witness, Exhibit, and Discovery Designation List (ECF 135) is not listed on Plaintiff's exhibit list, Defendant Gutierrez to any such exhibits as irrelevant under Rule 401 and the motions in limine referenced above.

   **PLAINTIFF'S REPLY:**  Regarding Rodney Riddle's testimony, as well as any exhibit listed in paragraph 13 of Doc. 135 but not listed on the explicitly but rather incorporated into the exhibit list, Plaintiff incorporates herein by reference his opposition to the motions *in limine*, **Doc. 170**, herein by reference.  Plaintiff does not intend to call Rodney Riddle by deposition until it becomes apparent that he will be an unavailable witness.  Plaintiff incorporated herein by reference his replies to the defendants' objections to the exhibits referenced in Rodney Riddle's depositions.  **Appendix 1.**

**B.  Defendant Crocker's Objections to Plaintiff's Designated Discovery**

1.     Deposition of Joe Gutierrez - Defendant Crocker objects to the designated testimony as follows:

See Appendix 4.

2.     Deposition of Daniel Crocker - Defendant Crocker objects to the designated testimony as follows:

See Appendix 5

3.  Defendant Crocker objects to the introduction of Defendant Crocker's Request for admission number 8 for the reasons set for the in his objections to Plaintiff's exhibit number 8, in Appendix 1.

**PLAINTIFF'S  REPLY:**   Plaintiff incorporates the reply to defendant Crocker's objections to Plaintiff's exhibit number 8, in Appendix 1.

**4.  Plaintiff Nazario's Objections to Defendant's Designated Discovery.**

**a.  Objections to defendant Gutierrez's Discovery.**

1.     Plaintiff objects to defendant Gutierrez introducing or using any discovery not already designated.

2.     Plaintiff reserves the right to object, for any and all reasons set forth in the Rules and the surrounding caselaw, to any undesignated discovery that defendant the Court permits defendant Gutierrez to use for impeachment or rebuttal.

3.     Defendant Gutierrez seeks to read Lt. Nazario's Answers to his Request for Admission Nos. 1, 4, 19, 20, and 23 into evidence *without objection*.  Plaintiff objects as the defendant did not and has not sought to clarify the requests for admission nor address the Plaintiff's objections in the fifteen days that local rules permit to elapse between the time the

objections are filed and when the answers are due, did not seek to clarify of deal with the objections prior to the close of discovery, and has failed even now to seek to address the concerns highlighted in the admissions.  Thus, the Defendant has waived any right it may have to read the requests into evidence without the admissions.  The admissions must be read at this juncture in conjunction with the admissions.

Further, and assuming *arguendo* that these answers have probative value, reading the Admissions without the Objections (when the defendant did not seek to clarify them at trial) runs the risk of substantially misleading the jury as to what answers that Lt. Nazario did answer, what he did and did not intend to convey, and how Lt. Nazario was interpreting the questions – all necessary for the jurors to understand the nature of the answer.  Without the objections, the jury could easily be misled into thinking that Lt. Nazario was answering a question that he was, in fact, not answering. Therefore, such attempts should also be prohibited pursuant to Fed. R. Evid. 403.

**Defendant Gutierrez Response:** Defendant Gutierrez withdraws his designation of Plaintiff's Answers to Requests for Admission Nos. 1, 4, 19, 20, and 23.

### b.  Objections to defendant Crocker's Discovery.

1.  Plaintiff objects to defendant Crocker introducing or using any discovery not already designated.

2.  Plaintiff reserves the right to object, for any and all reasons set forth in the Rules and the surrounding caselaw, to any undesignated discovery that defendant the Court permits defendant Crocker to use for impeachment or rebuttal.

**Defendant Crocker Response:** Defendant Crocker does not intend to introduce discovery from the Plaintiff.

**November 30, 2022**

**Respectfully submitted,**

By:  /s/  Jonathan M. Arthur, Esq.
                    Counsel

    Jonathan M. Arthur, Esq. VSB # 86323
    j.arthur@robertslaw.org
    Thomas H. Roberts, Esq. VSB # 26014
    tom.roberts@robertslaw.org
    Andrew T. Bodoh, Esq. VSB # 80143
    andrew.bodoh@robertslaw.org
    Thomas H. Roberts & Associates, P.C.
    105 South 1st Street
    Richmond, VA 23219
    (804) 991-2002 (Direct)
    (804) 783-2000 (Firm)
    (804) 783-2105 (Fax)
    *Counsel for Plaintiff*

/s/ Jessica Swauger, Esq.
John B. Mumford, Jr. (VSB No. 38764)
Coreen A. Silverman (VSB No. 43873)
Jessica Swauger, (VSB 89612)
HANCOCK DANIEL & JOHNSON, P.C.
4701 Cox Road, Suite 400
Glen Allen, Virginia 23060
Tel: (804) 967-9604
Fax: (804) 967-9888
jmumford@hancockdaniel.com
csilverman@hancockdaniel.com
jswauger@hancockdaniel.com
*Counsel for Defendant Joe Gutierrez*

/s/ Anne C. Lahren, Esq.
Robert L. Samuel, Jr. (VSB No. 18605)
Richard H. Matthews (VSB No. 16318)
Anne C. Lahren (VSB No. 73125)
Bryan S. Peeples (VSB No. 93709)
PENDER & COWARD
222 Central Park Avenue, Suite 400
Virginia Beach, Virginia 23462
Tel: (757) 490-6293

16

Fax: (757) 502-7370
rsamuel@pendercoward.com
rmatthew@pendercoward.com
alahren@pendercoward.com
bpeeples@pendercoward.com
*Counsel for Defendant Daniel Crocker*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed with the Court's CM/ECF system, which caused a Notice of Electronic Filing to be emailed to the following:

John B. Mumford, Jr. (VSB No. 38764)
Coreen A. Silverman (VSB No. 43873)
Jessica Swauger, (VSB 89612)
HANCOCK DANIEL & JOHNSON, P.C.
4701 Cox Road, Suite 400
Glen Allen, Virginia 23060
Tel: (804) 967-9604
Fax: (804) 967-9888
jmumford@hancockdaniel.com
csilverman@hancockdaniel.com
jswauger@hancockdaniel.com
*Counsel for Defendant Joe Gutierrez*

Robert L. Samuel, Jr. (VSB No. 18605)
Richard H. Matthews (VSB No. 16318)
Anne C. Lahren (VSB No. 73125)
Bryan S. Peeples (VSB No. 93709)
PENDER & COWARD
222 Central Park Avenue, Suite 400
Virginia Beach, Virginia 23462
Tel: (757) 490-6293
Fax: (757) 502-7370
rsamuel@pendercoward.com
rmatthew@pendercoward.com
alahren@pendercoward.com
bpeeples@pendercoward.com
*Counsel for Defendant Daniel Crocker*

This the 30th day of November, 2022

By: _/s/_ Jonathan M. Arthur, Esq.
        Counsel