| Caron Nazario's Objections to Defendant Gutierrez's Proposed Trial Exhibits - DOC. 145 | | | | | |
|---|---|---|---|---|---|
| Trial Exhibit No. | Beginning Bates No. | End Bates No. | Description | Nazario's Objections | Reply |
| 1 | CN-4536 | CN-4537 | "Transit Permit" used by Nazario on December 5, 2020. | Fed. R. Evid. 401, 402, 403 (To the extent that the defendants will argue regarding the fact of its exparation, or that allegedly New York law does not permit its out of state useage.  A fact not known or used during the traffic stop or any subsequent official paperwork.) | This exhibit is designated by the Plaintiff and the lack of visibility of this permit precipitated the traffic stop. |
| 4 | | | Expert Report of Scott Sautter, Ph.D. | This is a defense expert - Fed. R. Evid. 802. | Withdrawn. |
| 5 | | | Expert Report of Keyhill Sheorn, M.D. | This is a defense expert - Fed. R. Evid. 802; and Daubert Motion in liminie, Docs. 122 and 123, whose arguments and objections are incorporated herein by reference. | Withdrawn. |
| 6 | | | Expert Report of Kenneth Wallentine | This is a defense expert - Fed. R. Evid. 802; and Daubert Motion in liminie, Docs. 126 and 127, whose arguments and objections are incorporated herein by reference. | Withdrawn. |
| 7 | | | Expert Report of Brandon Tatum | This is a defense expert - Fed. R. Evid. 802; and Daubert Motion in liminie, Docs. 122 and 123, whose arguments are incorporated herein | Withdrawn. |

## Caron Nazario's Objections to Defendant Gutierrez's Proposed Trial Exhibits - DOC. 145

| Trial Exhibit No. | Beginning Bates No. | End Bates No. | Description | Nazario's Objections | Reply |
|---|---|---|---|---|---|
| 8 | | | DMV News Release, September 1, 2020 | Fed. R. Evid. 401, 402, 901. | Rebuttal evidence to Plaintiff's proposed jury instruction and argument that the Virginia Governor's Executive Directives extended the deadline for vehicle credentials to November 30, 2020 when the correct date was October 30, 2020. |

## Caron Nazario's Objections to Defendant Crocker's Proposed Trial Exhibits - DOC. 142

| Trial Exhibit No. | Beginning Bates No. | End Bates No. | Description | Nazario's Objections | Reply |
|---|---|---|---|---|---|
| 3 | CN-3 | | Body Worn Camera Footage - Joseph Gutierrez | Fed. R. Evid. 802. | Plaintiff designated this in his Exhibit list and in his Complaint; thus Plaintiff has stipulated by his pleadings to the admissibility, authenticity, and relevance of this video. |
| 4 | CN-4 | | Body Worn Camera Footage - Daniel Crocker | Fed. R. Evid. 802. | Plaintiff designated this in his Exhibit list and in his Complaint; thus Plaintiff has stipulated by his pleadings to the admissibility, authenticity, and relevance of this video. |
| 5 | CN-5 | | Body Worn Camera Footage - Daniel Crocker | Fed. R. Evid. 802. | Plaintiff designated this in his Exhibit list and in his Complaint; thus Plaintiff has stipulated by his pleadings to the admissibility, authenticity, and relevance of this video. |
| 7 | CN-4536 | CN-4537 | "Transit Permit" used by Nazario on December 5, 2020. | Fed. R. Evid. 401, 402, 403 (To the extent that the defendants will argue regarding the fact of its exparation, or that allegedly New York law does not permit its out of state useage. A fact not known or used during the traffic stop or any subsequent official paperwork.) | This exhibit is designated by the Plaintiff and the license tag/transit permit is a central issue in this lawsuit as the lack of visibility thereof precipitated the traffic stop that set off the chain of events underlying this entire trial. |
| 8 | CN-263 | CN-264 | Isle of Wight Emergency Communications radio traffic from Windsor Police stop of Caron Nazario on 2020.11.07 and 2020.12.05 | Incomplete in so far as it excludes the relevant body worn camera footage. Fed. R. Evid. 802. | Crocker has designated the body worn camera footage. (Date corrected to 2020.11.07) |

| Caron Nazario's Objections to Defendant Gutierrez's Proposed Trial Exhibits - DOC. 145 |

| Trial Exhibit No. | Beginning Bates No. | End Bates No. | Description | Nazario's Objections | Reply |
|---|---|---|---|---|---|
| 20 | | | Daniel Crocker video dated December 28, 2021. | Rule 401 and 402. This exhibit is subject to a Motion in limine, Docs. 138 and 139, whose arguments and objections are incorporated herein by reference. | See Opposition to motion in limine, Doc. 163 |

| DOCUMENTS AND EXHIBITS DEFENDANT CROCKER MAY USE IF NECESSARY |

| Trial Exhibit No. | Beginning Bates No. | End Bates No. | Description | Nazario's Objections | Reply |
|---|---|---|---|---|---|
| 1 | | | Brandon Tatum YouTube Channel Post: https://www.youtube.com/watch?v=VgBMnJyOiT0 | This is the a defense expert - Fed. R. Evid. 802. | This exhibit is designated by the Plaintiff; objections to Plaintiff's own exhibit are disingenuous. Having said that, Crocker intends to introduce this video only if appropriate in rebuttal based on Plaintiff"s examination or cross-examination of Brandon Tatum |
| 2 | | | September 1, 2020 Virginia DMV Release | Fed. R. Evid. 401, 402, 901. | Rebuttal evidence to Plaintiff's proposed jury instruction and argument that the Virginia Governor's Executive Directives extended the deadline for vehicle credentials to November 30, 2020 when the correct date was October 30, 2020. |

| DEMONSTRATIVE DOCUMENTS AND EXHIBITS DEFENDANT CROCKER MAY USE IF NECESSARY |

| Trial Exhibit No. | Beginning Bates No. | End Bates No. | Description | Nazario's Objections | Reply |
|---|---|---|---|---|---|
| | | | | | |

| Caron Nazario's Objections to Defendant Gutierrez's Proposed Trial Exhibits - DOC. 145 | | | | | |
|---|---|---|---|---|---|
| Trial Exhibit No. | Beginning Bates No. | End Bates No. | Description | Nazario's Objections | Reply |
| 1 | | | Stopwatch | Fed. R. Evid. 401 and 403, and lack of substantial similarity, *e.g. E.g., United States v. Stewart-Carrasquillo, 997 F.3d 408, 422 (1st Cir. 2021); United States v. Jackson, 479 F.3d 485, 489 (7th Cir. 2007); United States v. Baldwin, 418 F.3d 575, 580 (6th Cir. 2005); United States v. Birch, 39 F.3d 1089, 1092-93 (10th Cir. 1994); United States v. Russell, 971 F.2d 1098, 1106 (4th Cir. 1992).* | Crocker intends to use the stopwatch as a demonstrative for illustrating a specified time period upon proper foundation and relevance will be established at trial. |

| Daniel Crocker's Objections to Plaintiff's Proposed Trial Exhibits | | | | | |
|---|---|---|---|---|---|
| Trial Exhibit No. | Beginning Bates No. | End Bates No. | Description | Crocker Objections | Reply |
| 1 | CN-1 | | Cellphone Footage from Caron Nazario | Rule 401; Rule 403 (Cumulative); Rule 608; Specifically, Crocker objects to the portion of the video and audio continuing after the conclusion of the traffic stop | The video is relevant under 401 as it shows what Lt. Nazario's actions during the traffic stop were - relevant to claims that Lt. Nazario was not and had not complied. Any cumulative nature does not substantially outweigh its prejudicial value as the video contains footage and admissions not captured on the Defendants' body worn camera footage.  Crocker has indicated that in his opinion the traffic stop ended when Gutierrez took Lt. Nazario out of handcuffs, however the had still prolonged the same as the defendants would not let Lt. Nazario drive until after his eyes cleared - some thirty minutes after defendant Gutierrez removed the cuffs.  Further, the video captures admissions by Gutierrez, not captured on Crocker's video (as Crocker was not present) and not captured by Gutierrez's camera as it was not functioning, but after the cuffs had been removed.  Thus it is not cumulative as envisioned by Rule 403.  Regarding Rule 608 - while the defendants a myriad of false statements in this video, it is not being offered to attack their credibility. |

| | | | **Daniel Crocker's Objections to Plaintiff's Proposed Trial Exhibits** | | |
|---|---|---|---|---|---|
| Trial Exhibit No. | Beginning Bates No. | End Bates No. | Description | Crocker Objections | Reply |
| 2 | CN-2 | | Cellphone Footage from Caron Nazario | Rule 401; Rule 403 (Cumulative); Rule 608; Specifically, Crocker objects to the portion of the video and audio continuing after the conclusion of the traffic stop | The video is relevant under 401 as it shows what Lt. Nazario's actions during the traffic stop were - relevant to claims that Lt. Nazario was not and had not complied. Any cumulative nature does not substantially outweigh its prejudicial value as the video contains footage and admissions not captured on the Defendants' body worn camera footage.  Crocker has indicated that in his opinion the traffic stop ended when Gutierrez took Lt. Nazario out of handcuffs, however the had still prolonged the same as the defendants would not let Lt. Nazario drive until after his eyes cleared - some thirty minutes after defendant Gutierrez removed the cuffs.  Further, the video captures admissions by Gutierrez, not captured on Crocker's video (as Crocker was not present) and not captured by Gutierrez's camera as it was not functioning, but after the cuffs had been removed.  Thus it is not cumulative as envisioned by Rule 403.  Regarding Rule 608 - while the defendants a myriad of false statements in this video, it is not being offered to attack their credibility. |
| 6 | CN-10 | CN-15 - IBR | To include Daniel Crocker's Reporting Officer Narrative, Incident Report Suspect List, Incident Report Vehicle List. | | |
| 7 | CN-16 | CN-17 | Incident Report Narrative – Joseph Raymond Gutierrez. | | |
| 8 | C-18 | | Witness Subpoena Request. | Rule 401; Rule 802 | This document is not hearsay - defendant Crocker created the same, Rule 801(d)(2) and any statements not from Crocker are admissible hearsay under Rules 803(6) and 803(8).  It is relevant insofar as it demonstrates, *inter alia* , malice by demonstrating that Crocker was preparing to charge Lt. Nazario with, *inter alia*  assault on a law enforcement officer. |
| 9 | CN-19 | CN-21 | Isle of Wight County Event Report 2020-087291. | | |
| 11 | CN-27 | | GOOGLE Maps Screenshot US460 West. | Rule 401; objection to the annotations on the map; not to the map itself | The Plaintiff will remove the annotations. |

| Daniel Crocker's Objections to Plaintiff's Proposed Trial Exhibits | | | | | |
|---|---|---|---|---|---|
| Trial Exhibit No. | Beginning Bates No. | End Bates No. | Description | Crocker Objections | Reply |
| 12 | CN-28 | | Urban Dictionary – Ride the Lightning | Rule 401; Rule 802; Rule 403; Pending motion in limine ("MIL") | The Plaintiff incorporates his arguments and objections from his opposition to the MIL, **Docs. 169 and 173** herein by reference. |
| 16 | CN-106 | CN-107 | Joseph Raymond Gutierrez Robinson narrative dated 2019.04.20 from Isle of Wight County Sheriff's Office. | Rule 401; Rule 403; Rule 404; MIL | The Plaintiff incorporates his arguments and objections from his opposition to the MIL, **Doc. 170**, herein by reference. |
| 17 | CN-109 | CN-113 | Isle of Wight County Internal Affairs investigative report dated 2019.04.18 from then Lt. Tommy. O. Potter investigating the Robinson use of force. | Rule 401; Rule 802; Rule 403; Rule 404; MIL | The Plaintiff incorporates his arguments and objections from his opposition to the MIL, **Doc. 170**, herein by reference.   To the extent that the documents contain statements from Gutierrez, they are not hearsay.  Rule 801(d)(2).  The document is admissible hearsay pursuant to Rule 803(6) and 803(8). |
| 18 | CN-115 | CN-119 | Joseph Raymond Gutierrez Reporting Officer Narrative from Isle of Wight Robinson Traffic Stop. | Rule 401; Rule 403; Rule 404;  MIL | The Plaintiff incorporates his arguments and objections from his opposition to the MIL, **Doc. 170**, herein by reference. |
| 19 | CN-131 | | 2018.10.19 – Written Reprimand – Failure to Complete Training – Isle of Wight County. | Rule 401; Rule 802; Rule 403; Rule 404; MIL | The Plaintiff incorporates his arguments and objections from his opposition to the MIL, Doc. 170, herein by reference.   To the extent that the documents contain statements from Gutierrez, they are not hearsay.  Rule 801(d)(2).  The document is admissible hearsay pursuant to Rule 803(6) and 803(8). |
| 20 | CN-133 | | Joseph Raymond Gutierrez Isle of Wight Resignation Letter. | Rule 401; MIL | The Plaintiff incorporates his arguments and objections from his opposition to the MIL, Doc. 170, herein by reference. |
| 21 | CN-135 | | Isle of With County Sheriff's Office notice of 10-day suspension without pay of Joseph Raymond Gutierrez dated 2019.05.09. | Rule 401; Rule 802; Rule 403; MIL | The Plaintiff incorporates his arguments and objections from his opposition to the MIL, Doc. 170, herein by reference.   The document is admissible hearsay pursuant to Rule 803(6) and 803(8). |
| 22 | CN-136; CN-139 | CN-141 | Gutierrez Isle of Wight County Oath of Office. | Rule 401; Rule 403 (Cumulative) | The document is relevant to the job that defendant Gutierrez swore under oath to undertake.  Notwithstanding his stipulation he was an officer, he did not stipulate or mention the "oath" in the stipulations and the jury has a right to see the same.  Thus it is not cumulative as defined in Rule 403. |

| Daniel Crocker's Objections to Plaintiff's Proposed Trial Exhibits | | | | | |
|---|---|---|---|---|---|
| Trial Exhibit No. | Beginning Bates No. | End Bates No. | Description | Crocker Objections | Reply |
| 23 | CN-219 | CN-221 | Isle of Wight County Sheriff's Office Sanctions and Internal Affairs Memo re: Joseph Raymond Gutierrez and Robinson Traffic Stop. | Rule 401; Rule 802; Rule 403; Rule 404; MIL | The Plaintiff incorporates his arguments and objections from his opposition to the MIL, Doc. 170, herein by reference.   To the extent that the documents contain statements from Gutierrez, they are not hearsay.  Rule 801(d)(2).  The document is admissible hearsay pursuant to Rule 803(6) and 803(8).   The oath is not being offered as evidence of Gutierrez's character to prove the the acted in accordance with that character, rather to counter defendant Gutierrez's affirmative defenses.  Thus 404 does not apply. |
| 24 | CN-253 | CN-257 | Isle of Wight County Use of Force record – Joseph Raymond Gutierrez. | Rule 401; Rule 802; Rule 403; Rule 404; MIL | The Plaintiff incorporates his arguments and objections from his opposition to the MIL, Doc. 170, herein by reference.   To the extent that the documents contain statements from Gutierrez, they are not hearsay.  Rule 801(d)(2).  The document is admissible hearsay pursuant to Rule 803(6) and 803(8). |
| 25 | CN-260 | CN-261 | Video Footage, Robinson Traffic Stop. | Rule 401; Rule 802; Rule 403; Rule 404; MIL; CN261 not produced in discovery | The Plaintiff incorporates his arguments and objections from his opposition to the MIL, Doc. 170, herein by reference.   To the extent that the documents contain statements from Gutierrez, they are not hearsay.  Rule 801(d)(2).  The plaintiff will not be offering it to prove the fact of the matter asserted by any party other than, maybe, Gutierrez.  Thus 802 does not apply.  Plaintiff produced CN-261 to defendant Crocker on November 3, 2021. |
| 26 | CN-262 | | Recorded statements made pursuant to Robinson Traffic stop Internal Affairs Investigation. Bates CN-262. | Rule 401; Rule 403; Rule 404; Rule 802; MIL | The Plaintiff incorporates his arguments and objections from his opposition to the MIL, Doc. 170, herein by reference.   To the extent that the documents contain statements from Gutierrez, they are not hearsay.  Rule 801(d)(2).  The plaintiff will not be offering it to prove the fact of the matter asserted by any party other than, maybe, Gutierrez.  Thus 802 does not apply. |
| 28 | CN-298 | CN-299 | 7th Session of Auxiliary Basic Police School and report card. | Rule 401; Rule 403; Rule 802; MIL | The Plaintiff incorporates his arguments and objections from his opposition to the MIL, Doc. 170, herein by reference.   To the extent that the documents contain statements from Gutierrez, they are not hearsay.  Rule 801(d)(2)(A) and (B).  If it is hearsay, it is admissible hearsay pursuant to Rule 803(6) and 803(8). |

| **Daniel Crocker's Objections to Plaintiff's Proposed Trial Exhibits** | | | | |
|---|---|---|---|---|---|
| **Trial Exhibit No.** | **Beginning Bates No.** | **End Bates No.** | **Description** | **Crocker Objections** | **Reply** |
| 29 | CN-318 | CN-319 | April 20th, 2020 Termination of Employment under Probationary Conditions | Rule 401; Rule 404; Rule 802; Rule 403; MIL | The Plaintiff incorporates his arguments and objections from his opposition to the MIL, Doc. 170, herein by reference.  If it is hearsay, it is admissible hearsay pursuant to Rule 803(6) and 803(8).  Also will be used regarding specific instances of unadjudicated perjury. |
| 30 | CN-5663 | | Email of Rodney Riddle to Daniel Crocker | Rule 401; Rule 802; MIL | The Plaintiff incorporates his arguments and objections from his opposition to the MIL, Doc. 170, herein by reference.  If it is hearsay, it is admissible hearsay pursuant to Rule 803(6) and 803(8).  This document also went to Gutierrez and was part of the reason for his termination. |
| 32 | CN-3038 | CN-3051 | 2021.05.03 Memorandum from Chief Rodney Riddle to the Town of Windsor. | Rule 401; Rule 802; Rule 407; MIL | The Plaintiff incorporates his arguments and objections from his opposition to the MIL, Doc. 170, herein by reference.  If it is hearsay, it is admissible hearsay pursuant to Rule 803(6) and 803(8).  This document also went to Gutierrez and was part of the reason for his termination.  407 is not applicable as it was neither of the defendants who took these remedial measures. |
| 33 | CN-3565 | CN-3568 | Field Training/On the Job Training Completion Form. | Rule 401; Rule 802; MIL | Withdrawn |
| 34 | CN-4605 | CN-4523 | CV of Shawn Utsey, Ph.D. | Rule 401; Rule 802; Rule 403 (Cumulative) | Relevant to credentials and credibility of Dr. Utsey.   Unfair prejudice due to cumulative nature does not substantially outweigh probative value. |
| 35 | CN-4525 | CN-4351 | CV of James Sellman, MD. | Rule 401; Rule 802; Rule 403 (Cumulative) | Relevant to credentials and credibility of Dr. Utsey.   Unfair prejudice due to cumulative nature does not substantially outweigh probative value. |
| 36 | CN-4929 | CN-4930 | CV of Mark G. Bong, Esq. | Rule 401; Rule 802; Rule 403 (Cumulative); CN-4929-30 not produced in discovery | Relevant to credentials and credibility ofMr. Bong.  Unfair prejudice due to cumulative nature does not substantially outweigh probative value.The CV was produced with Mr. Bong's Rule 26 disclosures. |

|  | **Daniel Crocker's Objections to Plaintiff's Proposed Trial Exhibits** |
| Trial Exhibit No. | Beginning Bates No. | End Bates No. | Description | Crocker Objections | Reply |
|---|---|---|---|---|---|
| 37 | CN-3570 | | Daniel Crocker Oath of Office. | Rule 401; Rule 802; Rule 403 (Cumulative); Rule 608; Rule 901; also not relevant in light of joint stipulations | The document is relevant to the job that defendant Crocker swore under oath to undertake.  Notwithstanding his stipulation he was an officer, he did not stipulate or mention the "oath" in the stipulations and the jury has a right to see the same.  Thus it is not cumulative as defined in Rule 403.  The oath of office is not being offered to attack defendant Crocker's character for truthfulness.  The document is self-authenticating pursuant to Fed. R. Evid. 902(2).  It is not hearsay under 801(d)(2) |
| 38 | CN-3571 | CN-3587 | April 20, 2021 Use of Force Remedial Training Letter. | Rule 401; Rule 802; Rule 403; Rule 407; MIL | The Plaintiff incorporates his arguments and objections from his opposition to the MIL, Doc. 170, herein by reference.   If it is hearsay, it is admissible pursuant to Rule 803(6) and (8).  It is relevant to the deterrence aspect of punitive damages and in that respect neither 401 nor 403 prevent its admission. |
| 39 | CN-3621 | | Termination letter – Joseph Raymond Gutierrez. | Rule 401; Rule 802; Rule 403; MIL | The Plaintiff incorporates his arguments and objections from his opposition to the MIL, Doc. 170, herein by reference.  It is admissible hearsay pursuant to Rule 803(6) and (8). |
| 40 | CN-3625 | | Joseph Raymond Gutierrez Oath of Office – Windsor Police Department. CN-3625. | Rule 401; Rule 802; Rule 403 (Cumulative); Rule 608; Rule 901 | The document is relevant to the job that defendant Gutierrez swore under oath to undertake.  Notwithstanding his stipulation he was an officer, he did not stipulate or mention the "oath" in the stipulations and the jury has a right to see the same it is also from Windsor and not Isle of Wight, thus it is not cumulative as defined in Rule 403.  It is not hearsay under 803(d)(2) and is self authenticating under 902(2) as it was accompanied by the affidavit envisioned therein. |
| 41 | CN-3622 | CN-3624 | Notice of disciplinary action and disciplinary action | Rule 401; Rule 802; Rule 403; Rule 407; MIL | The Plaintiff incorporates his arguments and objections from his opposition to the MIL, Doc. 170, herein by reference.   If it is hearsay, it is admissible pursuant to Rule 803(6) and (8).  Rule 407 does not apply, because it was not Gutierrez who took the subsequent remedial measures.  It is relevant to the deterrence aspect of punitive damages. |

## Daniel Crocker's Objections to Plaintiff's Proposed Trial Exhibits

| Trial Exhibit No. | Beginning Bates No. | End Bates No. | Description | Crocker Objections | Reply |
|---|---|---|---|---|---|
| 42 | CN-3664 | CN-3667 | Joseph Raymond Gutierrez Resume, DD-214 and DD-215. | Rule 401; Rule 802; Rule 403 | It is not hearsay under Rule 801(d)(2)(B).  It is relevant as Gutierrez claims on the videos that we hear that he was a corporal, a combat vet, and had deployed to the LA riots.  This is false and the jury need to know such that the false statements do not color their interpretation of the situation. |
| 43 (a) | CN-4063; WPD Policies 1 | CN-4069; WPD Policies 7 | Town of Windsor Police Department policies and procedures: a. Use of Force. | Rule 401; Rule 802; MIL | The Plaintiff incorporates his arguments and objections from his opposition to the MIL, Doc. 170, herein by reference.  If it is hearsay, it is admissible pursuant to Rule 803(6) and (8). |
| 43 (b) | CN-4139; WPD Policies 77 | CN-4157; WPD Policies 95 | Town of Windsor Police Department policies and procedures: b. General Code of Conduct. | Rule 401; Rule 802; MIL | The Plaintiff incorporates his arguments and objections from his opposition to the MIL, Doc. 170, herein by reference.  If it is hearsay, it is admissible pursuant to Rule 803(6) and (8). |
| 43 (c) | CN-4079; WPD Policies 17 | CN-4097; WPD Policies 35 | Town of Windsor Police Department policies and procedures: c. Traffic Law Enforcement. | Rule 401; Rule 802; MIL | The Plaintiff incorporates his arguments and objections from his opposition to the MIL, Doc. 170, herein by reference.  If it is hearsay, it is admissible pursuant to Rule 803(6) and (8). |
| 44 | CN-3708 | | DCJS Field Training Officer – Joseph Raymond Gutierrez | Rule 401; Rule 802; MIL | Withdrawn |
| 45 | WPD IA 1 | WPD IA 14 | Windsor Police Department Internal Affairs investigation and interview into traffic stop of Caron Nazario. | Rule 401; Rule 802; Rule 403; MIL | The Plaintiff incorporates his arguments and objections from his opposition to the MIL, Doc. 170, herein by reference.  If it is hearsay, it is admissible pursuant to Rule 803(6) and (8).  The statements therein by either Crocker or Gutierrez are not hearsay. Rule 801(d)(2)(A).  403 is not applicable as it was not Gutierrez or Crocker taking the subsequent remedial measures. |
| 47 | CN-4499 | | Letter from Deputy Surgeon. | Rule 401; Rule 802 | This is relevant to Lt. Nazario's damages.  It is admissible hearsay under 803(6) and (8). |
| 50 | CN-4541 | | Employer Deployment Letter | Rule 401; Rule 802 | This is relevant to Lt. Nazario's damages.  It is admissible hearsay under 803(6) and (8). |
| 59 | CN-4681 | CN-4759 | Army Technical Manual AR-40-501 | Rule 401; Rule 802 | Withdrawn |
| 60 | CN-4760 | CN-4838 | Army Technical Manual AR-40-502 | Rule 401; Rule 802 | Withdrawn |
| 61 | CN-4839 | | Virginia Code § 8.01-419 | Rule 403 (cumulative - objection to introduction of the table; no objection to information being told to the jury) | Withdrawn |

| Daniel Crocker's Objections to Plaintiff's Proposed Trial Exhibits | | | | | |
|---|---|---|---|---|---|
| Trial Exhibit No. | Beginning Bates No. | End Bates No. | Description | Crocker Objections | Reply |
| 66 | CN-4892 | CN-4914 | Dr. Sellman's Medical notes | Rule 403; Rule 802 | The statements contained in the notes from Lt. Nazario's treating physician are highly relevant to damages, thus no 403 concerns substantially outweigh such relevance.  Further, they are admissible hearsay under 802(6) and (4). |
| 67 | CN-5003 | CN-5042 | Dr. Utsey's test results | Rule 403; Rule 802 | The statements contained in the notes from Lt. Nazario's treating psychologist are highly relevant to damages, thus no 403 concerns substantially outweigh such relevance.  Further, they are admissible hearsay under 802(6) and (4). |
| 68 | CN-5043 | CN-5052 | Dr. Utsey's medical notes | Rule 403; Rule 802 | The statements contained in the notes from Lt. Nazario's treating psychologist are highly relevant to damages, thus no 403 concerns substantially outweigh such relevance.  Further, they are admissible hearsay under 802(6) and (4). |
| 70 | CN-5241 | CN-5256 | Caron Nazario's US Army LES's from 11/2020 to 10/2021 (date error corrected) | | |
| 73 | CN-5664 | | Invoice for services rendered – Dr. Shawn Utsey 11/12 – 12/3/2021 | | |
| 74 | CN-5665 | CN-5667 | Isle of Wight Sheriff's Office Use of Force Policy and Procedure. | Rule 401; Rule 802; MIL | The Plaintiff incorporates his arguments and objections from his opposition to the MIL, Doc. 170, herein by reference. They are admissible hearsay under 803(6) and (8). |
| 75 | | | 75.Brandon Tatum YouTube Channel Posts:<br><br>b.  https://www.youtube.com/watch?v=a9LdwtW2eJw<br>c.  https://www.youtube.com/watch?v=cu0n0harShU<br>d.  https://www.youtube.com/watch?v=k0Y35EpOiFc<br>e.  https://www.youtube.com/watch?v=yzaR_s5rDCQ<br>f.  https://www.bizpacreview.com/2021/04/13/fmr-officer-brandon-tatum-breaks-down-incident-between-va-police-black-army-lieutenant-as-only-he- can-1059393/ | Rule 401; | They are, or may be relevant impeachment or rebuttal depending on how or if Mr. Tatum can testify. |

| Trial Exhibit No. | Beginning Bates No. | End Bates No. | Description | Crocker Objections | Reply |
|---|---|---|---|---|---|
| | | | **Daniel Crocker's Objections to Plaintiff's Proposed Trial Exhibits** | | |
| 76 | CN-5655 | CN-5663 | Windsor Police Department Personnel Memorandum | Rule 401; Rule 802; Rule 403; Rule 407; MIL | The Plaintiff incorporates his arguments and objections from his opposition to the MIL, Doc. 170, herein by reference.   If it is hearsay, it is admissible pursuant to Rule 803(6) and (8). The statements therein by either Crocker or Gutierrez are not hearsay. Rule 801(d)(2)(A).  403 is not applicable as it was not Gutierrez or Crocker taking the subsequent remedial measures.  Thus, 407 does not apply.  It is relevant for rebuttal/impeachment of current specific instances of unadjudicated perjury |
| 78 | | | Metallica's "Ride the Lightning" album. Release date July 27, 1984 | Rule 401; Rule 802; Rule 403; MIL | Plaintiff incorporates his arguments and objections set forth in **Doc. 169**.  It is not being offered for the truth of its statements that James Hetfield - the lyricist and singer is being put to death by the electric chair - rather of the meaning of the phrase "Ride the Lightning" in the common vernacular and the document will speak for itself.  Thus Rule 802 does not apply. |
| 79 | CN-5678 | CN-5682 | Shawn Utsey's Progress Notes from 11/12 to 12/10/2021 | Rule 403; Rule 802 |  The statements contained in the notes from Lt. Nazario's treating psychologist are highly relevant to damages, thus no 403 concerns substantially outweigh such relevance. Further, they are admissible hearsay under 802(6) and (4). |
| 81 | CN-5696 | CN-5702 | Dr. James Sellman Invoice and Progress Notes | Rule 403; Rule 802 (as to notes); no objection to invoices |  The statements contained in the notes from Lt. Nazario's treating physician are highly relevant to damages, thus no 403 concerns substantially outweigh such relevance. Further, they are admissible hearsay under 802(6) and (4). |
| 83 | CN-5707 | CN-5712 | Notes and Billing – Dr. James Sellman | Rule 403; Rule 802 (as to notes); no objection to invoices | The statements contained in the notes from Lt. Nazario's treating physician are highly relevant to damages, thus no 403 concerns substantially outweigh such relevance.  Further, they are admissible hearsay under 802(6) and (4). |
| 88 | CN-5721 | CN-5729 | Progress Notes from Dr. Shawn O. Utsey from 2021.11.12 to 2022.03.04 | Rule 403; Rule 802 | The statements contained in the notes from Lt. Nazario's treating physician are highly relevant to damages, thus no 403 concerns substantially outweigh such relevance.  Further, they are admissible hearsay under 802(6) and (4). |

| | | | **Daniel Crocker's Objections to Plaintiff's Proposed Trial Exhibits** | | |
|---|---|---|---|---|---|
| **Trial Exhibit No.** | **Beginning Bates No.** | **End Bates No.** | **Description** | **Crocker Objections** | **Reply** |
| 89 | CN-5730 | CN-5744 | Progress Notes from Dr. James Sellman from 2021.11.12 through 2022.03.04 | Rule 403; Rule 802 | The statements contained in the notes from Lt. Nazario's treating physician are highly relevant to damages, thus no 403 concerns substantially outweigh such relevance.  Further, they are admissible hearsay under 802(6) and (4). |
| 91 | CN-5746 | | A letter dated 2022.02.09 from LTC Christy L. Gambill to the Commander of 116th BCT regarding Caron Nazario | Rule 401; Rule 802 | The document is relevant to Lt. Nazario's damages.  It is admissible hearsay pursuant to Rule 802(6) and (8). |
| 92 | CN-5747 | CN-5762 | Progress Notes – Dr. Utsey – 2022.03.11 – 2022.10.03 93 | Rule 403; Rule 802 | The statements contained in the notes from Lt. Nazario's treating physician are highly relevant to damages, thus no 403 concerns substantially outweigh such relevance.  Further, they are admissible hearsay under 802(6) and (4). |
| 95 | CN-5795 | CN-5819 | Progress Notes – Dr. Sellman – 2022.03.07 – 2022.10.05 | Rule 403; Rule 802; CN5816-19 not produced in discovery | The statements contained in the notes from Lt. Nazario's treating physician are highly relevant to damages, thus no 403 concerns substantially outweigh such relevance.  Further, they are admissible hearsay under 802(6) and (4). The Plaintiff produced  CN-5616 - 19 was a typo.  No documents exist. |
| 96 | | | Plaintiff further incorporates the documents listed as exhibits to depositions as set forth in part III, *supra* | Defendant Crocker incorporates his objections to individual exhibits identified to the extent they encompass exhibits listed as deposition exhibits. Defendant Crocker objects to the admission of any exhibit to the extent it is subject to a pending Motion in Limine. | Plaintiff Nazario incorporates his replies to the individual exhibits identified to the extent they encompass the exhibits listed as deposition exhibits.  To the extent that such documents are subject to a motion in limine, Plaintiff incorporates his arguments and objections therein by reference. |
| | | | **DOCUMENTS AND EXHIBITS PLAINTIFF MAY USE IF NECESSARY** | | |
| 1 | CN-6 | | Town of Windsor FOIA response Letter | Rule 401; Rule 802 | This may be relevant regarding specific instances of unadjudicated perjury - depending on how particular witnesses testify on the stand.  It is admissible hearsay under 803(6) and (8). |

### Daniel Crocker's Objections to Plaintiff's Proposed Trial Exhibits

| Trial Exhibit No. | Beginning Bates No. | End Bates No. | Description | Crocker Objections | Reply |
|---|---|---|---|---|---|
| 2 | CN-22 | | Internal Investigation Referral Letter | Rule 401; Rule 802; MIL | This may be relevant regarding specific instances of unadjudicated perjury - depending on how particular witnesses testify on the stand.  It is admissible hearsay under 803(6) and (8).  The Plaintiff incorporates his arguments and objections from his opposition to the MIL, Doc. 170, herein by reference. |
| 6 | CN-104 | CN-105 | Isle of Wight Sheriff's office records certification dated 2021.08.18 | Rule 401; MIL | The Plaintiff incorporates his arguments and objections from his opposition to the MIL, Doc. 170, herein by reference.  This document is a 902(2), (4), (11) self authentication certificate for the IOW County records. |
| 7 | CN-258 | CN-259 | Isle of Wight County Sheriff's Office Records Certification | Rule 401; MIL | This document is a 902(2), (4), (11) self authentication certificate for various Windsor Police records. |
| 10 | CN-3078 | CN-3079 | Town of Windsor Records certification | Rule 401 | This document is a 902(2), (4), (11) self authentication certificate for various Windsor Police records. |
| 14 | CN-332 | CN-334 | Windsor Police Department Records Certification. | Rule 401 | This document is a 902(2), (4), (11) self authentication certificate for various Windsor Police records. |
| 15 | CN-2987 | CN-3001 | Rodney Riddle memorandum outlining proposed changes to Windsor Police Department from 2021.04.19. | Rule 401; Rule 802; MIL; Rule 407 | Withdrawn |
| 17 | CN-3078 | CN-3079 | Town of Windsor records certification | Rule 401 | This document is a 902(2), (4), (11) self authentication certificate for various Windsor Police records. |
| 18 | CN-3082 | CN-3083 | Uniform Traffic Summons – November 7, 2020 (date corrected) Traffic Stop of Caron Nazario by the Town of Windsor Police Department. | No objection to authenticity; object otherwise on basis of Rule 401 and MILs | Relevant to testimony of defendants law enforcement experts who "relied" on the same.  Plaintiff incorporates is arguments and opposition from the relevant motions in limine herein by reference. |
| 19 | CN-3084 | CN-3620 | Daniel Allen Crocker Windsor Police Department Personnel File | Rule 401; Rule 608; Rule 802; MIL | Withdrawn (This does not include a document within that set otherwise independently designated) |
| 20 | CN-3621 | CN-4062 | Joseph Raymond Gutierrez Personnel File | Rule 401; Rule 608; Rule 802; MIL | Withdrawn (This does not include a document within that set otherwise independently designated) |
| 21 | CN-4497 | CN-4498 | BekTek, LLC forensic enhancements | Rule 401; Rule 403; Rule 802; CN-4497 not produced in discovery. | Admissible pursuant to Fed. R. Evid. 802(4); (6); and (8).  Not hearsay under 801(d)(2).  Probative valueof the video (Nazario Cellphone 2, CN-2)  not substantially outweighed by prejudicial effect. |
| 22 | CN-4533 | | Initial diagnosis from Lt. Botang, VAANG | Rule 802 | Admissible pursuant to Fed. R. Evid. 802(4); (6); and (8). |
| 23 | CN-4538 | | 2021.10.12 – Letter from James Sellman to Deputy State Surgeon | Rule 802 | Admissible pursuant to Fed. R. Evid. 802(4) and (6). |
| 24 | CN-5653 | CN-5654 | Rodney Riddle certification | Rule 401 | This document is a 902(2), (4), (11) self authentication certificate for various Windsor Police records. |

| | | | **Daniel Crocker's Objections to Plaintiff's Proposed Trial Exhibits** | | |
|---|---|---|---|---|---|
| Trial Exhibit No. | Beginning Bates No. | End Bates No. | Description | Crocker Objections | Reply |
| 25 | CN-3080 | CN-3081 | Event Data Report from November 7, 2020 traffic stop of Caron Nazario by the Town of Windsor Police Department. | Rule 401; Rule 802; Rule 403 | Admissible hearsay pursuant to Rule 803(4) and (6). Relevant as relied upon by defense experts.  Any prejudicial effect does not substantially outweigh probative value.  Relevant to rebuttal depending on testimony presented. |
| 27 | CN-3633 | | Windsor Police Department Employment Verification Form for Joseph Gutierrez. | Rule 401; Rule 802; Rule 403 | Relevant to Gutierrez's affirmative defenses, especially regarding the search such that any unfair prejudice does not substantially outweigh the probative value.  Not hearsay under 801(d)(2).  If hearsay, it is admissible pursuant to 802(4) and (6). |
| 28 | | | The following records affidavits which Plaintiff will use for admissibility, authenticity, and other evidentiary purposes at trial. | No objection to authenticity; object otherwise on basis of Rule 401 and MILs | Plaintiff incorporates his arguments and objections as set forth in his motions in limine. |
| | CN-34 (Affidavits CN-104-105; CN-258-259; CN-265-266; CN) | CN-266 | a.  Isle of Wight County Sheriff's Office and ECC Affidavits by Lt. Kim Davenport (Bates CN-104 – 105); Capt. Tommy Potter (CN-258 – 259); and Capt. Ronald Bryan (Bates CN-265 – 266) for documents Bates CN-34 – 266. | | |
| | CN-267 (Affidavit CN-313 - 315) | CN-315 | b.  Smithfield Police Department Affidavit by Karen Crocker (CN-313 - 315) for documents Bates CN-267 - 315. | | |
| | CN-3; CN-317; CN-3080; CN-5655; WPD Policies 0000001 | CN-26; CN-337; CN-4157; CN-5663; WPD-IA-1-14; WPD Policies 000095 | c.  Windsor Police Department Affidavit by Rodney D. Riddle (CN-332-334; and CN-5653 – 5654) for documents Bates CN 3 - 26; CN-317 – 337 and CN-3080 – 4157; CN-5655 - 5663; WPD-IA-1-14; WPD Policies 000001 - 000095. | CN-336 not produced in discovery | Doc 336 is identical to CN-5.  Doc. CN-336 was produced to defendants on November 3, 2021. |
| | CN-338 (Affidavit CN-3078-3079) | CN-3079 | d. Town of Windsor Affidavit by William G. Saunders, IV (CN-3078 – 3079) for documents Bates CN-338 – 3079. | | |
| | CN-4158 (Affidavit CN-4496) | CN-4495 | e.  Department of Criminal Justice Services Affidavit by Erik. R. Smith (CN-4496) for documents Bates 4158 – 4495. | | |
| 29 | | | Diagnostics and Statistical Manual of Mental Disorders– Fifth Edition. Sections Trauma – and Stress- related Disorders: Adjustment Disorder, and Posttraumatic Stress Disorder. | Not produced in discovery; not appropriate for evidence | Withdrawn |

| Trial Exhibit No. | Beginning Bates No. | End Bates No. | Description | Crocker Objections | Reply |
|---|---|---|---|---|---|
| **Daniel Crocker's Objections to Plaintiff's Proposed Trial Exhibits** |
| 30 | | | Diagnostics and Statistical Manual of Mental Disorders– Fifth Edition. Text Revision – March 2022. Sections Trauma – and Stress- related Disorders: Adjustment Disorder, and Posttraumatic Stress Disorder. | Not produced in discovery; not appropriate for evidence | Withdrawn |
| 31 | | | Isle of Wight County Sheriff's Department General Order 1-7 Employee Discipline. | Rule 401; Rule 802; MIL | Admissible hearsay pursuant to Rule 803(4) and 803(6). Plaintiff incorporates his arguments and objections in opposition to Motion in Limine, Doc. 170. |
| 32 | CN-148 | CN-151 | Isle of Wight County Training Log | Rule 401; Rule 802; MIL | Admissible hearsay pursuant to Rule 803(4) and 803(6). Plaintiff incorporates his arguments and objections in opposition to Motion in Limine, Doc. 170. |
| 33 | CN-34 | CN-35 | Isle of Wight County Training Log | Rule 401; Rule 802; MIL | Admissible hearsay pursuant to Rule 803(4) and 803(6). Plaintiff incorporates his arguments and objections in opposition to Motion in Limine, Doc. 170. |
| | | | | | |

**Gutierrez's Objections to Plaintiff's Proposed Trial Exhibits**

| Trial Exhibit No. | Beginning Bates No. | End Bates No. | Description | Gutierrez Objections | Reply |
|---|---|---|---|---|---|
| 1 | CN-1 | | Cellphone Footage from Caron Nazario | Rule 401; Rule 403 (Cumulative); Rule 608; Rule 802; Rule 901 | The video is relevant under 401 as it shows what Lt. Nazario's actions during the traffic stop were - relevant to claims that Lt. Nazario was not and had not complied. Any cumulative nature does not substantially outweigh its prejudicial value as the video contains footage and admissions not captured on the Defendants' body worn camera footage. Crocker has indicated that in his opinion the traffic stop ended when Gutierrez took Lt. Nazario out of handcuffs, however the had still prolonged the same as the defendants would not let Lt. Nazario drive until after his eyes cleared - some thirty minutes after defendant Gutierrez removed the cuffs.  Further, the video captures admissions by Gutierrez, not captured on Crocker's video (as Crocker was not present) and not captured by Gutierrez's camera as it was not |

**Gutierrez's Objections to Plaintiff's Proposed Trial Exhibits**

| 2 | CN-2 | | Cellphone Footage from Caron Nazario | Rule 401; Rule 403 (Cumulative); Rule 608; Rule 802; Rule 901 | The video is relevant under 401 as it shows what Lt. Nazario's actions during the traffic stop were - relevant to claims that Lt. Nazario was not and had not complied. Any cumulative nature does not substantially outweigh its prejudicial value as the video contains footage and admissions not captured on the Defendants' body worn camera footage. Crocker has indicated that in his opinion the traffic stop ended when Gutierrez took Lt. Nazario out of handcuffs, however the had still prolonged the same as the defendants would not let Lt. Nazario drive until after his eyes cleared - some thirty minutes after defendant Gutierrez removed the cuffs.  Further, the video captures admissions by Gutierrez, not captured on Crocker's video (as Crocker was not present) and not captured by Gutierrez's camera as it was not |
|---|------|--|--------------------------------------|--------------------------------------------------------------|------|
| 6 | CN-10 | CN-15 - IBR | To include Daniel Crocker's Reporting Officer Narrative, Incident Report Suspect List, Incident Report Vehicle List. | | |
| 7 | CN-16 | CN-17 | Incident Report Narrative – Joseph Raymond Gutierrez. | | |

**Gutierrez's Objections to Plaintiff's Proposed Trial Exhibits**

| 8 | C-18 | | Witness Subpoena Request. | Rule 401; Rule 802 | This document is not hearsay - defendant Crocker created the same, Rule 801(d)(2) and any statements not from Crocker are admissible hearsay under Rules 803(6) and 803(8).  It is relevant insofar as it demonstrates, inter alia, malice by demonstrating that Crocker was preparing to charge Lt. Nazario with, inter alia assault on a law enforcement officer. |
|---|---|---|---|---|---|
| 9 | CN-19 | CN-21 | Isle of Wight County Event Report 2020-087291. | | |
| 10 | CN-23 | CN-25 | Use of Force Report – Joseph Raymond | | |
| 11 | CN-27 | | GOOGLE Maps Screenshot US460 West. | Rule 401 | This shows the route of travel on 2020.12.05 - Thus it is relevant for the jury to determine things such as reasonableness |
| 12 | CN-28 | | Urban Dictionary – Ride the Lightning | Rule 401; Rule 802; Rule 403; MIL | The Plaintiff incorporates his arguments and objections from his opposition to the MIL, Docs. 169 and 173 herein by reference. |
| 13 | CN-4536 | CN-4537 | Temporary Tag from 2020.12.05 | | |
| 14 | CN-100 | CN-101 | Dispatch Report – Isle of Wight County December 5, 2020 | | |
| 15 | CN-102 | CN-103 | Isle of Wight Dispatch Report from the November 2020 traffic stop of Caron Nazario. | Rule 401; Rule 404; Rule 802; MIL | |

**Gutierrez's Objections to Plaintiff's Proposed Trial Exhibits**

| 16 | CN-106 | CN-107 | Joseph Raymond Gutierrez Robinson narrative dated 2019.04.20 from Isle of Wight County Sheriff's Office. | Rule 401; Rule 403; Rule 404; MIL | The Plaintiff incorporates his arguments and objections from his opposition to the MIL, Doc. 170, herein by reference. |
|---|---|---|---|---|---|
| 17 | CN-109 | CN-113 | Isle of Wight County Internal Affairs investigative report dated 2019.04.18 from then Lt. Tommy. O. Potter investigating the Robinson use of force. | Rule 401; Rule 802; Rule 403; Rule 404; MIL | The Plaintiff incorporates his arguments and objections from his opposition to the MIL, Doc. 170, herein by reference.   To the extent that the documents contain statements from Gutierrez, they are not hearsay |
| 18 | CN-115 | CN-119 | Joseph Raymond Gutierrez Reporting Officer Narrative from Isle of Wight Robinson Traffic Stop. | Rule 401; Rule 403; Rule 404;  MIL | The Plaintiff incorporates his arguments and objections from his opposition to the MIL, Doc. 170, herein by reference. |
| 19 | CN-131 | | 2018.10.19 – Written Reprimand – Failure to Complete Training – Isle of Wight County. | Rule 401; Rule 802; Rule 403; Rule 404; MIL | The Plaintiff incorporates his arguments and objections from his opposition to the MIL, Doc. 170, herein by reference.   To the extent that the documents contain statements from Gutierrez, they are not hearsay.  Rule 801(d)(2).  The document is admissible hearsay pursuant to Rule 803(6) and 803(8). |
| 20 | CN-133 | | Joseph Raymond Gutierrez Isle of Wight Resignation Letter. | Rule 401; MIL | The Plaintiff incorporates his arguments and objections from his opposition to the MIL, Doc. 170, herein by reference. |

**Gutierrez's Objections to Plaintiff's Proposed Trial Exhibits**

| 21 | CN-135 | | Isle of With County Sheriff's Office notice of 10-day suspension without pay of Joseph Raymond Gutierrez dated 2019.05.09. | Rule 401; Rule 802; Rule 403; MIL | The Plaintiff incorporates his arguments and objections from his opposition to the MIL, Doc. 170, herein by reference.   The document is admissible hearsay pursuant to Rule 803(6) and 803(8). |
|----|--------|--------|--------|--------|--------|
| 22 | CN-136; CN-139 | CN-141 | Gutierrez Isle of Wight County Oath of Office. | Rule 401; Rule 403 (Cumulative) | The document is relevant to the job that defendant Gutierrez swore under oath to undertake. Notwithstanding his stipulation he was an officer, he did not stipulate or mention the "oath" in the stipulations and the jury has a right to see the same.  Thus it is not cumulative as defined in Rule 403. |
| 23 | CN-219 | CN-221 | Isle of Wight County Sheriff's Office Sanctions and Internal Affairs Memo re: Joseph Raymond Gutierrez and Robinson Traffic Stop. | Rule 401; Rule 802; Rule 403; Rule 404; MIL | The Plaintiff incorporates his arguments and objections from his opposition to the MIL, Doc. 170, herein by reference.   To the extent that the documents contain statements from Gutierrez, they are not hearsay.  Rule 801(d)(2).  The document is admissible hearsay pursuant to Rule 803(6) and 803(8). The oath is not being offered as evidence of Gutierrez's character to prove the  acted in accordance with that character, rather to counter defendant Gutierrez's affirmative defenses.  Thus 404 does not apply. |

**Gutierrez's Objections to Plaintiff's Proposed Trial Exhibits**

| 24 | CN-253 | CN-257 | Isle of Wight County Use of Force record – Joseph Raymond Gutierrez. | Rule 401; Rule 802; Rule 403; Rule 404; MIL | The Plaintiff incorporates his arguments and objections from his opposition to the MIL, Doc. 170, herein by reference.   To the extent that the documents contain statements from Gutierrez, they are not hearsay.  Rule 801(d)(2).  The document is admissible hearsay pursuant to Rule 803(6) and 803(8). |
| --- | --- | --- | --- | --- | --- |
| 25 | CN-260 | CN-261 | Video Footage, Robinson Traffic Stop. | Rule 401; Rule 802; Rule 403; Rule 404; MIL; CN261 not produced in discovery | The Plaintiff incorporates his arguments and objections from his opposition to the MIL, Doc. 170, herein by reference.   To the extent that the documents contain statements from Gutierrez, they are not hearsay.  Rule 801(d)(2).  The plaintiff will not be offering it to prove the fact of the matter asserted by any party other than, maybe, Gutierrez.  Thus 802 does not apply.  Plaintiff produced CN-261 to defendant Crocker on November 3, 2021. |

**Gutierrez's Objections to Plaintiff's Proposed Trial Exhibits**

| 26 | CN-262 | | Recorded statements made pursuant to Robinson Traffic stop Internal Affairs Investigation. Bates CN-262. | Rule 401; Rule 403; Rule 404; Rule 802; MIL | The Plaintiff incorporates his arguments and objections from his opposition to the MIL, Doc. 170, herein by reference.   To the extent that the documents contain statements from Gutierrez, they are not hearsay.  Rule 801(d)(2).  The plaintiff will not be offering it to prove the fact of the matter asserted by any party other than, maybe, Gutierrez.  Thus 802 does not apply |
|---|---|---|---|---|---|
| 27 | CN-263 | CN-264 | Isle of Wight Emergency Communications radio traffic from Windsor Police traffic stop of Caron Nazario on 2020.11.07 and 2020.12.05. | Rule 401 (as to 11/7/2020); Rule 802 (as to 11/7/2020) | Relevant to impeachment, rebuttal of expert testimony and allegations that defendants have made in pleadings which maybe repeated at trial.  Admissible hearsay under 803(6) and(8). |
| 28 | CN-298 | CN-299 | 7th Session of Auxiliary Basic Police School and report card. | Rule 401; Rule 403; Rule 802; MIL | The Plaintiff incorporates his arguments and objections from his opposition to the MIL, Doc. 170, herein by reference.   To the extent that the documents contain statements from Gutierrez, they are not hearsay.  Rule 801(d)(2)(A) and (B).  If it is hearsay, it is admissible hearsay pursuant to Rule 803(6) and 803(8). |

**Gutierrez's Objections to Plaintiff's Proposed Trial Exhibits**

| 29 | CN-318 | CN-319 | April 20th, 2020 Termination of Employment under Probationary Conditions | Rule 401; Rule 404; Rule 802; Rule 403; MIL | The Plaintiff incorporates his arguments and objections from his opposition to the MIL, Doc. 170, herein by reference.  If it is hearsay, it is admissible hearsay pursuant to Rule 803(6) and 803(8).  Also will be used regarding specific instances of unadjudicated perjury. |
| --- | --- | --- | --- | --- | --- |
| 30 | CN-5663 | | Email of Rodney Riddle to Daniel Crocker | Rule 401; Rule 802; MIL | The Plaintiff incorporates his arguments and objections from his opposition to the MIL, Doc. 170, herein by reference.  If it is hearsay, it is admissible hearsay pursuant to Rule 803(6) and 803(8).  This document also went to Gutierrez and was part of the reason for his termination.  Relevant to specific instance of unadjudicated perjury. |
| 31 | CN-354 | | Text exchange between Joseph Raymond Gutierrez and Daniel Allen Crocker on 2020.12.05. | | |

| 32 | CN-3038 | CN-3051 | 2021.05.03 Memorandum from Chief Rodney Riddle to the Town of Windsor. | Rule 401; Rule 802; Rule 407; MIL | The Plaintiff incorporates his arguments and objections from his opposition to the MIL, Doc. 170, herein by reference. If it is hearsay, it is admissible hearsay pursuant to Rule 803(6) and 803(8). This document also went to Gutierrez and was part of the reason for his termination. 407 is not applicable as it was neither of the defendants who took these remedial measures. |
| --- | --- | --- | --- | --- | --- |
| 33 | CN-3565 | CN-3568 | Field Training/On the Job Training | Rule 401; Rule 802; MIL | Withdrawn |
| 34 | CN-4605 | CN-4523 | CV of Shawn Utsey, Ph.D. | Rule 401; Rule 802; Rule 403 (Cumulative) | Relevant to credentials and credibility of Dr. Utsey. Unfair prejudice due to cumulative nature does not substantially outweigh probative value. |
| 35 | CN-4525 | CN-4351 | CV of James Sellman, MD. | Rule 401; Rule 802; Rule 403 (Cumulative) | Relevant to credentials and credibility of Dr. Utsey. Unfair prejudice due to cumulative nature does not substantially outweigh probative value. |
| 36 | CN-4929 | CN-4930 | CV of Mark G. Bong, Esq. | Rule 401; Rule 802; Rule 403 (Cumulative); CN-4929-30 not produced in discovery | Relevant to credentials and credibility of Mr. Bong. Unfair prejudice due to cumulative nature does not substantially outweigh probative value. The CV was produced with Mr. Bong's Rule 26 disclosures. |

**Gutierrez's Objections to Plaintiff's Proposed Trial Exhibits**

| 37 | CN-3570 | | Daniel Crocker Oath of Office. | Rule 401; Rule 802; Rule 403 (Cumulative); Rule 608; Rule 901 | The document is relevant to the job that defendant Crocker swore under oath to undertake. Notwithstanding his stipulation he was an officer, he did not stipulate or mention the "oath" in the stipulations and the jury has a right to see the same. Thus it is not cumulative as defined in Rule 403. The oath of office is not being offered to attack defendant Crocker's character for truthfulness. The document is self-authenticating pursuant to Fed. R. Evid. 902. It is not hearsay under 801(d)(2) |
| --- | --- | --- | --- | --- | --- |
| 38 | CN-3571 | CN-3587 | April 20, 2021 Use of Force Remedial Training Letter. | Rule 401; Rule 802; Rule 403; Rule 407; MIL | The Plaintiff incorporates his arguments and objections from his opposition to the MIL, Doc. 170, herein by reference. If it is hearsay, it is admissible pursuant to Rule 803(6) and (8). It is relevant to the deterrence aspect of punitive damages and in that respect neither 401 nor 403 prevent its admission. |
| 39 | CN-3621 | | Termination letter – Joseph Raymond Gutierrez. | Rule 401; Rule 802; Rule 403; MIL | The Plaintiff incorporates his arguments and objections from his opposition to the MIL, Doc. 170, herein by reference. It is admissible hearsay pursuant to Rule 803(6) and (8). |

| 40 | CN-3625 | | Joseph Raymond Gutierrez Oath of Office – Windsor Police Department. CN-3625. | Rule 401; Rule 802; Rule 403 (Cumulative); Rule 608; Rule 901 | The document is relevant to the job that defendant Gutierrez swore under oath to undertake. Notwithstanding his stipulation he was an officer, he did not stipulate or mention the "oath" in the stipulations and the jury has a right to see the same it is also from Windsor and not Isle of Wight, thus it is not cumulative as defined in Rule 403.  It is not hearsay under 803(d)(2) and is self authenticating under 902(2) as it was accompanied by the affidavit envisioned therein. |
| 41 | CN-3622 | CN-3624 | Notice of disciplinary action and disciplinary | Rule 401; Rule 802; Rule 403; Rule 407; MIL | The Plaintiff incorporates his arguments and objections from his opposition to the MIL, Doc. 170, herein by reference.   If it is hearsay, it is admissible pursuant to Rule 803(6) and (8).  Rule 407 does not apply, because it was not Gutierrez who took the subsequent remedial measures.  It is relevant to the deterrence aspect of punitive damages. |

| 42 | CN-3664 | CN-3667 | Joseph Raymond Gutierrez Resume, DD-214 and DD-215. | Rule 401; Rule 802; Rule 403 | It is not hearsay under Rule 801(d)(2)(B).  It is relevant as Gutierrez claims on the videos that we hear that he was a corporal, a combat vet, and had deployed to the LA riots.  This is false and the jury need to know such that the false statements do not color their interpretation of the situation |
| 43 (a) | CN-4063; WPD Policies 1 | CN-4069; WPD Policies 7 | Town of Windsor Police Department policies and procedures: a. Use of Force. | Rule 401; Rule 802; MIL | The Plaintiff incorporates his arguments and objections from his opposition to the MIL, Doc. 170, herein by reference.   If it is hearsay, it is admissible pursuant to Rule 803(6) and (8). |
| 43 (b) | CN-4139; WPD Policies 77 | CN-4157; WPD Policies 95 | Town of Windsor Police Department policies and procedures: b. General Code of Conduct. | Rule 401; Rule 802; MIL | The Plaintiff incorporates his arguments and objections from his opposition to the MIL, Doc. 170, herein by reference.   If it is hearsay, it is admissible pursuant to Rule 803(6) and (8). |
| 43 (c) | CN-4079; WPD Policies 17 | CN-4097; WPD Policies 35 | Town of Windsor Police Department policies and procedures: c. Traffic Law Enforcement. | Rule 401; Rule 802; MIL | The Plaintiff incorporates his arguments and objections from his opposition to the MIL, Doc. 170, herein by reference.   If it is hearsay, it is admissible pursuant to Rule 803(6) and (8). |
| 44 | CN-3708 | | DCJS Field Training Officer – Joseph Raymond Gutierrez | Rule 401; Rule 802; MIL | Withdrawn |

| 45 | WPD IA 1 | WPD IA 14 | Windsor Police Department Internal Affairs investigation and interview into traffic stop of Caron Nazario. | Rule 401; Rule 802; Rule 403; MIL | The Plaintiff incorporates his arguments and objections from his opposition to the MIL, Doc. 170, herein by reference.  If it is hearsay, it is admissible pursuant to Rule 803(6) and (8).  The statements therein by either Crocker or Gutierrez are not hearsay. Rule 801(d)(2)(A).  403 is not applicable as it was not Gutierrez or Crocker taking the subsequent remedial measures. |
| 46 | CN-4500 | | US Army Profile | Rule 401; Rule 802 | Relevant to damages.  Not hearsay under Rule 803(6) and (8). |
| 47 | CN-4499 | | Letter from Deputy Surgeon. | Rule 401; Rule 802 | Relevant to damages.  Not hearsay under Rule 803(6) and (8). |
| 48 | CN-4535 | | Caron Nazario's VADL | Rule 401; Rule 802 | Relevant and not hearsay pursuant to 803(6) and (8). |
| 49 | CN-4539 | CN-4540 | 2021.10.27 - VAANG State Surgeon Profile | Rule 401; Rule 802 | Relevant to damages.  Not hearsay under Rule 803(6) and (8). |
| 50 | CN-4541 | | Employer Deployment Letter | Rule 401; Rule 802 | Relevant to damages.  Not hearsay under Rule 803(6) and (8). |
| 51 | CN-4542 | CN-4670 | Caron Nazario's Military Records | Rule 401; Rule 802; CN-4561-4568; 4581; 4612-4620; 4632-4634; 4647-4662 not produced in discovery | Withdrawn unless otherwise a particular series is otherwise identified in the designations. |
| 52 | CN-4542 | CN-4543; 4545 | FT ANG – Insurrection Deployment Orders | | |
| 53 | CN-4578 | CN-4579 | USA Officer Evaluation – 2021.08.11 | | |

| | | | | | |
|---|---|---|---|---|---|
| 54 | CN-4605 | CN-4606 | Officer Oath | Rule 401; Rule 802 | Relevant to damages.  Not hearsay under Rule 803(6) and (8). |
| 55 | CN-4646 | | Award of Military Funeral Honors | Rule 401; Rule 802 | Relevant to damages.  Not hearsay under Rule 803(6) and (8). |
| 56 | CN-4671 | | 2021.10.11 Medical Bills – Dr. Utsey | | |
| 57 | CN-4672 | CN-4674 | 2021.10.12 Medical Bills – Dr. Sellman | | |
| 58 | CN-4675 | CN-4680 | 2021.11.07 Medical Bills – Dr. Sellman | | |
| 59 | CN-4681 | CN-4759 | Army Technical Manual AR-40-501 | Rule 401; Rule 802 | Withdrawn |
| 60 | CN-4760 | CN-4838 | Army Technical Manual AR-40-502 | Rule 401; Rule 802 | Withdrawn |
| 61 | CN-4839 | | Virginia Code § 8.01-419 | | |
| 62 | CN-4843 | | 2021.11.07 – Dr. Utsey Bills | | |
| 63 | CN-4844 | CN-4863 | Caron Nazario's Nightmare diary | Rule 401; Rule 802 | |
| 64 | CN-4864 | CN-4875 | 7th Executive Directive and Amendments 1-1 | Rule 401; Rule 802 | Relevant to affirmative defenses, Not hearsay pursuant to 802 (8). |
| 65 | CN-4876 | CN-4877 | 8th Executive Directive | Rule 401; Rule 802 | Relevant to affirmative defenses, Not hearsay pursuant to 802 (8). |
| 66 | CN-4892 | CN-4914 | Dr. Sellman's Medical notes | Rule 403; Rule 802 | The statements contained in the notes from Lt. Nazario's treating physician are highly relevant to damages, thus no 403 concerns substantially outweigh such relevance.  Further, they are admissible hearsay under 802(6) and (4). |
| 67 | CN-5003 | CN-5042 | Dr. Utsey's test results | Rule 403; Rule 802 | The statements contained in the notes from Lt. Nazario's treating psychologist are highly relevant to damages, thus no 403 concerns substantially outweigh such relevance.  Further, they are admissible hearsay under 802(6) and (4). |

| 68 | CN-5043 | CN-5052 | Dr. Utesy's medical notes | Rule 403; Rule 802 | The statements contained in the notes from Lt. Nazario's treating psychologist are highly relevant to damages, thus no 403 concerns substantially outweigh such relevance.  Further, they are admissible hearsay under 802(6) and (4). |
|----|---------|---------|---------------------------|--------------------|----------------|
| 69 | CN-5221 | CN-5240 | Caron Nazario's US Army W-2's from 2016 – 2020 | | |
| 70 | CN-5241 | CN-5256 | Caron Nazario's US Army LES's from 11/2020 to 10/2020 | | |
| 71 | CN-5257 | CN-5258 | DFAS.GOV 2021 Military Pay Scale 2021 | | |
| 72 | CN-5259 | CN-5262 | DFAS.MIL 2021 Military Pay Scale | | |
| 73 | CN-5664 | | Invoice for services rendered – Dr. Shawn Utsey 11/12 – 12/3/2021 | | |
| 74 | CN-5665 | CN-5667 | Isle of Wight Sheriff's Office Use of Force Policy and Procedure. | Rule 401; Rule 802; MIL | |
| 75 | | | 75.Brandon Tatum YouTube Channel Posts:<br>a.  https://youtu.be/VgBMnJyOiT0<br>b.  https://www.youtube.com/watch?v=a9LdwtW2eJw<br>c.  https://www.youtube.com/watch?v=cu0n0harShU<br>d.  https://www.youtube.com/watch?v=k0Y35EpOiFc<br>e.  https://www.youtube.com/watch?v=yzaR_s5rDCQ<br>f.  https://www.bizpacreview.com/2021/04/13/fmr-officer-brandon-tatum-breaks-down-incident-between-va-police-black-army-lieutenant-as-only-he- can-1059393/<br>g.  https://youtu.be/VgBMnJyOiT0 | Rule 401; Not produced in discovery | They are, or may be relevant impeachment or rebuttal depending on how or if Mr. Tatum can testify.  Hyperlinks produced on December 21, 2021. |

| 76 | CN-5655 | CN-5663 | | Rule 401; Rule 802; Rule 403; Rule 407; MIL | The Plaintiff incorporates his arguments and objections from his opposition to the MIL, Doc. 170, herein by reference.  If it is hearsay, it is admissible pursuant to Rule 803(6) and (8).  The statements therein by either Crocker or Gutierrez are not hearsay. Rule 801(d)(2)(A).  403 is not applicable as it was not Gutierrez or Crocker taking the subsequent remedial measures.  Thus, 407 does not apply.  It is relevant for rebuttal/impeachment of current specific instances of unadjudicated perjury |
| | | | Windsor Police Department Personnel Memorandum | | |
| 77 | CN-5682 | CN-5694 | IRS Tax Return Transcripts | | |
| 78 | | | | Not produced in discovery; Rule 401; Rule 802; Rule 403; MIL | Plaintiff incorporates his arguments and objections set forth in Doc. 169.  It is not being offered for the truth of its statements that James Hetfield - the lyricist and singer is being put to death by the electric chair - rather of the meaning of the phrase "Ride the Lightning" in the common vernacular and the document will speak for itself.  Thus Rule 802 does not apply.  Disclosed on discovery (as plaintiff has a single copy of the album) on December 21, 2021. |
| | | | Metallica's "Ride the Lightning" album. Release date July 27, 1984 | | |

Gutierrez's Objections to Plaintiff's Proposed Trial Exhibits

| 79 | CN-5678 | CN-5682 | Shawn Utsey's Progress Notes from 11/12 to 12/10/2021 | Rule 403; Rule 802 | The statements contained in the notes from Lt. Nazario's treating psychologist are highly relevant to damages, thus no 403 concerns substantially outweigh such relevance.  Further, they are admissible hearsay under 802(6) and (4). |
| 80 | CN-5695 | | Dr. Shawn Utsey services Invoice | | |
| 81 | CN-5696 | CN-5702 | Dr. James Sellman Invoice and Progress Notes | Rule 403; Rule 802 (as to notes) | The statements contained in the notes from Lt. Nazario's treating physician are highly relevant to damages, thus no 403 concerns substantially outweigh such relevance.  Further, they are admissible hearsay under 802(6) and (4). |
| 82 | CN-5703 | | Dr. James Sellman report invoice | | |
| 83 | CN-5707 | CN-5712 | Notes and Billing – Dr. James Sellman | Rule 403; Rule 802 (as to notes) | The statements contained in the notes from Lt. Nazario's treating physician are highly relevant to damages, thus no 403 concerns substantially outweigh such relevance.  Further, they are admissible hearsay under 802(6) and (4). |
| 84 | CN-5713 | | Billing Invoices – Dr. Shawn Utsey | | |
| 85 | CN-5714 | | Billing Invoice – Dr. Shawn Utsey | | |
| 86 | CN-5715 | CN-5719 | Billing Invoices – Dr. James Sellman | | |
| 87 | CN-5720 | | Billing Invoices – Dr. Shawn Utsey | | |

| 88 | CN-5721 | CN-5729 | Progress Notes from Dr. Shawn O. Utsey from 2021.11.12 to 2022.03.04 | Rule 403; Rule 802 | The statements contained in the notes from Lt. Nazario's treating psychologist are highly relevant to damages, thus no 403 concerns substantially outweigh such relevance.  Further, they are admissible hearsay under 802(6) and (4). |
| 89 | CN-5730 | CN-5744 | Progress Notes from Dr. James Sellman from 2021.11.12 through 2022.03.04 | Rule 403; Rule 802 | The statements contained in the notes from Lt. Nazario's treating physician are highly relevant to damages, thus no 403 concerns substantially outweigh such relevance.  Further, they are admissible hearsay under 802(6) and (4). |
| 90 | CN-5745 | | Caron Nazario's Temporary Profile Extension from the Virginia Army National Guard | Rule 802 | Admissible 803(6) and (8) |
| 91 | CN-5746 | | A letter dated 2022.02.09 from LTC Christy L. Gambill to the Commander of 116th BCT regarding Caron Nazario | Rule 401; Rule 802 | Relevant to damages.  admissible hearsay under Rule 803(6) and (8). |
| 92 | CN-5747 | CN-5762 | Progress Notes – Dr. Utsey – 2022.03.11 – 2022.10.03 93 | Rule 403; Rule 802 | The statements contained in the notes from Lt. Nazario's treating physician are highly relevant to damages, thus no 403 concerns substantially outweigh such relevance.  Further, they are admissible hearsay under 802(6) and (4). |
| 93 | CN-5763 | CN-5793 | Bills – Dr. Utsey – 2022.03.11 – 2022.10.17 | | |
| 94 | CN-5794 | | Bates CN-5794 – Bills – Dr. Sellman – 2022.01.10 | | |

DM#1260927

| 95 | CN-5795 | CN-5819 | | Rule 403; Rule 802; CN5816-19 not produced in discovery | The statements contained in the notes from Lt. Nazario's treating physician are highly relevant to damages, thus no 403 concerns substantially outweigh such relevance.  Further, they are admissible hearsay under 802(6) and (4). The Plaintiff produced  CN-5616 - 19 was a typo.  No documents exist. |
| 96 | | | Progress Notes – Dr. Sellman – 2022.03.07 – Plaintiff further incorporates the documents listed as exhibits to depositions as set forth in part III, *supra* | Defendant Gutierrez incorporates his objections to individual exhibits identified to the extent they encompass exhibits listed as deposition exhibits. Defendant Gutierrez objects to the admission of any exhibit to the extent it is subject to a pending Motion in Limine. | Plaintiff Nazario incorporates his replies to the individual exhibits identified to the extent they encompass the exhibits listed as deposition exhibits.  To the extent that such documents are subject to a motion in limine, Plaintiff incorporates his arguments and objections therein by reference. |
| **DOCUMENTS AND EXHIBITS PLAINTIFF MAY USE IF NECESSARY** | | | | | |
| 1 | CN-6 | | Town of Windsor FOIA response Letter | Rule 401; Rule 802 | This may be relevant regarding specific instances of unadjudicated perjury - depending on how particular witnesses testify on the stand.  It is admissible hearsay under 803(6) and (8).. |

**Gutierrez's Objections to Plaintiff's Proposed Trial Exhibits**

| 2 | CN-22 | | Internal Investigation Referral Letter | Rule 401; Rule 802; MIL | This may be relevant regarding specific instances of unadjudicated perjury - depending on how particular witnesses testify on the stand.  It is admissible hearsay under 803(6) and (8).  The Plaintiff incorporates his arguments and objections from his opposition to the MIL, Doc. 170, herein by reference. |
| 3 | CN-25 | | Defendants' business cards from Town of Windsor | | |
| 4 | CN-298 | | VDOT Speed limit map US460 West between Food Lion and BP in Windsor, VA | Rule 401; Rule 802 | Withdrawn |
| 5 | | | Virginia Concealed Carry Permit active on 12/5/2020. Currently in possession of Plaintiff. | Not produced in discovery; Rule 401 | Disclosed on 2021.10.07.  Relevant to Gutierrez's affirmative defenses. |
| 6 | CN-104 | CN-105 | Isle of Wight Sheriff's office records certification dated 2021.08.18 | | |
| 7 | CN-258 | CN-259 | Isle of Wight County Sheriff's Office Records Certification | | |
| 8 | CN-265 | CN-266 | Isle of Wight Emergency Communications | | |

**Gutierrez's Objections to Plaintiff's Proposed Trial Exhibits**

| 9 | CN-3062 | CN-3064 | Body Worn Camera Footage from 2020.11.07 Windsor Police Department Traffic Stop of Caron Nazario | Rule 401; Rule 802; Rule 403 | Relevant given for impeachment and/or rebuttal given testimony as well as prior arguments made by counsel.  Not hearsay pursuant to 802 as it will not be used to prove an out of court statement.  Prejudice effect will not substantially outweigh probative value if experts or parties testify as they have in the past. |
| 10 | CN-3078 | CN-3079 | Town of Windsor Records certification | | |
| 11 | CN-3082 | CN-3083 | Uniform Traffic Summons – November 7, 2020 Traffic Stop of Caron Nazario by the Town of Windsor Police Department. | Rule 401; Rule 802; Rule 403 | Relevant given for impeachment and/or rebuttal given testimony as well as prior arguments made by counsel.  Admissible hearsay under 803(6) and (8).  Prejudice effect will not substantially outweigh probative value if experts or parties testify as they have in the past. |

Gutierrez's Objections to Plaintiff's Proposed Trial Exhibits

| 12 | CN-263 | CN-264 | Isle of Wight Emergency Communications radio traffic from Windsor Police traffic stop of Caron Nazario on 2020.11.07 and 2020.12.05. | Rule 401; Rule 802; Rule 403 | For the 2020.12.05 traffic - Not hearsay under 801(d)(2). Hearsay admissible under 803(6) and (8).  Relevant as has party admissions.  Regarding 2020.11.05 Relevant given for impeachment and/or rebuttal given testimony as well as prior arguments made by counsel.  Not hearsay pursuant to 802 as it will not be used to prove an out of court statement.  Prejudice effect will not substantially outweigh probative value if experts or parties testify as they have in the past. |
| --- | --- | --- | --- | --- | --- |
| 13 | CN-265 | CN-266 | Isle of Wight Emergency Communications | | |
| 14 | CN-332 | CN-334 | Windsor Police Department Records | | |
| 15 | CN-2987 | CN-3001 | Rodney Riddle memorandum outlining proposed changes to Windsor Police Department from 2021.04.19. | Rule 401; Rule 802; MIL; Rule 407 | Withdrawn |
| 16 | CN-3062 | CN-3064 | Body Worn Camera Footage from 2020.11.07 Windsor Police Department Traffic Stop of Caron Nazario | Rule 401; Rule 802; Rule 403 | Relevant given for impeachment and/or rebuttal given testimony as well as prior arguments made by counsel.  Not hearsay pursuant to 802 as it will not be used to prove an out of court statement. Prejudice effect will not substantially outweigh probative value if experts or parties testify as they have in the past. |
| 17 | CN-3078 | CN-3079 | Town of Windsor records certification | | |

**Gutierrez's Objections to Plaintiff's Proposed Trial Exhibits**

| | | | | | |
|---|---|---|---|---|---|
| 18 | CN-3082 | CN-3083 | Uniform Traffic Summons – November 7, 2021 Traffic Stop of Caron Nazario by the Town of Windsor Police Department. | Rule 401; Rule 802; Rule 403 | Relevant given for impeachment and/or rebuttal given testimony as well as prior arguments made by counsel.  Not hearsay pursuant to 802 as it will not be used to prove an out of court statement.  Prejudice effect will not substantially outweigh probative value if experts or parties testify as they have in the past. |
| 19 | CN-3084 | CN-3620 | Daniel Allen Crocker Windsor Police Department Personnel File | Rule 401; MIL | Withdrawn (This does not include a document within that set otherwise independently designated) |
| 20 | CN-3621 | CN-4062 | Joseph Raymond Gutierrez Personnel File | Rule 401; Rule 802; MIL | Withdrawn (This does not include a document within that set otherwise independently designated) |
| 21 | CN-4497 | CN-4498 | BekTek, LLC forensic enhancements | Rule 401; Rule 403; Rule 802; CN-4497 not produced in discovery. | Admissible pursuant to Fed. R. Evid. 802(4); (6); and (8).  Not hearsay under 801(d)(2).  Probative value of the video (Nazario Cellphone 2, CN-2) not substantially outweighed by prejudicial effect. |
| 22 | CN-4533 | | Initial diagnosis from Lt. Botang, VAANG | Rule 802 | Admissible under 803(4), (6), and (8). |
| 23 | CN-4538 | | 2021.10.12 – Letter from James Sellman to Deputy State Surgeon | Rule 802 | Admissible under 803(4), (6), and (8). |
| 24 | CN-5653 | CN-5654 | Rodney Riddle certification | | |

**Gutierrez's Objections to Plaintiff's Proposed Trial Exhibits**

| 25 | CN-3080 | CN-3081 | Event Data Report from November 7, 2020 traffic stop of Caron Nazario by the Town of Windsor Police Department. | Rule 401; Rule 802; Rule 403 | Relevant given for impeachment and/or rebuttal given testimony as well as prior arguments made by counsel.  Not hearsay pursuant to 802 as it will not be used to prove an out of court statement.  Prejudice effect will not substantially outweigh probative value if experts or parties testify as they have in the past. |
| --- | --- | --- | --- | --- | --- |
| 26 | CN-3082 | CN-3083 | Uniform Traffic Summons from November 7, 2021 traffic stop of Caron Nazario by the Town of Windsor Police Department. | Rule 401; Rule 802; Rule 403 | Relevant given for impeachment and/or rebuttal given testimony as well as prior arguments made by counsel.  Not hearsay pursuant to 802 as it will not be used to prove an out of court statement. Prejudice effect will not substantially outweigh probative value if experts or parties testify as they have in the past. |
| 27 | CN-3633 | | Windsor Police Department Employment Verification Form for Joseph Gutierrez. | Rule 401; Rule 802; Rule 403 | Relevant to Gutierrez's affirmative defenses, especially regarding the search such that any unfair prejudice does not substantially outweigh the probative value.  Not hearsay under 801(d)(2).  If hearsay, it is admissible pursuant to 802(4) and (6). |

**Gutierrez's Objections to Plaintiff's Proposed Trial Exhibits**

| 28 | | | The following records affidavits which Plaintiff will use for admissibility, authenticity, and other evidentiary purposes at trial. | No objection to authenticity; object otherwise on basis of Rule 401 and MILs | Plaintiff incorporates his arguments and objections as set forth in his motions in limine. |
|---|---|---|---|---|---|
| | CN-34 (Affidavits CN-104-105; CN-258-259; CN-265-266; CN) | CN-266 | a.  Isle of Wight County Sheriff's Office and ECC Affidavits by Lt. Kim Davenport (Bates CN-104 – 105); Capt. Tommy Potter (CN-258 – 259); and Capt. Ronald Bryan (Bates CN-265 – 266) for documents Bates CN-34 – 266. | | |
| | CN-267 (Affidavit CN-313 - 315) | CN-315 | b.  Smithfield Police Department Affidavit by Karen Crocker (CN-313 - 315) for documents Bates CN-267 - 315. | | |
| | CN-3; CN-317; CN-3080; CN-5655; WPD-IA-1; WPD Policies 0000001 | CN-26; CN-337; CN-4157; CN-5663; WPD-IA-1-14; WPD Policies 000095 | c.  Windsor Police Department Affidavit by Rodney D. Riddle (CN-332-334; and CN-5653 – 5654) for documents Bates CN 3 – 26; CN-317 – 337 and CN-3080 – 4157; CN-5655 - 5663;  WPD-IA-1-14; WPD Policies 000001 - 000095. | CN-336 not produced in discovery | Doc 336 is identical to CN-5.  Doc. CN-336 was produced to defendants on November 3, 2021. |
| | CN-338 (Affidavit CN-3078-3079) | CN-3079 | d. Town of Windsor Affidavit by William G. Saunders, IV (CN-3078 – 3079) for documents Bates CN-338 – 3079. | | |
| | CN-4158 (Affidavit CN-4496) | CN-4495 | e.  Department of Criminal Justice Services Affidavit by Erik. R. Smith (CN-4496) for documents Bates 4158 – 4495. | | |

**Gutierrez's Objections to Plaintiff's Proposed Trial Exhibits**

| | | | | | |
|---|---|---|---|---|---|
| 29 | | | Diagnostics and Statistical Manual of Mental Disorders– Fifth Edition. Sections Trauma – and Stress- related Disorders: Adjustment Disorder, and Posttraumatic Stress Disorder. | Not produced in discovery; not appropriate for evidence | Withdrawn |
| 30 | | | Diagnostics and Statistical Manual of Mental Disorders– Fifth Edition. Text Revision – March 2022. Sections Trauma – and Stress- related Disorders: Adjustment Disorder, and Posttraumatic Stress Disorder. | Not produced in discovery; not appropriate for evidence | Withdrawn |
| 31 | | | Isle of Wight County Sheriff's Department General Order 1-7 Employee Discipline. | Rule 401; Rule 802; MIL | Admissible hearsay pursuant to Rule 803(4) and 803(6).  Plaintiff incorporates his arguments and objections in opposition to Motion in Limine, Doc. 170. |
| 32 | CN-148 | CN-151 | Isle of Wight County Training Log | Rule 401; Rule 802; MIL | Admissible hearsay pursuant to Rule 803(4) and 803(6).  Plaintiff incorporates his arguments and objections in opposition to Motion in Limine, Doc. 170. |
| 33 | CN-34 | CN-35 | Isle of Wight County Training Log | Rule 401; Rule 802; MIL | Admissible hearsay pursuant to Rule 803(4) and 803(6).  Plaintiff incorporates his arguments and objections in opposition to Motion in Limine, Doc. 170. |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

DM#1260927