IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CARON NAZARIO,
    Plaintiff,

       v.                                    Civil Action No.  2:21CV169 (RCY)

JOE GUTIERREZ,
*in his personal capacity,*

and

DANIEL CROCKER,
*in his personal capacity*
    Defendants.

**ORDER**

This matter is before the Court for on several Motions in Limine, including:

- Plaintiff's Motion in Limine to Exclude or Limit Kenneth Wallentine's Testimony (ECF No. 126);

- Plaintiff's Motion in Limine to Exclude or Limit Defendant Crocker's Expert Witness Brandon Tatum (ECF No. 122);

- Plaintiff's Motion in Limine to Exclude the Court's Qualified Immunity Rulings (ECF No. 136);

- Plaintiff's Motion in Limine to Exclude Daniel Crocker's Video Footage of the Pursuit Route (ECF No. 138);

- Defendant Crocker's Motion to Exclude Argument on Verbal Communications Between Parties that Formed the Basis of First Amendment Allegations for Which the Court Granted Qualified Immunity to Defendant (ECF No. 149);

- Defendant Crocker's Motion in Limine to Exclude References to Metallica's "Ride the Lightning" Album and Title Track (ECF No. 151);

- Defendant Crocker's Motion in Limine to Exclude or Limit Opinion Testimony of Shawn O. Utsey, Ph.D. (ECF No. 157);

- Defendant Crocker's Motion in Limine to Exclude Testimony and Evidence of Defendant Gutierrez's Professional History and Internal Affairs/Use of Force Investigations (ECF No.

140);

- Defendant Crocker's Motion in Limine to Exclude Hypothetical Questions (ECF No. 143); and

- Defendant Crocker's Motion in Limine to Exclude Testimony and Evidence Regarding Racial Demographics (ECF No. 147).

For the reasons stated from the bench during the parties' Final Pretrial Conference on December 20, 2022, the Court ORDERS as follows:

Plaintiff's Motion in Limine to Exclude or Limit Kenneth Wallentine's Testimony (ECF No. 126) is DENIED IN PART and GRANTED IN PART. The Court finds that Chief Wallentine has the experience to qualify as a use of force expert, and thus denies the motion to exclude based on his expert witness qualifications. The Court further finds that Plaintiff's motion to limit Wallentine's testimony as to the word "reasonableness" is not ripe, and therefore denies the motion as to limiting Wallentine's use of the word "reasonableness." The Court grants Plaintiff's motion as to Wallentine's use of the word "resisting" and grants the motion as to any comments Wallentine offers that opine on Plaintiff's credibility.

Plaintiff's Motion in Limine to Exclude or Limit Defendant Crocker's Expert Witness Brandon Tatum (ECF No. 122) is DENIED IN PART and GRANTED IN PART. The Court finds that Mr. Tatum is qualified as an expert based on his tenure as a police officer, but orders that his qualifications and testimony are limited to his time and experience as a law enforcement officer.

Plaintiff's Motion in Limine to Exclude the Court's Qualified Immunity Rulings (ECF No. 136) is GRANTED.

Plaintiff's Motion in Limine to Exclude Daniel Crocker's Video Footage of the Pursuit Route (ECF No. 138) is DENIED IN PART and GRANTED IN PART. The Court denies any request for an in-person jury view of the area in question. The Court likewise denies admission of the video as a recreation of the scene. However, the Court will admit the video as a demonstrative

aid.  Defendants must ensure that the video does not show or reference any establishments that were not in business on the December 5, 2020.

Defendant Crocker's Motion to Exclude Argument on Verbal Communications Between Parties that Formed the Basis of First Amendment Allegations for Which the Court Granted Qualified Immunity to Defendant (ECF No. 149) is DENIED IN PART and GRANTED IN PART.  The motion is granted only as to bar any argument regarding the dismissed First Amendment Retaliation Claim.  The Court defers ruling on the objections related to Plaintiff's other uses for the video until they come up during Plaintiff's argument and attempted uses at trial.

Defendant Crocker's Motion in Limine to Exclude References to Metallica's "Ride the Lightning" Album and Title Track (ECF No. 151) is DENIED IN PART and GRANTED IN PART.  The motion is granted to the extent that the song and lyrics contained within the album or the song will not be played or displayed to the jury.  However, the motion is denied as to mere references to Metallica's "Ride the Lightning" album or title track.

Defendant Crocker's Motion in Limine to Exclude or Limit Opinion Testimony of Shawn O. Utsey, Ph.D. (ECF No. 157), is GRANTED.  The Court finds that Dr. Utsey cannot opine on general racial violence by police in the U.S. or about law enforcement responses, as he was not properly designated to do so under Rule 26(a)(2)(B).  However, Dr. Utsey may opine on Plaintiff's psychological racial trauma.

Defendant Crocker's Motion in Limine to Exclude Testimony and Evidence of Defendant Gutierrez's Professional History and Internal Affairs/Use of Force Investigations (ECF No. 140) is DENIED IN PART and GRANTED IN PART.  The Court finds that Mr. Gutierrez's prior excessive force complaints, employment history, and investigations are admissible as to him, but not as to Defendant Crocker.  The Court will offer a limiting instruction as to this distinction.  The Court further requires Plaintiff to redact the terms "legally justifiable" and "sustained" from the

aforementioned documents.

Defendant Crocker's Motion in Limine to Exclude Hypothetical Questions (ECF No. 143) is DENIED IN PART and GRANTED IN PART. The Court finds that Plaintiff may ask hypothetical questions of its expert witnesses, but that Plaintiff must refrain from asking hypothetical questions premised on a scenario where officers lack probable cause for a traffic stop.

Defendant Crocker's Motion in Limine to Exclude Testimony and Evidence Regarding Racial Demographics (ECF No. 147) is DENIED IN PART and GRANTED IN PART. The Court finds that Plaintiff may testify to his own opinions and experiences, including the racial composition of travelers along U.S. Route 460; however, the Court will not allow Dr. Utsey to opine on the racial composition of travelers on U.S. Route 460.

Defendant Crocker's Motion in Limine to Exclude Evidence Regarding the Town of Windsor Police Department and the Isle of Wight County Sheriff's Department Policies and Procedures (ECF No. 153) is DEFERRED until trial.

It is so ORDERED.

Richmond, Virginia  
Date: <u>December 22, 2022</u>

/s/  
Roderick C. Young  
United States District Judge