IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CARON NAZARIO,                )
    Plaintiff,                )
                    )
    v.                )        Civil Action No.  2:21CV169 (RCY)
                    )
JOE GUTIERREZ,                )
*in his personal capacity,*                )
    and                )
DANIEL CROCKER,                )
*in his personal capacity*                )
    Defendants.                )
_____)

**<u>JURY INSTRUCTIONS</u>**

1

INSTRUCTION NO. 1

Members of the jury:

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law.

It is your duty to follow the law as I will state it. You must apply the law to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. Do not be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

The lawyers may refer to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and these instructions, you must follow my instructions.

Nothing I say in these instructions indicates I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

INSTRUCTION NO. 2

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. In considering the testimony of any witness, you may take into account many factors, including the witness' opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness' memory; the witness' appearance and manner while testifying; the witness' interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness' testimony; and the reasonableness of the witness' testimony in light of all the evidence. The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

INSTRUCTION NO. 3

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons stand equal before the law, and are to be treated as equals.

INSTRUCTION NO. 4

Unless you are otherwise instructed, the evidence in this case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you understand the evidence, but it is not evidence.  However, when the lawyers on both sides stipulate or agree on the existence of a fact, unless otherwise instructed, you must accept the stipulation and regard that fact as proved.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

INSTRUCTION NO. 5

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds' belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.

INSTRUCTION NO. 6

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of a witness, or by the manner in which a witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.  You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.  Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.  After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

INSTRUCTION NO. 7

Evidence that, at some other time while not under oath a witness who is not a party to this action has said or done something inconsistent with the witness's testimony at the trial, may be considered for the sole purpose of judging the credibility of the witness. However, such evidence may never be considered as evidence of proof of the truth of any such statement.

Where the witness is a party to the case, and by such statement or other conduct admits some fact or facts against the witness's interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

INSTRUCTION NO. 8

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. There is an exception to this rule for expert witnesses.  An expert witness is a person who by education and experience has become expert in some art, science, profession, or calling. Expert witnesses give their opinions as to matters in which they profess to be expert and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case and give it such weight as you think it deserves.  If you should decide the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude the reasons given in support of the opinion are not sound, or if you feel the expert is outweighed by other evidence, you may disregard the opinion entirely.

INSTRUCTION NO. 9

"Direct evidence" is a direct proof of a fact, such as testimony by a witness about what the witness said or heard or did. "Circumstantial evidence" is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

INSTRUCTION NO. 10

You are to consider only the evidence in the case.  However, you are not limited to the statements of the witnesses.  You may draw from the facts you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

INSTRUCTION NO. 11

The parties have stipulated that certain facts are true.  You must therefore treat these facts as having been proved for the purposes of this case.

INSTRUCTION NO. 12

If any reference by the court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the court or of counsel.  You are the sole judges of the evidence received in this case.

INSTRUCTION NO. 13

Testimony and exhibits can be admitted into evidence during a trial only if it meets certain criteria or standards. It is the sworn duty of the attorney on each side of a case to object when the other side offers testimony or an exhibit which that attorney believes is not properly admissible under the rules of law. Only by raising an objection can a lawyer request and then obtain a ruling from the court on the admissibility of the evidence being offered by the other side. You should not be influenced against an attorney or their client because the attorney has made objections.

Do not attempt, moreover, to interpret my rulings on objections as somehow indicating how I think you should decide this case. I am simply making a ruling on a legal question regarding that particular piece of testimony or exhibit.

INSTRUCTION NO. 14

It is important for you to keep in mind that no statement, question, ruling, remark or gesture which I may have made during the course of this trial is intended to indicate my opinion of the facts, the evidence, or performance of the attorneys. I may have asked a question or made a comment in an effort to clarify a matter-not to help one side of the case or hurt another side of the case. You are to determine the facts of this case. In that determination, you alone must decide upon the believability of the evidence and its weight and its value.

INSTRUCTION NO. 15

Plaintiff has introduced into evidence certain interrogatories—that is, questions together with answers signed and sworn to by the other party. A party is bound by its sworn answers.

By introducing an opposing party's answers to interrogatories, the introducing party does not bind himself to those answers. The introducing party may challenge the opposing party's answers in whole or in part or may offer contrary evidence.

INSTRUCTION NO. 16

Plaintiff has introduced into evidence certain "Requests for Admission," or "RFA's." These are statements of fact deemed to be admitted by Defendant Crocker because he had the opportunity to deny or challenge them and did not do so. You are to take the facts stated in the Request for Admission as true for purposes of this case.

INSTRUCTION NO. 17

During the trial, certain testimony has been presented by way of deposition.  The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by attorneys for the parties to the case.  Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

INSTRUCTION NO. 18

Video recordings of deposition testimony, police body camera footage, and cell phone video recordings (hereinafter, "videos") have been received in evidence and have been played for you. Transcripts of some of these videos were furnished to you.  These transcripts were provided solely for your convenience to assist you in following the testimony or in identifying the speakers on the videos.

The videos are evidence in this case, and the transcripts are not evidence.  What you saw and heard on the videos is evidence.  What you read on the transcript is not.  If you perceive any variation between the two, you will be guided solely by the videos and not by the transcripts.

If you cannot, for example, determine from the videos that particular words were spoken or if you cannot determine from the videos who said a particular word or words, you must disregard the transcripts insofar as those words or that speaker are concerned.

INSTRUCTION NO. 19

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something or has failed to say or do something that is inconsistent with the witness' present testimony. If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown to have knowingly testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves. An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

INSTRUCTION NO. 20

Plaintiff Caron Nazario has brought this lawsuit against Defendant Joseph Gutierrez and against Defendant Daniel Crocker alleging:

1. A violation of his right under the Fourth Amendment to the Constitution of the United States to be free of an illegal search;

2. A violation of his state law right under Virginia Code § 19.2-59 to be free of an illegal search;

3. False imprisonment;

4. Assault; and

5. Battery.

Caron Nazario seeks an award of compensatory and punitive damages.

Prior to the start of trial, this Court found, and you are to accept, that Defendant Crocker violated Plaintiff Nazario's rights to be free from an illegal search, both under the Fourth Amendment to the Constitution of the United States and under Virginia Law. You will be asked to determine the compensatory and punitive damages Plaintiff Nazario should receive under those claims. You must also determine whether Defendant Crocker committed false imprisonment, assault, or battery against Plaintiff Nazario, and if so, what damages Plaintiff Nazario is entitled to under those claims.

The Court has not made a finding as to whether Defendant Gutierrez is liable under any of Plaintiff's claims. Therefore, you as the jury must determine whether Defendant Gutierrez is liable under any of these claims, and if so, the damages to which Plaintiff Nazario is entitled.

I will instruct you as to the particular law that applies to each of the Plaintiff's claims. Then, I will instruct you as to the law that applies in determining appropriate damages to award.

INSTRUCTION NO. 21

The Plaintiff has the burden of proof in a civil action, such as this, to prove every essential element of plaintiff's claims by the applicable standard of proof as I will explain for each claim. If plaintiff should fail to establish any essential element of any of his claims by the applicable standard of proof, you should find for Defendants as to that claim.

In this case, all of Plaintiff's claims are subject to the "preponderance of the evidence" standard.

INSTRUCTION NO. 22

To "establish by a preponderance of the evidence" means to show that the fact sought to be proved is more probable than not.  In other words, a preponderance of the evidence means such evidence, as when considered and compared with the evidence opposed to it, has more convincing force, and produced in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed, you may consider the testimony of all witnesses, including all deposition testimony, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.  The testimony of one witness whom you believe can be sufficient to achieve a preponderance of the evidence.

INSTRUCTION NO. 23

Those of you who have participated in criminal cases will have heard of "proof beyond a reasonable doubt."  The standard of proof in a criminal case is a stricter standard, requiring more proof, than the preponderance of the evidence standard applicable in this case.  The criminal reasonable doubt standard does not apply to this civil case, and you should put it out of your mind.

INSTRUCTION NO. 24

When a party's intent is in question, intent may be inferred from the nature of the act and the surrounding circumstances.

INSTRUCTION NO. 26

Virginia law requires all motor vehicles in the Commonwealth to have front and rear license plates attached and clearly visible.

License plates must not be mounted behind glass or any other covering which obscures them from view.

A violation of this law is not a crime, but it can result in a summons and a monetary fine, with no jail time imposed.

I have determined that at the time that Defendant Crocker initiated the traffic stop of Caron Nazario, he had probable cause to believe that Caron Nazario lacked a license plate and was eluding him.

INSTRUCTION NO. 27

Probable cause to arrest exists when the facts and circumstances within the officer's knowledge are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offence.

Probable cause must be supported by more than a mere suspicion but does not require evidence sufficient for a conviction.

INSTRUCTION NO. 27-A

I have determined that Defendant Crocker had probable cause to believe that Plaintiff Nazario committed obstruction of justice without force and failure to obey.

INSTRUCTION NO. 28

Plaintiff alleges that the Defendants Joseph Gutierrez and Daniel Crocker illegally searched his vehicle, without a warrant, in violation of his rights under the Fourth Amendment to the Constitution of the United States and under Virginia law.

I have previously determined that Defendant Crocker is liable for searching Plaintiff Nazario's vehicle.

Therefore, with respect to liability, the only issue for you to decide for these two claims is whether Defendant Gutierrez is liable for the search of Plaintiff Nazario's vehicle.

INSTRUCTION NO. 29

A search occurs any time a government official physically intrudes upon or occupies a space, the interior of a vehicle for example, for the purposes of gathering information.  Warrantless searches are presumptively unreasonable.

A warrantless search of an automobile pursuant to a lawful arrest is justified where (1) the arrestee is unsecured and within reaching distance of the passenger compartment during the time of the search, or (2) when it is reasonable to believe, i.e. when the officer has probable cause to believe, that evidence relevant to the crime of arrest might be found in the vehicle.

I have already determined in pre-trial proceedings that Defendant Crocker searched Plaintiff Nazario's vehicle in violation of the Fourth Amendment and Virginia law.  You should consider Defendant Crocker's liability conclusively established on these two claims.

INSTRUCTION NO. 30

With respect to Plaintiff's claim against Defendant Gutierrez for an illegal search under the Fourth Amendment to the Constitution of the United States, although Defendant Gutierrez did not personally conduct the search, he may nevertheless be liable to Plaintiff if Plaintiff proves each of the following elements by a preponderance of the evidence:

(1) Defendant Gutierrez knew that Defendant Crocker was, or was about to, enter and search Plaintiff Nazario's vehicle or belongings in the car;

(2) Defendant Gutierrez had a reasonable opportunity to prevent the search; and

(3) Defendant Gutierrez chose not to act.

If Plaintiff fails to prove any of these elements, you must find for Defendant Gutierrez on this claim.

INSTRUCTION NO. 31

With respect to Plaintiff's claim against Defendant Gutierrez for an illegal search under Virginia law, although Joseph Gutierrez did not personally conduct the search, he may nevertheless be liable to Plaintiff if Plaintiff proves by a preponderance of the evidence that Defendant Gutierrez aided, abetted, counseled or encouraged Defendant Crocker in illegally searching Plaintiff's vehicle.

Under Virginia law, all who aid, abet, counsel, or encourage the principal wrongdoer by words, gestures, looks, or signs, are equally liable to the injured party as the principal wrongdoer, whether they were present when the wrongful act was done or not, and whether their motive was malicious or not.

If Plaintiff fails to prove by a preponderance of the evidence that Defendant Gutierrez aided and abetted Defendant Crocker in illegally searching Plaintiff's vehicle, you must find for Defendant Gutierrez on this claim.

INSTRUCTION NO. 32

Plaintiff's next claim is that Defendants Crocker and Gutierrez falsely imprisoned him during the course of the events in question.

INSTRUCTION NO. 33

False imprisonment is an intentional restriction of a person's freedom of movement without legal right.

A false imprisonment results from the intentional use of force, words, or acts which the person restrained is afraid to ignore or to which he reasonably believes he must submit.

INSTRUCTION NO. 34

A lawful arrest is a legal right to restrain another's freedom of movement.

An arrest occurs as a matter of law when an officer physically restrains an individual or, in the absence of physical restraint, the individual submits to the authority of the officer.

If a law enforcement officer extends the duration of an otherwise legal traffic stop beyond what is reasonably necessary to complete the mission of a traffic stop, even if for just a minimal amount of time, this becomes an intentional restriction of the person's freedom of movement without legal right.

The mission of a traffic stop is to address the traffic violation that warranted the stop.

INSTRUCTION NO. 35

The burden is on the Plaintiff to prove false imprisonment.

The burden is on the Defendants to prove that the arrest was lawful in its entirety.

INSTRUCTION NO. 36

On Plaintiff's claim of false imprisonment against Defendant Gutierrez, you shall return your verdict for Plaintiff if you find that Plaintiff has established by a preponderance of the evidence either:

1. That Defendant Gutierrez intentionally restricted Plaintiff's freedom of movement without legal right; or

2. That Defendant Crocker intentionally restricted Plaintiff's freedom of movement without legal right, and that Joseph Gutierrez aided, abetted, counseled, or encouraged Daniel Crocker to do so.

You shall return your verdict for Defendant Gutierrez if you find that Plaintiff failed to establish either of the above by a preponderance of the evidence.

INSTRUCTION NO. 37

On Plaintiff's claim of false imprisonment against Defendant Crocker, you shall return your verdict for Plaintiff and against Defendant Crocker if you find that Plaintiff has established by a preponderance of the evidence either:

1. That Defendant Crocker intentionally restricted Plaintiff's freedom of movement without legal right; or

2. That Defendant Gutierrez intentionally restricted Plaintiff's freedom of movement without legal right and that Defendant Crocker aided, abetted, counseled, or encouraged Defendant Gutierrez to do so.

You shall return your verdict for Defendant Crocker if you find that Plaintiff failed to establish either of the above by a preponderance of the evidence.

INSTRUCTION NO. 38

Plaintiff's final two claims are that Defendants Crocker and Gutierrez committed assault and/or battery against him, during the course of the events in question.

INSTRUCTION NO. 39

An assault is any threatening act that puts another individual in reasonable fear of imminent physical injury.

The burden is on the plaintiff to prove assault by a preponderance of the evidence.

INSTRUCTION NO. 40

A battery is an intentional and unwanted touching of another individual without justification, excuse, or consent of the other.

The burden is on the plaintiff to prove battery by a preponderance of the evidence.

INSTRUCTION NO. 41

An officer has the right to use reasonable force to make a lawful arrest. Use of that force is not an assault or battery.

Any force used in making an unlawful arrest is an assault and battery.

The Court has found that when Plaintiff was initially detained, such detention was at that time a lawful arrest as a matter of law.

Within reasonable limits, an officer is the judge of the amount of force necessary to make a lawful arrest.

If, during the course of an otherwise lawful arrest, a law enforcement officer uses unreasonable force, such unreasonable force is an assault if it does not touch the citizen, and it is battery if it does. However, assault and battery are not mutually exclusive. Under these circumstances, a person may use reasonable force to resist the arrest and unreasonable force by an law enforcement officer.

Whether force is reasonable must be judged based on the totality of the circumstances confronting the officer including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of officers or others, and whether the suspect is actively resisting arrest or attempting flight.

INSTRUCTION NO. 42

This Court has determined that when the Plaintiff was initially detained by Crocker, such initial detention was lawful.

Once a motor vehicle has been lawfully detained for a traffic violation, the police officers may order the driver to get out of the vehicle.

If, at any time, the detention becomes unlawful, the Citizen may refuse and use reasonable force to resist.

INSTRUCTION NO. 43

On Plaintiff's claim for assault against Defendant Gutierrez, you shall find your verdict for Plaintiff and against Defendant Gutierrez if you find Plaintiff has established by a preponderance of the evidence any of the following:

1. That Defendant Gutierrez used unreasonable force while lawfully arresting Plaintiff, but did not necessarily physically touch Plaintiff when doing so;

2. That Defendant Gutierrez used force in the course of an unlawful arrest of Plaintiff, but this force did not necessarily physically touch Plaintiff;

3. That Defendant Gutierrez otherwise intentionally threatened Plaintiff with some act that put Plaintiff in reasonable fear of imminent physical injury during the traffic stop, and the threatened act was not a reasonable use of force;

4. That Defendant Gutierrez aided, abetted, counseled, or encouraged Defendant Crocker to commit an assault on Plaintiff.

You shall return your verdict for Defendant Gutierrez if you find that Plaintiff established none of the above by a preponderance of the evidence.

INSTRUCTION NO. 44

On Plaintiff's claim for assault against Defendant Crocker, you shall find your verdict for Plaintiff and against Defendant Crocker if you find Plaintiff has established by a preponderance of the evidence any of the following:

1. That Defendant Crocker used unreasonable force while lawfully arresting Plaintiff, but did not necessarily physically touch Plaintiff when doing so;

2. That Defendant Crocker used force in the course of an unlawful arrest of Plaintiff, but this force did not necessarily physically touch Plaintiff;

3. That Defendant Crocker otherwise intentionally threatened Plaintiff with some act that put Plaintiff in reasonable fear of imminent physical injury during the traffic stop, and the threatened act was not a reasonable use of force;

4. That Defendant Crocker aided, abetted, counseled, or encouraged Defendant Gutierrez to commit an assault on Plaintiff.

You shall return your verdict for Defendant Gutierrez if you find that Plaintiff established none of the above by a preponderance of the evidence.

INSTRUCTION NO. 45

On Plaintiff's claim for battery against Defendant Gutierrez, you shall find your verdict for Plaintiff and against Defendant Gutierrez if you find Plaintiff has established by a preponderance of the evidence any of the following:

1. That Defendant Gutierrez used unreasonable force while lawfully arresting Plaintiff, and physically touched Plaintiff when doing so;

2. That Defendant Gutierrez used force against Plaintiff in the course of an unlawful arrest of Plaintiff;

3. That Defendant Gutierrez otherwise committed an intentional and unwanted touching of Plaintiff without justification, excuse, or consent;

4. That Defendant Gutierrez aided, abetted, counseled, or encouraged Defendant Crocker to commit battery against Plaintiff.

You shall return your verdict for Defendant Gutierrez if you find that Plaintiff established none of the above by a preponderance of the evidence.

INSTRUCTION NO. 46

On Plaintiff's claim for battery against Defendant Crocker, you shall find your verdict for

Plaintiff and against Defendant Crocker if you find Plaintiff has established by a preponderance of

the evidence any of the following:

1. That Defendant Crocker used unreasonable force while lawfully arresting Plaintiff,
   and physically touched Plaintiff when doing so;

2. That Defendant Crocker used force against Plaintiff in the course of an unlawful
   arrest of Plaintiff;

3. That Defendant Crocker otherwise committed an intentional and unwanted touching
   of Plaintiff without justification, excuse, or consent;

4. That Defendant Crocker aided, abetted, counseled, or encouraged Defendant
   Gutierrez to commit battery against Plaintiff.

You shall return your verdict for Defendant Gutierrez if you find that Plaintiff established none

of the above by a preponderance of the evidence.

INSTRUCTION NO. 47

A proximate cause of an injury or damage is a cause which in natural and continuous sequence produces the injury or damage. It is a cause without which the injury or damage would not have occurred.

INSTRUCTION NO. 48

I have two preliminary instructions regarding damages, if you find that the Plaintiff prevails on any of his claims.

First, you should not award compensatory damages more than once for the same injury or loss. For example, if a plaintiff were to prevail on two claims and establish a one-dollar injury or loss, you could not award the plaintiff one dollar compensatory damages on each claim—with compensatory damages, a plaintiff is only entitled to be made whole again, not to recover more than they lost. Of course, if different injuries or losses are attributed to separate claims, then you must compensate the plaintiff fully for all of the injuries or losses.

With respect to punitive damages, you may make separate awards on each claim that is established.

Second, you must be careful to impose any damages that you may award on a claim solely upon the defendant or defendants who you find to be liable on that claim. Although there is more than one defendant in this action, it does not follow from that fact alone that if one defendant is liable to the plaintiff, all defendants are liable.  Each defendant is entitled to fair consideration of the evidence.  No defendant is to be prejudiced should you find against another.  Unless otherwise stated, all instructions I give you govern the case as to each defendant.

INSTRUCTION NO. 49

The purpose of the law of damages is to award just and fair monetary compensation for the loss, if any, that resulted from a defendant's violation of plaintiff's rights.  Compensatory damages are meant to compensate a party for the actual injury or loss caused.  These damages are called "compensatory damages" and are meant to make a party whole – that is, to compensate the plaintiff for the damage suffered through the payment of money.

An award of compensatory damages must be fair and reasonable and be neither inadequate nor excessive.  You should not award compensatory damages for speculative injuries and should only award damages for those injuries plaintiff has actually suffered.

In awarding compensatory damages, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  Plaintiff is not required to prove the exact amount of his damages, but he must show sufficient facts to permit you to make an accurate estimate of them.

You should not interpret the fact that I am giving instructions about damages as an indication in any way that I believe a party seeking damages in this case should prevail.  I am instructing you on damages only so that you will have guidance in the event you decide they should be awarded.

INSTRUCTION NO. 50

If you find your verdict for the plaintiff on any or all of his claims, then in determining the damages to which he is entitled, you may consider any of the following which you believe Plaintiff has established by a preponderance of the evidence as having been caused by the actions of the Defendant(s) with respect to that claim:

(1) any bodily injuries he sustained and their effect on his health according to their degree and probable duration;

(2) any physical pain and mental anguish he suffered in the past and any that he may be reasonably expected to suffer in the future;

(3) any inconvenience caused in the past and any that probably will be caused in the future;

(4) any medical expenses incurred in the past;

(5) any insult, shame, humiliation, embarrassment, or indignity to his feelings that he suffered.

You may also consider in awarding damages the insulting character of the injury, the Defendant(s)'s reason for injuring the plaintiff, and any other circumstances which make the injury more serious, if any of these things are shown by the evidence.

Your verdict shall be for such sum as will fully and fairly compensate the plaintiff for damages sustained as a result of the Defendant(s)'s unlawful conduct.

INSTRUCTION NO. 51

If you find that Plaintiff is entitled to be compensated for his damages, and if you further believe Plaintiff has established by the preponderance of evidence that the Defendant(s) acted with actual malice toward the Plaintiff or acted under circumstances amounting to a willful and wanton disregard of the Plaintiff's rights, then you may also award punitive damages to the Plaintiff to punish the Defendant(s) for his or their actions, and to serve as an example to prevent others from acting in a similar way.

Any actions motivated by race amount to a willful and wanton disregard for the Plaintiff's rights.

If you award punitive damages, you must state separately in your verdict the amount you allow as compensatory damages and the amount you allow as punitive damages.

In determining any award of punitive damages, you should take into account as a mitigating factor any other penalty that may already have been imposed arising out of the same conduct.

As this Court has already determined (prior to trial) that Defendant Crocker searched Plaintiff Nazario's vehicle in violation of Virginia law, you must determine the appropriate amount of punitive damages to award Plaintiff for that claim—no additional finding of actual malice is required.

If you find Defendant Gutierrez illegally searched Plaintiff Nazario's vehicle in violation of Virginia law, you must determine the appropriate amount of punitive damages to award Plaintiff for that claim – no additional finding of actual malice is required.

INSTRUCTION NO. 52

"Actual malice" is a sinister or corrupt motive such as hatred, personal spite, ill will, or a desire to injure the plaintiff.

INSTRUCTION NO. 53

The plaintiff has a duty to minimize his damages. If you find that the plaintiff did not act reasonably to minimize his damages and that, as a result, they increased, then he cannot recover the amount by which they increased.

INSTRUCTION NO. 54

Upon retiring to the jury room to begin your deliberations, you will elect one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will be your spokesperson here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, tablet, or computer, the Internet, or any Internet service, or any text or instant messaging service, or any Internet chat room, blog, or website, such as Facebook, Instagram, LinkedIn, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case.

You will have a copy of these instructions.  You are not to concern yourself with the fact that some of the numbers are not sequential.

Your verdict must represent the collective judgment of the jury. In order to return a verdict, it is necessary that each juror agree to it.  Your verdict, in other words, must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for himself and herself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous.  Do not surrender your honest conviction, however, solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans.  You are judges:  judges of the facts of this case.  Your sole interest is to seek the truth from the evidence received during the trial.  You must not base your verdict in any way upon sympathy, bias, guesswork, or speculation.

Your verdict must be based solely upon the evidence received in the case and these instructions.  Nothing you have seen or read outside of court may be considered.  Nothing that I have said or done during the course of this trial is intended, in any way, to somehow suggest to you what I think your verdict should be.  Nothing said in these instructions and nothing in any form of verdict prepared for your convenience is to suggest or convey to you in any way or manner any intimation as to what verdict I think you should return.  What the verdict shall be is the exclusive duty and responsibility of the jury.  As I have told you many times, you are the sole judges of the facts.

A verdict form has been prepared for your convenience.

You will take this verdict form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson write your verdict, date and sign the form, and then return with your verdict to the courtroom.

If it becomes necessary during your deliberations to communicate with the court, you may send a note, signed by your foreperson or by one or more members of the jury, through the bailiff.  No member of the jury should ever attempt to communicate with the court by any means other than a signed writing, and the court will never communicate with any member of the jury on any subject touching the merits of the case other than in writing or orally here in open court.

Bear in mind also that you are never to reveal to any person--not even to the court--how the jury stands, numerically or otherwise, on the issues in this case until after you have reached a unanimous verdict.