UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | | |
|---|---|---|
| **Caron Nazario** | : | |
| *Plaintiff*, | : | |
| v. | : | Civil Action No. 2:21-cv-00169 |
| | : | |
| **Joe Gutierrez**, | : | JURY DEMANDED BY |
| *In his personal capacity* | : | PLAINTIFF |
| | : | |
| and | : | |
| | : | |
| **Daniel Crocker** | : | |
| *In his personal capacity,* | : | |
| *Defendants*. | : | |

**MEMORANDUM IN SUPPORT OF MOTION FOR COSTS PURSUANT TO RULE 68 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Defendant Daniel Crocker ("Crocker"), by counsel, submits this Memorandum in Support of his Motion for Costs Pursuant to Rule 68 of the Federal Rules of Civil Procedure for costs incurred subsequent to his Rule 68 Offer of Judgment, against the Plaintiff, Caron Nazario ("Nazario"):

**I.    INTRODUCTION AND RELEVANT BACKGROUND**

On December 22, 2022, Crocker served an Offer of Judgment on Nazario with the following terms:

> Defendant Daniel Crocker ("Crocker"), by counsel, and pursuant to Rule 68 of the Federal Rules of Civil Procedure, hereby makes an Offer of Judgment in the above-captioned matter in the amount of $50,000.00, including all costs and all attorney's fees accumulated to the date of this offer, December 22, 2022, *for all Counts alleged against him in the Complaint.* Per Rule 68, the plaintiff has fourteen (14) days within which to serve notice if the offer is accepted. If the offer is not so accepted, it will be deemed withdrawn, and "[i]f the judgment finally obtained by Caron Nazario is not more favorable than the offer, Caron Nazario must pay the costs incurred after the making of the offer."

*See* Offer of Judgment, attached hereto as **Exhibit A**.

This Offer of Judgment was served on Nazario on December 22, 2022, via email to his counsel of record, Jonathan Arthur. *See* Email Exchange between Jonathan Arthur and Anne Lahren, attached hereto as **Exhibit B**. On December 29, 2022, Nazario rejected Crocker's Offer of Judgment. Id. At trial, the jury returned a verdict in favor of Crocker for the common law claims of assault, battery, and false imprisonment. This Court previously dismissed Nazario's constitutional claims of excessive force, unlawful seizure, and alleged violations of the First Amendment against Crocker. On the illegal search claims under state and federal law, this Court directed a verdict against Crocker for which the jury returned a verdict of $0.00 in compensatory damages (federal law – 4th Amendment), $0.00 in punitive damages (federal law – 4th Amendment), $0.00 in compensatory damages (Virginia Code § 19.2-59), and $1,000.00 in punitive damages (Virginia Code § 19.2-59).

As set forth in the accompanying memorandum of law, Crocker is entitled to recover his costs incurred from December 22, 2022, forward against Plaintiff Nazario following the jury's verdict in favor of Crocker on the state law claims of assault, battery, and false imprisonment, and awarding $0.00 in compensatory damages on the state and federal illegal search claims and awarding only $1,000.00 in punitive damages under Virginia state law, which equals far less than the $50,000.00 in Crocker's Offer of Judgment under Rule 68.[1]

---

[1] A "prevailing" plaintiff is entitled to seek recovery of attorney's fees and costs under Constitutional claims such as Nazario's claim against Crocker under the 4th Amendment claim for illegal search. However, since the jury awarded $0.00 in compensatory damages and $0.00 in punitive damages, Nazario did not "prevail" under the law. Attorney's fees are not available under the Virginia state law illegal search count.

Nevertheless, even under Nazario's Motion for Attorney's Fees and Costs, this one Count (illegal search under the 4th Amendment, represents only one (1) of eight counts against each of the two (2) Defendants, and thus 1/16 of the total fees of $491,967.50 – which Crocker adamantly disputes and for which an Opposition will be timely filed – is only $30,747.97. Even if this amount we not reduced significantly for the "results obtained"- $0.00 – the total when adding the $1,000.00 in punitive damages under Virginia law is still well-under the $50,000.00 contained in Crocker's Rule 68 Offer of Judgment which Nazario rejected.

## II. RULE 68 OFFER OF JUDGMENT

Rule 68 of the Federal Rules of Civil Procedure states:

> (a) Making an Offer; Judgment on an Accepted Offer. At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.
>
> (b) Unaccepted Offer. An unaccepted offer is considered withdrawn, but it does not preclude a later offer. Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs.
>
> (c) Offer After Liability is Determined. When one party's liability to another has been determined but the extent of liability remains to be determined by further proceedings, the party held liable may make an offer of judgment. It must be served within a reasonable time—but at least 14 days—before the date set for a hearing to determine the extent of liability.
>
> (d) Paying Costs After an Unaccepted Offer. If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

Fed. R. Civ. P. 68.

As set forth in subsection (d), "If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Clearly, Nazario's judgment of a mere $1,000.00 is far less favorable than the unaccepted offer of $50,000.00. Thus, Nazario must pay Crocker's costs incurred from December 22, 2022, forward. *See, e.g.*, Beasley v. Red Rock Fin. Servs., LLC, 2016 U.S. Dist. LEXIS 194276, *20 (E.D.Va. 2016); Said v. Virginia Commonwealth University/Medical College, 130 F.R.D. 60 (E.D.Va. 1990).

In Said, this Court stated with regard to Rule 68 in civil rights cases:

> In civil rights cases the situation is slightly different, but the tactical advantage of a Rule 68 offer is fundamentally the same. A defendant to a civil rights claim can only recover his own attorney's fees when

3

> the plaintiff's case is "frivolous, unreasonable, or without foundation." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421, 98 S. Ct. 694, 700, 54 LS. Ed. 2d 648 (1978). This is true whether a Rule 68 offer of judgment is made or not. However, a civil rights defendant who makes a Rule 68 offer of judgment can recover other post-offer costs if the plaintiff later receives a judgment less favorable than that offer. O'Brien v. City of Greers Ferry, 873 F.2d 1115 (8th Cir. 1989); Crossman v. Marcoccio, 806 F.2d 329, 334 (1st Cir. 1986), cert. denied, [**8] 481 U.S. 1029, 95 L. Ed. 2d 527, 107 S. Ct. 1955 (1987). In addition, such an offer cuts off a civil rights claimant's entitlement to post-offer attorney's fees which would otherwise be recoverable under 42 U.S.C. § 1988 unless the plaintiff goes on to obtain a more favorable judgment. Marek v. Chesny, 473 U.S. 1, 11, 105 S. Ct. 3012, 3017, 87 L. Ed. 2d 1 (1985).

Said v. Virginia Commonwealth University/Medical College, 130 F.R.D. 60, 63 (E.D.Va. 1990).

### III.  ITEMIZED LISTS OF COSTS

Since December 22, 2022, when Crocker made his Rule 68 Offer of Judgment to Nazario, the following expenses have been incurred which were only necessary as a result of Nazario's rejection of Crocker's Rule 68 Offer.

### a.  Reproduction/Copy Costs:

Crocker has incurred reproduction / copy costs in the amount of $920.75. Additionally, Crocker incurred overnight mail charges of $15.94. *See* Invoice itemizing costs, attached hereto as **Exhibit C**. Expenses included in this Motion for Costs are highlighted on this Invoice. Additional supporting documentation for hotel, travel, and expert expenses are addressed below and attached separately.

### b.  Hotel Costs (Crocker's lawyers):

Despite this case being a case under the "Norfolk Division" of the Eastern District of Virginia, trial was held in the Richmond Division because the Plaintiff, Plaintiff's lawyers, and the Judge are all based out of Richmond. As a result, it was necessary for Crocker's attorneys – located

4

in Virginia Beach, Virginia, which is approximately 100 miles from the Richmond courthouse – to stay at a hotel for the duration of the trial. The following costs are attached:

| | |
|---|---|
| Richard Matthews: | Hotel costs of $4,434.00 (attached as **Exhibit D**) |
| Robert "Bob" Samuel: | Hotel costs of $1,921.99 (attached as **Exhibit E**) |
| Anne Lahren: | Hotel costs of $3,082.71 (attached as **Exhibit F**)[2] |

**c. Expert Fees**

    a. Brandon Tatum

When Nazario rejected Crocker's Rule 68 Offer of Judgment, it became necessary for Crocker's use of force expert, Brandon Tatum, to travel from his home in Scottsdale, Arizona to Richmond, Virginia. Additionally, Mr. Tatum's expert witness fee was divided into two parts – the second part being a flat fee for his appearance at trial, which was only necessary as a result of Nazario's rejection of the Offer of Judgment. The following costs were incurred for Mr. Tatum:

| | |
|---|---|
| Expert witness fee for trial: | $5,000.00. The fee agreement is attached as **Exhibit G**. |
| Airline Flight (American): | $2,708.40 (attached as **Exhibit H**) |
| Hotel Costs: | $1,116.63 (attached as **Exhibit I**)[3] |
| Car Service to Airport: | $169.20    (attached as **Exhibit J**) |

    b. Dr. Keyhill Sheorn

When Nazario rejected Crocker's Rule 68 Offer of Judgment, it became necessary for Dr. Keyhill Sheorn to prepare for and appear at trial to counter the testimony of Nazario's experts, Dr.

---

[2] Ms. Lahren's room was the designated "work room" in lieu of reserving a separate conference room or additional hotel room. Charges for beers on the night of 01/12/2023 in the amount of $19.08 and $31.80 during trial preparation have been deducted from the invoice total of $3,133.59 and are marked on the attached invoice.

[3] The hotel needed to move Mr. Tatum to a different room after the first night because he was initially booked in an Accessible Room and a guest was arriving the second night who needed that specific room, therefore, there are two separate invoices for Mr. Tatum's hotel stay – one for the night of 01/10/2023 and one for the nights of 01/11/2023 and 01/12/2023.

Utsey and Dr. Sellman. Dr. Sheorn's trial costs were $4,937.50. Her invoice for trial testimony is attached as **Exhibit K**.

### IV.  CONCLUSION

As set forth above, as a result of Plaintiff Caron Nazario's rejection of Daniel Crocker's Rule 68 Offer of Judgement, this matter proceeded to a week-long jury trial in Richmond, Virginia. From the date of Crocker's Rule 68 Offer of Judgment on December 22, 2022, forward, Crocker has incurred costs in the amount of **$24,307.12**.

Wherefore, Defendant Daniel Crocker respectfully requests that this Court GRANT his Motion for Costs against Plaintiff Caron Nazario in the amount of $24,307.12 for the reasons stated herein and as mandated by Rule 68 of the Federal Rules of Civil Procedure.

Respectfully submitted this 1st day of February, 2023.

**DANIEL CROCKER**

By:  */s/ Anne C. Lahren*

Robert L. Samuel, Jr., Esq.
Virginia State Bar No. 18605
***Pender & Coward, P.C.***
222 Central Park Avenue, Suite 400
Virginia Beach, VA 23462-3026
(757) 502-7338 – Telephone
(757) 497-1914 – Facsimile
Email: rsamuel@pendercoward.com
*Counsel for Daniel Crocker*

Richard H. Matthews, Esq.
Virginia State Bar No. 16318
***Pender & Coward, P.C.***
222 Central Park Avenue, Suite 400
Virginia Beach, VA 23462-3026
(757) 490-6256 – Telephone
(757) 497-1914 – Facsimile
Email: rmatthew@pendercoward.com
*Counsel for Daniel Crocker*

Anne C. Lahren, Esq.
Virginia State Bar No. 73125

***Pender & Coward, P.C.***
222 Central Park Avenue, Suite 400
Virginia Beach, VA 23462-3026
(757) 490-6293 – Telephone
(757) 497-1914 – Facsimile
E-Mail: alahren@pendercoward.com
*Counsel for Daniel Crocker*

Bryan S. Peeples, Esq.
Virginia State Bar No. 93709
***Pender & Coward, P.C.***
222 Central Park Avenue, Suite 400
Virginia Beach, VA 23462-3026
(757) 490-6283 – Telephone
(757) 5020-7380 – Facsimile
E-Mail: bpeeples@pendercoward.com
*Counsel for Daniel Crocker*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 1st day of February, 2023, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then notification of such electronic filing (NEF) to the following:

Jonathan M. Arthur, Esq (VSB# 86323)
j.arthur@robertslaw.org
Thomas H. Roberts, Esq. (VSB# 26014)
Tom.roberts@robertslaw.org
Andrew T. Bodoh, Esq. (VSB# 80143)
Andrew.bodoh@robertslaw.org
15 South First Street
Richmond, VA 23219
(804) 991-4308 (Direct)
(804) 783-2000 (Firm)
(804) 783-2105 (Fax)
*Counsel for the Plaintiff*

John B. Mumford, Jr. (VSB No. 38764)
Coreen A. Silverman (VSB No. 43873)
Jessica A. Swauger (VSB No. 89612)
Hancock, Daniel & Johnson, P.C.
4701 Cox Road, Suite 400
Glen Allen, Virginia 23060
Telephone: (804) 967-9604
Facsimile: (804) 967-9888
jmumford@hancockdaniel.com
csilverman@hancockdaniel.com

*Counsel for Defendant Joe Gutierrez*

    */s/ Anne C. Lahren*
Anne C. Lahren, Esq.
Virginia State Bar No. 73125
**Pender & Coward, P.C.**
222 Central Park Avenue, Suite 400
Virginia Beach, VA 23462-3026
(757) 490-6293 – Telephone
(757) 502-7370 – Facsimile
Email: alahren@pendercoward.com
*Counsel for Daniel Crocker*