IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| **Caron Nazario** | ) | |
| *Plaintiff,* | ) | |
| v. | ) | Civil Action No. 2:21-cv 0000169 |
| | ) | |
| **Joe Gutierrez, et. al.** | ) | |
| *Defendants.* | ) | |

## PLAINTIFF CARON NAZARIO'S BRIEF IN SUPPORT OF HIS MOTION TO SUPPLEMENT HIS ATTORNEYS' FEE PETITION

**COMES NOW**, Lt. Nazario, and hereby submits his Brief in Support of his Motion to

Supplement his Attorneys' Fee Petition, and in support thereof states as follows:

### I.      BACKGROUND

On January 31, 2023, Lt. Nazario timely filed his motion and supporting memorandum

seeking an award of his attorneys' fees and costs.[1]  **Docs 253 and 254.**  42 U.S.C. § 1988; Fed.

R. Civ. P. 54(d)(2)(B)(i).  Subsequent to filing this motion, Lt. Nazario timely filed his notice of

appeal.  **Docs 272 and 273.**  On May 31, 2024, the Court of Appeals issued its opinion affirming

the district court in part, reversing the district court in part, and remanding the case for further

proceedings.  **Doc 285.**  The mandate issued on July 8, 2024.  **Doc 289**.  As a prevailing party,

Lt. Nazario is entitled to his attorneys' fees for the appeal under 42 U.S.C. § 1988, and as Lr.

Nazario incurred those fees after his initial motion for fees, Lt. Nazario moves this court to

permit a supplement of the petition under Fed. R. Civ. P. 15(d).

### II.      LAW

Rule 15(d) of the Federal Rules of Civil Procedure provides:

> On motion and reasonable notice, the court may, on just terms, permit a party to
> serve supplemental pleadings setting out any transaction, occurrence, or event that

---

[1] The Court has yet to rule on this motion.

happened after the date of the pleading to be supplemented.  The court may permit supplementation even though the original pleading is defective in stating a claim or defense.  The court may order that the opposing party plead to the supplemental pleading within a specified time.

**Fed. R. Civ. P. 15(d).**

Leave to supplement a pleading should be freely granted, and should be denied only where good reasons exist, such as prejudice to the defendants.  *Frank v. Ross*, 313 F.3d, 184, 198 n. 15 (4th Cir. 2002).  The time to supplement a petition for attorneys' fees after an appeal is not governed by Fed. R. Civ. P. 54, but by a reasonableness standard: Was the supplemental petition filed within a reasonable time after the last necessary order resolving the case? *Zoroastrian Ctr. & Darb-E-Mehr Metro. Wash. D.C. v. Rustam Guiv Found.*, 245 F. Supp. 3d 742, 754 (E.D. Va. 2017).

### III.    ARGUMENT

If it was not apparent prior to the appeal (and Lt. Nazario maintains that it was), Lt. Nazario is the prevailing party entitled to his fees under 42 U.S.C. § 1988 in the trial court action against both Defendants.  *See, e.g., Project Vote/Voting for Am., Inc. v. Dickenson*, 444 Fed. Appx. 660, 662-63 (4th Cir. 2011); *Mercer v. Duke Univ.* 401 F.3d 199, 203-04 (4th Cir. 1997) (*citing*: *Farrar v. Hobby*, 506 U.S. 103 (1992) (O'Connor, J. concurring); *Hensley. Eckerhart*, 461 U.S. 424, 432 (1983); *Johnson v. City of Aiken*, 278 F.3d 333, 337 (4th Cir. 2002); *Saleh v. Moore*, 95 F. Supp. 2d 555, 566-67 (E.D. Va. 2000); *see, also*, *Abshire v. Walls*, 830 F.2d 1277 (4th Cir. 1987).  Having won a reversal and remand against Gutierrez at the Fourth Circuit, as well as a reversal of the determination that Crocker and Gutierrez had probable cause for eluding and failure to obey, Lt. Nazario is a prevailing party on the appeal.  Thus, Lt. Nazario is entitled to his fees under 42 U.S.C. § 1988.

The fees sought in the supplement, by their very nature, could not have been included in the initial attorneys' fee petition; they were incurred long after the fee petition.  Therefore, unless the Defendants would be prejudiced, this Court should freely grant Lt. Nazario leave to file his supplemented petition.  *E.g.*, *Frank v. Ross*, 313 F.3d at 198 n. 15 (4th Cir. 2002); *Brannen v. Selen Fin. LP.*, 2019 U.S. Dist. LEXIS 247973 at * 5; Fed. R. Civ. P. 15(d).

The Defendants will not suffer cognizable legal prejudice by this supplement.  Lt. Nazario's initial complaint, his attorneys' fee petition, and his appellate petition all put the Defendants on notice that he was seeking his attorneys' fees and costs for his 42 U.S.C. § 1983 action under 42 U.S.C § 1988.  Further, seeking appellate fees in the district court for a successful appeal via a supplemental fee petition is how the Fourth Circuit and the Eastern District of Virginia approach such fee awards.  *E.g.*, *Zoroastrian Ctr. & Darb-E-Mehr Metro. Wash. D.C.*, 245 F. Supp. 3d at 754.  Thus, this Court should permit Lt. Nazario to file his supplemented attorneys' fee petition to supplement the same pursuant to the fees that he incurred on appeal.[2]

## IV.    CONCLUSION

Wherefore, Lt. Nazario respectfully requests that this honorable Court:

(1) Grant Lt. Nazario's motion to supplement his attorney fee petition,

(2) Order that the supplemented petition, attached as Exhibit 2 to his motion be filed with the other papers in this matter, and

(3) Any further relief as this Court deems warranted.

---

[2] Lt. Nazario has bifurcated this supplemented *fee* petition from the Fed. R. App. P. 39(e) bill of costs pending the resolution of Lt. Nazario's bill of costs petition at the Fourth Circuit consistent with the requirements of Fed. R. App. P. 39(e).  Lt. Nazario will file his Fed. R. App. P. 39(e) bill of costs subsequent to the Fourth Circuit's ruling.

**July 22, 2024**

**Respectfully requested,**
**CARON NAZARIO**

By: <u>/s/ Jonathan M. Arthur,</u>
<u>Esq.</u>
       Counsel

Jonathan M. Arthur, Esq. (VSB 86323)
j.arthur@robertslaw.org
**THOMAS H. ROBERTS & ASSOCIATES, P.C.**
105 South 1st Street
Richmond, Virginia 23219
Tel: 804-783-2000
Fax: 804-783-21058
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed with the Court's CM/ECF system, which caused a Notice of Electronic Filing to be emailed to the following:

Jessica A. Swauger (VSB No. 89612)
John B. Mumford, Jr. (VSB No. 38764)
Sandra M. Douglas (VSB No. 28808)
HANCOCK DANIEL & JOHNSON, P.C.
4701 Cox Road, Suite 400
Glen Allen, Virginia 23060
Tel: (804) 967-9604
Fax: (804) 967-9888
jswauger@hancockdaniel.com
jmumford@hancockdaniel.com
sdouglas@hancockdaniel.com
*Counsel for Defendant Joe Gutierrez*


Robert L. Samuel, Jr. (VSB No. 18605)
Richard H. Matthews (VSB No. 16318)
Anne C. Lahren (VSB No. 73125)
Bryan S. Peeples (VSB No. 93709)
PENDER & COWARD
222 Central Park Avenue, Suite 400
Virginia Beach, Virginia 23462
Tel: (757) 490-6293
Fax: (757) 502-7370
rsamuel@pendercoward.com
rmatthew@pendercoward.com
alahren@pendercoward.com
bpeeples@pendercoward.com
*Counsel for Defendant Daniel Crocker*

This the 22nd day of July, 2024

By: _/s/_ Jonathan M. Arthur, Esq.
     Counsel