UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | | |
|---|---|---|
| **Caron Nazario** : | | |
| *Plaintiff*, : | | |
| v. : | Civil Action No. 2:21-cv-00169 | |
| : | | |
| **Joe Gutierrez**, : | JURY DEMANDED BY | |
| *In his personal capacity* : | PLAINTIFF | |
| : | | |
| and : | | |
| : | | |
| **Daniel Crocker** : | | |
| *In his personal capacity,* : | | |
| *Defendants*. : | | |

### OPPOSITION TO CARON NAZARIO'S MOTION TO SUPPLEMENT HIS ATTORNEYS' FEE PETITION

Defendant Daniel Crocker ("Crocker"), by counsel, submits this Opposition to Caron Nazario's ("Nazario") Motion to Supplement His Attorneys' Fee Petition. For the reasons that follow, Nazario's Motion and Proposed Supplement to His Fee Petition should be denied. Crocker incorporates his Opposition [Doc. 265] to Nazario's first Attorneys' Fee and Cost Petition [Doc. 254] in this Opposition to Nazario's Motion to Supplement his Attorneys' Fee Petition.

**I.   INTRODUCTION**

Following the jury trial on the merits in this matter which concluded on January 17, 2023,[1] Nazario timely appealed this Court's rulings on cross-motions for summary judgment [Doc 114 (Memorandum Opinion) and Doc 115 (Order)] and the jury instruction relating to probable cause to

---

[1] As to Crocker, the jury awarded $1,000.00 in punitive damages pursuant to Virginia Code §19.2-59 which *mandates* punitive damages and for which this Court directed a verdict. Following post-trial motions, this Court held that it was bound by precedent to award nominal damages of $1.00 to Nazario on each of the illegal search claims, awarding an additional $2.00 to Nazario. As to Gutierrez, the jury found him only liable for common law assault to the tune of $2,685.00 in compensatory damages only (no punitive damages were awarded).

1

the U.S. Court of Appeals for the Fourth Circuit. Following briefing and oral argument, the Fourth Circuit issued its Opinion (published) on May 31, 2024,[2] upholding this Court's rulings as to Crocker in their entirely and upholding all rulings as to Joe Gutierrez ("Gutierrez") with one exception, that being that Gutierrez's two stupid statements during the traffic stop – "you're fixin' to ride the lightning" and "yeah, you should be" – were not in furtherance of the purpose of the traffic stop and thus constituted an unreasonable seizure for the duration by which those statements extended the stop (which was approximately four seconds). Nazario v. Gutierrez, 103 F.4th 213, 240-41 (4th Cir. 2024) ("In total, these comments took about four seconds.")(Rushing, concur in part, dissent in part). Nazario makes much of the Fourth Circuit's majority holding that there was not probable cause to believe that Nazario was guilty of "eluding" or "failure to obey," which were holdings by this Court and were not specific arguments advanced by either Crocker or Gutierrez in their motions for summary judgment. The Fourth Circuit clearly held that because Crocker and Gutierrez *did have probable cause for obstruction of justice*, that there was no error in the instructions to the jury. Id. at 238.

      Having lost at the appellate level on all counts except for his Fourth Amendment claim of Unreasonable Seizure for the approximately four-second duration of Gutierrez's two statements, Nazario somehow claims that he prevailed overwhelmingly on the entire litigation and moves this Court to permit supplementation of his similarly absurd fee petition previously filed in this matter to add all time expended in the appeal.

---

[2] The fact that the Fourth Circuit's opinion is *published* (as opposed to not being designated for publication) is of no legal significance with regard to this Court's award of attorneys' fees related to the same.

## II. NAZARIO IS NOT THE PREVAILING PARTY FROM THE FOURTH CIRCUIT COURT OF APPEALS AND HIS MOTION TO SUPPLEMENT HIS ATTORNEYS' FEE PETITION SHOULD BE DENIED

Nazario claims to be the overwhelming prevailing party in his appeal to the Court of Appeals for the Fourth Circuit, this despite losing on every aspect of his appeal against Crocker and only receiving the nominal victory from a divided Court on his Unreasonable Seizure claim against Gutierrez for the approximately four seconds that his otherwise lawful traffic stop was extended due to Gutierrez running his mouth (Nazario lost on the remainder of his appeal). Nazario's claims for victory based on the Fourth Circuit holding that the officers did not have probable cause to believe Nazario was "eluding" or "failing to obey" are not actually claims advanced by either Crocker or Gutierrez in their motions for summary judgment. It was *this Court* who held *sua sponte* – as this Court has the authority to do – that the officers had probable cause for these offenses in addition to obstruction of justice, which *was* argued in the summary judgment motions.

As Crocker previously stated in his Opposition to Nazario's first Fee and Cost Petition [Doc. 265, p. 7], Nazario brought this lawsuit in attempt to "get paid" and requested only monetary relief for himself and his attorneys in his Complaint. After the jury awarded a total of $3,685.00 against Crocker and Gutierrez *combined*,[3] Nazario now tries to argue that he should receive credit for claimed broad social justice "successes" that are not only entirely unrelated to Crocker, but at best tangentially related to the one-sided media coverage of the traffic stop that Nazario and his lawyers managed to stir up in the initial days after filing this lawsuit and with which the jury clearly viewed in a very different light.

Having lost completely on appeal as to Crocker (and securing a nominal victory *at best* against Gutierrez), Nazario is not entitled to recover any attorneys' fees against Crocker and his

---

[3] Plus an additional $2.00 following post-trial motions that this Court felt compelled to award based on case precedent and the specific statutory remedy under Virginia Code §19.2-59.

3

Motion to Supplement his Attorneys' Fee Petition should be denied. The proposed Supplemental Fee Petition itself is addressed in the remainder of this Opposition.

### III. NAZARIO'S PROPROSED SUPPLEMENT TO HIS FEE PETITION [DOC 292-2]

As stated above, Nazario's Motion to Supplement his Attorneys' Fees Petition should be denied as Nazario is not the prevailing party on appeal. Most of Nazario's arguments in his proposed Supplement to his Attorneys' Fees Petition mirror those previously argued in his first Attorneys' Fees and Costs Petition [Doc. 253, 254]. Accordingly, Crocker incorporates and restates his Opposition [Doc. 265] to the same in opposition to this proposed Supplement. Therefore, Nazario's arguments in his proposed supplementation are only addressed briefly below.

#### A. The Impact on the Law Firm is not a proper factor for the Court to consider when determining an award of attorneys' fees.

Nazario's attorneys argue that this Court should award attorneys' fees to them because they are a small firm and they did not recover enough in this case to cover their time expended at their customary hourly rates. Nazario's lawyers took a big risk in undertaking this lawsuit. With big risks come the potential for big wins… and big losses. This case was the latter. It is not up to this Court to save Nazario and his attorneys from betting and losing on a lawsuit for a plaintiff who was uncooperative during a lawful traffic stop and was ultimately pepper-sprayed and let off with a warning.

#### B. Final Results in the Case following Appeal

1. Cross-Motions for Summary Judgment

This Court held that both Crocker and Gutierrez were entitled to qualified immunity on Nazario's claims of Fourth Amendment violations for Unreasonable Seizure (Count I) and Excessive Force (Count II), and Violations of the First Amendment (Count IV). This Court held that Nazario

was entitled to summary judgment against Crocker for Fourth Amendment violations for Illegal Search (Count III) and violation of Va. Code §19.2-59 Illegal Search under Virginia law (Count VIII). This Court held that it was a question for the jury whether Gutierrez was subject to bystander liability for failing to intervene on Count III and Count VIII. The Court held that the state law claims of Assault (Count V), Battery (Count VI), and False Imprisonment (Count VII) were likewise questions for the jury.

On appeal, the Fourth Circuit upheld all of this Court's rulings on summary judgment *except* for Count I – Unreasonable Seizure, *only* as to Gutierrez and *only* for the approximately four seconds of time the otherwise lawful traffic stop was extended due to Gutierrez's statements that were not in furtherance of the traffic stop's objectives. Crocker prevailed on all counts on appeal.

    2.    The Jury Verdict

Following a week-long trial, the jury returned a verdict of $1,000.00 against Crocker on the mandatory punitive damages for this Court's directed verdict on Count VIII (Illegal Search under Virginia law) and $0.00 in compensatory damages, and awarded $0.00 in compensatory and punitive damages for this Court's directed verdict on Count III (Fourth Amendment Illegal Search). The jury found in Crocker's favor on everything else. The jury returned a verdict of $2,685.00 in compensatory damages against Gutierrez on the state law claim for common law assault and found in Gutierrez's favor on everything else. Out of the $1,500,000.00 that Nazario requested from the jury, he received $3,685.00.[4]

C. **Nazario is not the "prevailing party" on appeal**

At best, Nazario is a "prevailing party" in only the *nominal* sense. He received an award from the jury of a mere 0.0025% of his request. On appeal he has earned an additional remedy from the

---

[4] Plus the additional $2.00 following post-trial motions against Crocker.

Fourth Circuit Court of Appeals for approximately four seconds of his time during the traffic stop. The appellate court did not find reversible error regarding the jury instructions; did not set aside the jury verdict; did not overturn this Court's rulings on summary judgment as to Count I (Crocker), Count II (both), Count IV (both); and did not remand for a new trial despite a nominal reversal on Count I (Gutierrez).

To the extent Nazario prevailed on anything in this lawsuit he did so only in a *nominal* sense. He lost outright on more counts than he prevailed upon, even in a nominal sense. Claims by Nazario of overwhelming success in this lawsuit are delusional.

### D. Overall degree of success

As the Fourth Circuit has held, "when the recovery of monetary damages is the purpose of the claim, a plaintiff who receives only nominal damages has succeeded in only a technical sense." Johnson v. City of Aiken, 278 F.3d 333, 338 (4th Cir. 2002). In the present case, the jury declined to even award nominal damages, instead requesting the Court's permission to award $0.00. [Doc 237-2: "For questions 5, 7, 11, 12: Are we allowed to award zero dollars in damages? Juror 88. Foreman"]. As Nazario acknowledges in his proposed Supplement to Attorneys' Fees Petition, "The United States Supreme Court held that the 'extent of a plaintiff's success is a crucial factor in determining the proper amount of an attorney's fee award under 42 USC §1988.'" [Doc. 292-2, p. 20] (*quoting* Hensley v. Eckerhart, 461 U.S. 424, 440 (1983). For purposes of the appeal, Nazario's degree of success is even less than he enjoyed at trial.

### E. The "Johnson" Factors as relates to Attorney Hourly Rates and Hours Expended; Reduction for Unsuccessful Claims

As stated previously in Opposition to Nazario's first Petition for Attorneys' Fees and Costs [Doc 265, p. 8], Jonathan Arthur's and Andrew Bodoh's hourly rates of $300.00 per hour are

6

reasonable and Thomas Roberts' hourly rate should be reduced to no more than the $300.00 per hour charged by Jonathan Arthur. Crocker does not doubt that Nazario's attorneys actually expended the amount of time listed in prosecuting Nazario's claims but they were unsuccessful and not entitled to recover any attorneys' fees against Crocker for the appeal and entitled to no more than $10,000.00 for the limited success on the illegal search claims, as set forth previously; any more than $10,000.00 would be an abuse of discretion [Doc. 265, p. 12-15].

As Gutierrez's lawyers will surely argue, Nazario's success against Gutierrez for those Counts in Nazario's lawsuit for which attorneys' fees may be awarded pursuant to 42 U.S.C. §1988 is similarly nominal.[5]

### IV.  CONCLUSION

In conclusion, Nazario did not prevail against Crocker on appeal on anything. Therefore, his Motion to Supplement his Attorneys' Fees and proposed Supplement to His Fee Petition should be denied in their entirety as to Crocker.

Wherefore, Nazario's motion should be denied.

Respectfully submitted this 5th day of August, 2024.

**DANIEL CROCKER**

By: */s/ Anne C. Lahren*

Robert L. Samuel, Jr., Esq.
Virginia State Bar No. 18605
**Pender & Coward, P.C.**
222 Central Park Avenue, Suite 400
Virginia Beach, VA 23462-3026
(757) 502-7338 – Telephone
(757) 497-1914 – Facsimile
Email: rsamuel@pendercoward.com
*Counsel for Daniel Crocker*

---

[5] The Fourt Circuit's partial reversal as to Fourth Amendment violation for Unreasonable Seizure is parallel to the Virginia state law claim of False Imprisonment, for which the jury found in Gutierrez's favor. Thus, only nominal damages would be permissible for the constitutional offense of unlawfully extending the traffic stop.

Richard H. Matthews, Esq.
Virginia State Bar No. 16318
***Pender & Coward, P.C.***
222 Central Park Avenue, Suite 400
Virginia Beach, VA 23462-3026
(757) 490-6256 – Telephone
(757) 497-1914 – Facsimile
Email: rmatthew@pendercoward.com
*Counsel for Daniel Crocker*

Anne C. Lahren, Esq.
Virginia State Bar No. 73125
***Pender & Coward, P.C.***
222 Central Park Avenue, Suite 400
Virginia Beach, VA 23462-3026
(757) 490-6293 – Telephone
(757) 497-1914 – Facsimile
E-Mail: alahren@pendercoward.com
*Counsel for Daniel Crocker*

Bryan S. Peeples, Esq.
Virginia State Bar No. 93709
***Pender & Coward, P.C.***
222 Central Park Avenue, Suite 400
Virginia Beach, VA 23462-3026
(757) 490-6283 – Telephone
(757) 5020-7380 – Facsimile
E-Mail: bpeeples@pendercoward.com
*Counsel for Daniel Crocker*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 5th day of August, 2024, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then notification of such electronic filing (NEF) to the following:

Jonathan M. Arthur, Esq (VSB# 86323)
j.arthur@robertslaw.org
Thomas H. Roberts, Esq. (VSB# 26014)
Tom.roberts@robertslaw.org
Andrew T. Bodoh, Esq. (VSB# 80143)
Andrew.bodoh@robertslaw.org
15 South First Street
Richmond, VA 23219
(804) 991-4308 (Direct)

(804) 783-2000 (Firm)
(804) 783-2105 (Fax)
*Counsel for the Plaintiff*

John B. Mumford, Jr. (VSB No. 38764)
Sandra M. Douglas (VSB No. 28808)
Jessica A. Swauger (VSB No. 89612)
HANCOCK, DANIEL & JOHNSON, P.C.
4701 Cox Road, Suite 400
Glen Allen, Virginia 23060
Telephone: (804) 967-9604
Facsimile: (804) 967-9888
jmumford@hancockdaniel.com
sdouglas@hancockdaniel.com
jswauger@hancockdaniel.com
*Counsel for Defendant Joe Gutierrez*

          */s/ Anne C. Lahren*
Anne C. Lahren, Esq.
Virginia State Bar No. 73125
**Pender & Coward, P.C.**
222 Central Park Avenue, Suite 400
Virginia Beach, VA 23462-3026
(757) 490-6293 – Telephone
(757) 502-7370 – Facsimile
Email: alahren@pendercoward.com
*Counsel for Daniel Crocker*