IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| CARON NAZARIO,<br>Plaintiff,<br><br>v.<br><br>JOE GUTIERREZ, *et al.*,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 2:21CV169 (RCY) |

**AMENDED RULE 16(b) SCHEDULING ORDER**

The following shall govern the progress of this action in addition to the provisions of the Federal Rules of Civil Procedure as modified and/or enlarged upon by the Local Rules for this Court. This Order shall control if any conflict is perceived between it and either the Federal or Local Rules. This Order shall supersede all prior Scheduling and Pretrial Orders that have been entered in this matter. Only the Court, by order, may approve extensions of time. Subject to any motions now pending, the parties having reported to the Court in accordance with Federal Rule of Civil Procedure (hereinafter "Rule") 26(f), the Court ORDERS as follows:

**Trial Date**

1. A **5-day Jury Trial** is scheduled to commence on **May 18, 2026 at 9:15 A.M.**

**Final Pretrial Conference**

2. A Final Pretrial Conference ("FPTC") will be held on **May 7, 2026**, at **10:00 A.M.** Not later than **7 days before the FPTC**, the parties shall jointly submit a proposed Final Pretrial Order to the Court, endorsed by counsel and setting forth all resolved and disputed matters related to trial evidentiary issues. The proposed Final Pretrial Order shall be broken down by the following sections: (1) Stipulated Facts; (2) Legal and Evidentiary Stipulations (including jurisdiction and venue); (3) List of Proposed Witnesses by Each Party; (4) Exhibits (including

identification of those exhibits to which there is no objection); (5) Factual Contentions as set forth by each party; and (6) Triable Issues as set forth by each party.

**Motions for Joinder or to Amend; Other Motions**

3. Any motions to amend pleadings shall be filed in accordance with Fed. R. Civ. P. 15(a). Any such motions filed that do not comply with Rule 15(a) will be entertained only when justice so requires. Local Civil Rule 7(E) notwithstanding, the Court will not automatically deem a motion withdrawn absent a filed notice requesting (or waiving) hearing; the Court will schedule a hearing only if it determines one may be necessary after review of the briefs.

**Rule 26 Disclosures**

4. Not later than **February 2, 2026**, each party shall identify all persons it expects to call as expert witnesses in its case-in-chief at trial in support of any complaint, counterclaim, cross-claim, or third-party complaint, and shall serve all other parties with a copy of a written report complying with the requirements of Fed. R. Civ. P. 26(a)(2)(B) and (C) for each such expert witness. Rule 26(a)(2)(B) shall not be deemed to include the opinion(s) of treating professionals and the terms of this Order shall supersede any conflicting provisions of Rule 26. Not later than **February 27, 2026**, each defending party shall identify all persons it expects to call as expert witnesses in opposition to any complaint, counterclaim, cross-claim, or third-party complaint, and shall serve all other parties with a copy of a written report complying with the requirements of Fed. R. Civ. P. 26(a)(2)(B) and (C) for each such expert witness. Not later than **March 6, 2026**, each party shall identify all persons expected to be called as expert witnesses solely to contradict or rebut any such opposition witness and shall serve all other parties with a copy of a written report complying with the requirements of Fed. R. Civ. P. 26(a)(2)(B) and (C) for each such expert witness.

5. The parties are advised that they may rely upon the testimony of only one expert per topic, except by order of the Court. Any motions challenging expert testimony based upon *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and its progeny shall be filed not later than **March 16, 2026**. Any response to such a motion shall be filed not later than ten (10) calendar days after the filing of the motion and any reply shall be filed not later than three (3) calendar days thereafter.

**Completion of Discovery**

6. All discovery, including the required time period for response to any discovery demand(s), must be concluded not later than **March 25, 2026**, except by order of the Court. Counsel are expected to resolve discovery disputes without filing motions or involving the Court. If, after good faith effort, counsel are unable to resolve a dispute and need the Court to intervene, the parties must file a joint motion not exceeding twenty (20) pages in length setting forth (1) the posture of the case, (2) the nature of the discovery dispute, (3) the efforts made by the parties to resolve the dispute, (4) the position of each party regarding the dispute, (5) whether a hearing is necessary to address the issue, and (6) a certification under Local Rule 37(E) signed by counsel for each party that they have met and conferred in good faith to resolve the dispute before involving the Court. If, however, the parties believe that a joint pleading is not feasible, the parties may file separate pleadings under the following terms: the motion to compel (or motion for protective order) with memorandum incorporated therein and any response with memorandum incorporated therein may not exceed seven (7) pages in length and any reply may not exceed three (3) pages. The motion to compel (or motion for protective order) must contain a description of the efforts made by the parties to resolve the dispute and an explanation as to why the parties were unable to file a joint motion. Moreover, unless resolution of the dispute under the standard pleading

deadlines set forth in Local Rule 7(F)(1) can occur before the deadline for the completion of discovery, any non-joint pleadings must be filed pursuant to an agreed briefing schedule that provides sufficient time for the Court to rule on the motion before the deadline for the completion of discovery as set forth in this paragraph (above). Counsel are reminded that discovery disputes requiring judicial intervention are strongly disfavored and that the Court will consider imposing sanctions pursuant to Fed. R. Civ. P. 37 and Local Rule 37 against any party not acting in good faith to resolve a dispute before involving the Court.

7. No discovery materials shall be filed with the Clerk except by order of the Court.

8. If a party objects to the production of documents on the grounds of attorney-client privilege, attorney work-product doctrine, or any other protection, the objecting party must provide the requesting party with an inventory list of the documents to which objection is made (i.e., a privilege log), together with a brief description of the document, including the date, the author, identity of each recipient including their job titles at the pertinent time, and the claimed basis for its protection, all of which shall be sufficient to permit the opposing party to assess the claim of privilege or protection. Unless otherwise ordered by the Court, the claim of privilege or protection shall be waived unless the privilege log is served with the objections to the request for production in the time required by the Local Rules or by a deadline established by an order of the Court. If any party anticipates difficulty meeting the deadline for asserting discovery objections or serving the opposing party with a privilege log, the Court instructs the party to move for an extension of time at the earliest reasonable opportunity, preferably before objections or privilege logs become due. Such motion will be granted for good cause shown. If any party is shown to have unnecessarily delayed in seeking such an extension of time, the Court will strictly enforce the deadlines established by the Local Rules.

**Non-Dispositive Motions**

9. All non-dispositive motions, including all motions *in limine* (excluding *Daubert* motions, *see supra* ¶ 6) shall be filed not later than **March 27, 2026**. The brief in opposition to such non-dispositive motions shall be filed not later than **April 3, 2026**. The reply brief in support of such non-dispositive motions, if any, shall be filed not later than **April 9, 2026**. Counsel for each party shall meet and confer with opposing counsel in a good faith effort to narrow the areas of disagreement **prior** to filing such motions.

**Proposed Witnesses**

10. Plaintiff shall file a list of proposed witnesses by **April 7, 2026**, and defendant shall designate its witnesses by **April 14, 2026**. Plaintiff shall file a list of any rebuttal witnesses by **April 21, 2026**. Failure to comply with the provisions of this paragraph shall result in preclusion of a witness's testimony at trial, absent exceptional circumstances.

**Discovery To Be Used As Evidence**

11. Plaintiff shall file a designation no later than **April 7, 2026,** specifically identifying any discovery material that is intended to be offered into evidence and each defendant shall do likewise by **April 14, 2026**. Any designation must identify the specific item of discovery intended to be offered into evidence by exhibit number, title of the document and the specific page and sentence of the relevant information, along with a statement of relevance and basis for admission. Any objection to the introduction of any discovery material shall be filed on or before **April 21, 2026**, or the objection will be deemed waived. This paragraph does not apply to discovery materials that will be used at trial solely for cross-examination and/or for impeachment purposes.

**Jury Instructions and Verdict Form**

12. If this matter is to be tried by a jury, counsel for all parties shall jointly file any requested jury instructions, including all requested standard instructions, and a proposed verdict form by **April 24, 2026**. The submission of proposed jury instructions shall include each requested jury instruction (regardless whether agreed or objected to) fully set forth on a separate page with a citation in support of the instruction set forth at the bottom of the requested instruction. The submission shall be organized as follows. First, the parties shall tender the agreed set of instructions (to be labeled "J-1," "J-2," etc.), including any special interrogatory verdict form. Second, the parties shall tender any of Plaintiff's proposed instructions (to be labeled "P-1," P-2," etc.) to which Defendant objects. Third, the parties shall tender any of Defendant's proposed instructions (to be labeled "D-1," "D-2," etc.) to which Plaintiff objects. Any proposed instruction as to which there is an objection shall, following the statement of authority, include a brief statement of the objection (e.g., "Defendant objects to instruction as misleading and having no basis in controlling authority," or "Plaintiff objects to instruction as confusing and duplicative of other instructions"). Counsel shall also provide a copy of the requested jury instructions in WORD format via e-mail to Chambers. Proposed jury instructions shall be written in sentence case, not all caps.

13. Not more than three (3) calendar days after the filing of the requested jury instructions, the objecting party shall submit its memorandum in opposition to any jury instructions or verdict form questions requested by the other side that are not agreed upon. The objecting party shall set forth the nature of the dispute, any authority on the issue and any alternative instruction. Not more than five (5) calendar days after the filing of the requested jury instructions, the party proposing any requested instructions that are not agreed upon shall submit a memorandum in

support of the requested instructions and directly respond to any objections that have been filed.

***Voir Dire***

14. Any proposed jury *voir dire* to be requested by any party shall be filed by **April 27, 2026**. Parties are encouraged to submit an instruction that succinctly summarizes the position of each party for use by the Court during *voir dire*.

**Pretrial Briefs**

15. No later than **May 1, 2026**,[1] each party shall file a pretrial bench brief setting forth their view of the case, the elements of each claim, a discussion of any material issues, and a discussion of any unusual evidentiary issues expected to arise at trial. Pretrial briefs, however, may not serve as a substitute for motions *in limine*, because pretrial briefs do not seek a remedy. Instead, pretrial briefs serve as a vehicle for counsel to educate the Court about any potential trial issues.

**Written Stipulations**

16. Not later than **April 21, 2026**, counsel for each party shall meet and confer in a good faith effort to enter into written stipulations of uncontroverted facts. Written stipulations shall be signed by each counsel and filed with the Clerk not later than **April 24, 2026**.

**Proposed Exhibits**

17. Plaintiff shall file a list of proposed exhibits by **April 7, 2026,** and shall provide a copy of all proposed exhibits to all parties. Defendant shall file a list of proposed exhibits and shall provide a copy of same to every party by **April 14, 2026**. Any objection to any exhibit shall be noted by a motion that includes the subject exhibit(s) filed not later than Tuesday, **April 21, 2026**.

[1] The Court DENIES the Parties requested date of May 11, 2026, as it postdates the Final Pretrial Conference.

18. All exhibits will be presented by available electronic means at trial, with counsel to contact the courtroom deputy clerk before trial if counsel is not sufficiently familiar with the courtroom electronic system to effectuate presentation at trial. **At least 7 days before trial**, each party shall deliver to the Clerk's Office a disc or thumb drive containing that party's exhibits (which shall be saved with filenames indicative of exhibit number). **The day of trial**, each party shall bring to Court and deliver to the courtroom deputy clerk three (3) trial binders containing pre-marked, indexed copies of that party's exhibits, for use during trial proceedings and by the jury during its deliberations.

**Pretrial Objections**

19. Parties shall meet and confer with regard to any objections concerning any exhibits, witnesses, or discovery to be used as evidence. For any objections that are not resolved, the parties shall file a joint memorandum that includes the following information: the unresolved objection, which must identify the exhibit or other matter to which it applies, including its designation number; a brief description of the exhibit or other matter; the basis for the objection including the applicable Federal Rule of Civil Procedure or Rule of Evidence and how the Rule is violated; and a response from the party offering the exhibit or other matter explaining why the exhibit or other matter does not violate the applicable Rule. The parties shall file the joint memorandum by **April 30, 2026**. Parties shall include an electronic copy of any exhibit that has an unresolved objection.

**Audio or Video Recordings**

20. If either party intends to introduce an audio or video recording into evidence, such party must prepare a written transcript of the recording to accompany the recording.

**Use of Artificial Intelligence**

21. Should any party utilize artificial intelligence for the preparation of any filing, they must identify the use of the artificial intelligence in the filing and provide a certification that they have reviewed all citations for accuracy.

The Clerk is directed to provide a copy of this Order to all counsel of record.

It is so ORDERED.

/s/ RCY
Roderick C. Young
United States District Judge

Date: January 9, 2026
Richmond, Virginia